UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRED L NANCE JR | ) | |
| | ) | CASE # 22 CV 3861 |
| PLAINTIFF | ) | |
| | ) | HONORABLE JUDGE |
| VS | ) | JORGE L ALONSO |
| | ) | HONORABLE MAGISTRATE JUDGE: |
| UNITED STATES, et al. | ) | BETH W. JANTZ |
| | ) | |
| DEFENDANTS. | ) | Courtroom: 1903 |

**PLAINTIFF MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS OR IN THE ALTERNATIVE SUMMARY JUDGMENT**

NOW COMES, Pro se Plaintiff pursuant to LR 56(1)(b)(1) responding to defendant United States et al. Memorandum for Motion to Dismiss or in the Alternative Summary Judgment. Plaintiff submits the following:

Plaintiff has alleged the elements necessary, at this stage of the litigation, for the cause of action and pled/alleged the facts to satisfy the elements for a whistleblower complaint as a response to the United States Motion to Dismiss or in the alternative Summary Judgment. Plaintiff is filing, alongside this document, his Motion under Rule 26 and 56(d) to challenge the United States Summary Judgment at this stage of the litigation and affidavit.

On July 26, 2022, plaintiff filed his "Plaintiff Whistleblower Complaint at Law" case #22cv3861 against defendants United States et al. Almost 2 months later, September 21, 2022, defendant United States filed their Motion to Dismiss or in the alternative Summary Judgment.

Case No. 22cv3861 was assigned to the Honorable Judge Robert W. Gettleman. On July 29, 2022, plaintiff received the following notice "EXECUTIVE COMMITTEE ORDER: It appearing that, case 22cv3861, Nance, Jr. v. United States of America, was assigned to the Honorable Robert W. Gettleman, it also appears that, case 22cv3861, Nance, Jr. v. United States of America, is a refiling of a previously dismissed case, 20cv6316, Nance, Jr. v. Department

Justice, et al., assigned to Honorable Jorge L. Alonso, therefore, it is hereby ordered that the assignment of case 22cv3861, Nance, Jr. v. United States of America, to the Honorable Robert W. Gettleman shall be vacated and the case shall be reassigned to Honorable Jorge L. Alonso….” (Dkt. 5) Wherefore, plaintiff states and asserts all motions and exhibits filed in case 20cv6316 filed by plaintiff are relative to case 22cv3861 as if fully stated herein.

Defendant's attorney(s) filed a Memorandum in Support of "Federal Defendants" Motion to Dismiss or Alternatively for Summary Judgement. Plaintiff's complaint is against the United States, not the Federal Defendants. A FTCA claim can be brought only against the United States, not the DOJ. e.g. *Quinlan by Cecola v. U.S. Postal Serv.*, No.89 C 5748, 1989 WL 88255, at *1 (N.D. Ill. July 31, 1989) ("§ 1346(b) calls for the action to be brought against the United States itself and not against the federal agency, and that is confirmed by §2679(a).")

The only proper defendant in an FTCA action is the United States not DOJ. See *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006) ("The United States would be the proper defendant for tort claims involving acts of the named officials within the scope of their employment.") Defendants discuss the allegations against the DOJ employees when the "real" defendant in plaintiff's FTCA claim is the United States. For this immediate reason, defendant's motion to dismiss, or in the alternative summary judgment should be dismissed with prejudice because their whole discussion is as if plaintiff is bringing this complaint against the individual employees of DOJ and not the United States.

Plaintiff received Certified Mail, dated April 28, 2022, from the U.S. Department of Justice stating, in part, "…Administrative Tort Claim of Dr. Fred Lee Nance Jr…We have reviewed the administrative tort claim you submitted to the U.S. Department of Justice dated June 9, 2021, relative to the alleged acts or omissions of employees of the Office of Justice

Programs, the Bureau of Justice Assistance, and the U.S. Department of Justice occurring from April 2020 to November 2021. After careful consideration, it has been determined that your claim is not compensable. Accordingly, your claim must be and hereby is denied….." (See Pl. Dkt. #1)

On June 8, 2021, Judge Alonso issued a Memorandum Opinion and Order. The court states "Plaintiff alleges the existence of his three whistleblower complaints in his complaint…The Court may consider those documents without converting the motion to dismiss to a motion for summary judgment, because they are referred to in plaintiff's complaint and are central to plaintiff's claims. *Equal Employment Opportunity Comm'n v Concentra Health Services, Inc.*, 496 F.3d 773, 778 (7th Cir. 2007)." (20cv6316, Dkt. #64, p.3)

On June 8, 2021, this court noted that plaintiff requested, pursuant to Rule 56(d), an opportunity to take discovery before responding to defendant's motion for summary judgment. Judge Alonso denied plaintiff's motion in open court, because the only relevant facts (namely, whether plaintiff had been a government employee and whether plaintiff had filed an administrative claim) were within the plaintiff's personal knowledge. (*Id*. p.5)

Plaintiff admits he was not a government employee, nor does plaintiff have to be a government employee to file a whistleblower complaint and claims against the government; and plaintiff has filed an administrative claim, which has been denied pursuant to the April 28, 2022 correspondence from the U.S. Department of Justice. (Attached to plaintiff's 22cv3861 Original Complaint) Plaintiff has brought this action naming the appropriate defendant, United States.

Pursuant to the NDAA of 2013, amended 2016, plaintiff is protected under §828, which has a broader scope for whistleblowers, including employees of other federal contractors and

subcontractors, employees of federal grant recipients or subgrantees, employees of entities that receive federal funds, and personal services contractors working on federally funded projects.

FTCA authorizes plaintiff's to bring civil lawsuits, such as against the United States; for money damages; for injury to or loss of property, or personal injury or death; caused by a federal employee's negligent or wrongful act or omission; while acting within the scope of his office or employment; under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the law of the place where the act or omission occurred. (See 41 U.S.C. §4712(a)(1). *Nelson*, supra note 41, at 268-71; *Evans v United States*, 876 F.3d 375, 380 (1st Cir. 2017), cert. denied, 139 S.Ct. 81 (2018); See infra "Employees and Independent Contractors; and *Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. §1346(b).

On June 8, 2021, this court reported plaintiff did not request money from defendants. (*Id*. p.6) Plaintiff requested money in 20cv6316 and 22cv3861 on his cover sheet filed with the original complaints. (See VIII. Requested in Complaint $500,000.00) Notwithstanding, plaintiff has requested money in 22cv3841.

In considering a motion to dismiss, the court accepts as true the factual allegations in the complaint and draws permissible inferences in favor of the plaintiff. *Boucher v. Finance Syst. Of Green Bay, Inc*., 880 F.3d 362, 365 (7th Cir. 2018). Summary judgment shall be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Plaintiff's affidavit/declaration demonstrates disputes of material fact. (Exhibit 1) In addition, plaintiff's "additional facts" filed with this response demonstrates material facts in dispute.

Plaintiff FTCA claims cannot be dismissed. Plaintiff has exhausted all his administrative remedies. Title 28 U.S.C. §2675(a) provides plaintiff an action for money damages because the

plaintiff has presented the claim to the appropriate Federal agency in writing and sent by certified mail. Plaintiff received a certified letter from the U.S. Department of Justice, dated April 28, 2022, which exhaust administrative remedies. Plaintiff has requested money damages in the amount of $500,000.00 on the cover sheet of the complaint's relief section, and 1.25 million in money damages in his complaint's conclusion paragraph against the United States for being retaliated against by the defendant's employees.

Plaintiff is suing the United States. 28 USC § 2674 reports that the United States shall be liable "in the same manner and to the same extent as a private individual under like circumstances." 28 USC § 1346(b) states the basis for claims as the "negligent or wrongful act or omission" of any government employee while acting within the scope of his employment.

There are issues of material fact in dispute. As stated above, plaintiff received correspondence, dated April 28, 2022, from the U.S. Department of Justice, which is the administrative processes for 41 U.S.C. §4712. The correspondence does not state the United States is not guilty of plaintiff's allegations, but rather, reports "After careful consideration, it has been determined that your claim is not compensable." *Id*.

Defendants EMAGES, Inc. and Hattie Wash lied about why they were terminating the grant. As stated in plaintiff's original and amended complaints in 20cv6316, defendants EMAGES, Inc. and Hattie Wash terminated the grant in retaliation for plaintiff filing his whistleblower complaints against them; and the United States employees acted negligently and wrongfully, which led to plaintiff being terminated for filing whistleblower complaints.

**Plaintiff Argument**

1. **Plaintiff is not trying to bring an analogous tort claim against the United States.**

Yes, the facts are still the same as stated in plaintiff's original and amended complaint(s) in case #20cv6316. Facts are facts. Real facts never change. In addition to the facts stated before plaintiff added the retaliatory nature of another DOJ employee, Andre Bethea, denying plaintiff's employment as a peer reviewer, which he retracted once plaintiff stated he was going to put his denial on social media.

Plaintiff has been a peer reviewer for DOJ since 2009, reviewing over 125 proposals from around the United States. DOJ employee, Andre Bethea, played a role in denying plaintiff's application for another grant. Therefore, plaintiff increased his asking price to 1.25 million dollars. These numbers originated from the funding amounts of the 2018-2021 grant ($500,000.00), and the 2021-2024 grant ($750,000.00) application plaintiff submitted and Andre Bethea assisted in the denial of plaintiff's proposal.

Plaintiff has filed this complaint against the United States pursuant to the provisions of the National Defense Authorization Act of 2013, amended 2016 (NDAA) Whistleblower Protections provisions of 828 of Pub. L. No. 112-239, 126 Stat. 1632 (2013), as amended by Pub. L. No. 114-261, 130 Stat. 1362 (2016), 10 U.S.C. §2409; 41 U.S.C. §4712; 5 U.S.C. §1221(e)(1), 31 U.S.C. §3730, Federal Tort Claims Act (FTCA). Plaintiff's claims are clear, concise, and unambiguous. The United States wants to distract this court and make plaintiff's claims for him. Some of plaintiff's claims may be analogous because they stem from facts. Facts do not change with the weather. Facts are facts. Plaintiff satisfied this criterion.

In the April 28, 2022, correspondence to plaintiff, DOJ's James G. Touhey, Jr., Director, Torts Branch states "…I am required by law (28 C.F.R. §14.9(a)) to inform you that, if you are dissatisfied with this determination, you may file suit in an appropriate United States District

Court no later than six months after the date of mailing of this notification of denial. 28 U.S.C. § 2401(b)." *Id*. Plaintiff satisfied this criterion.

Plaintiff was an employee of the grantee EMAGES, Inc. EMAGES, Inc. was the grantee/contractor for Grant #2018-CY-BX-0025. An FTCA claim in general states "An employee of a contractor, subcontractor, grantee, or subgrantee or personal services contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a person or body described in paragraph (2) information that the employee reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or grant. In the April 28, 2022 letter, DOJ never stated they were not guilty of plaintiff's FTCA claims. What DOJ did state is "After careful consideration. it has been determined that your claim is not compensable. Accordingly, your claim must be and hereby is denied." *Id.* This is a material fact in dispute.

Paragraph 2 of § 4712 states "The persons and bodies described in this paragraph are the persons and bodies as follows: (a) a Member of Congress or a representative of a committee of Congress; (b) an Inspector General; (c) the Government Accountability Office; (d) a Federal employee responsible for contract or grant oversight or management at the relevant agency; (e) an authorized official of the Department of Justice or other law enforcement agency; (f) A court or grand jury; and (g) a management official or other employee of the contractor, subcontractor, grantee, or subgrantee who has the responsibility to investigate, discover, or address misconduct. Plaintiff satisfied this criterion.

Plaintiff's 3 whistleblower complaints were sent via email to the United States DOJ employees, Michael Dever, OJP Division Chief; Andre Bethea, Senior Policy Advisor; and Tracey Willis, Grant Manager. These individuals had a legal duty to investigate the whistleblower claims. These United States DOJ employees failed to investigate plaintiff's whistleblower claims. DOJ had 2 mandatory Financial Management Trainings, which plaintiff attended.

Financial Management Training II had sections called Payments/GPRS – Module 17. Module 17 states, in part, "…Funds requested should be based on immediate disbursement or reimbursement requirements…Award recipients should time draw down requests to ensure that Federal cash on hand is the minimum needed for disbursements/reimbursements to be made immediately or within 10 days. If funds are not spent or disbursed within 10 days, you must return them to the awarding agency…Organizations should develop written procedures for the management of funds to ensure that Federal case on hand is kept at or near zero…."

Grant Fraud – Module 23; NDAA. Module 23 states, in part, "…The National Defense Authorization Act of 2013 (NDAA) included a provision that makes it illegal for an employee of a federal contractor, subcontractor, or grantee to be discharged, demoted, or otherwise discriminated against for making a protected whistleblower disclosure. Under NDAA, the DOJ OIG has jurisdiction to investigate allegations of reprisal for whistleblowing by employees of DOJ contractors, subcontractors and award recipients…." Plaintiff was an employee of the grantee, EMAGES, Inc. Defendant United States had a legal duty to investigate plaintiff's whistleblower complaints because they encompassed and detailed the violation of Payments/GPRS and Grant Fraud. These United States DOJ employees were instrumental in plaintiff being terminated.

Plaintiff alleges the United States DOJ employees caused the violation of the Whistleblower Act (NDAA) and termination of plaintiff, accepting the grantee/contractor EMAGES, Inc. and Dr. Hattie Wash's false statements as to why the grant was given back and by not investigating the content of the false statements in the letter from Dr. Hattie Wash and allegations in the plaintiff's whistleblower complaints. Plaintiff provided information to the United States DOJ employees in his whistleblower complaints, which are discoverable material. Plaintiff did not attach the 3 whistleblower complaints to his complaint. These are issues of material fact in dispute.

2. **False Claims Act Claims**

Plaintiff concedes he has not filed a False Claims Act with the court "under seal", which is a requirement. This court should allow plaintiff to amend or supplement his complaint, which is viable. Rule 15(a)(2), which provides that the court should freely give leave to amend when justice so requires. As the text indicates, the rule favors amendment as a general matter. See *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amended pleading is less likely to cause prejudice if it comes without delay or asserts claims related to allegations asserted in prior pleadings. See *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 832 (7th Cir. 2016), both cases cited in *Allen v. Brown Advisory, LLC*, 41 F.4th 843 (7th Cir. 2022).

The elements of a claim under the False Claims Act are a cornerstone of a whistleblower case and under the False Claims Act is evidence that fraud or misconduct caused the federal government to suffer a loss. The false claim can take many forms: (a) overcharging the government for a product or service; (b) providing the government with a product or service that is substandard or otherwise different from what the government agreed to pay for; (c) underpaying the government or avoiding an obligation to pay the government (for obligations

other than taxes); and (d) keeping an overpayment received from the government. To be a violation of the FCA, a defendant's wrongful actions must be "knowing." Deliberate ignorance or reckless disregard of the truth of the claim is sufficient to show knowing conduct. Under the False Claims Act, the government may recover three times its actual losses, referred to as "treble damages." In addition, a defendant may be liable for penalties for each false claim submitted.

3. **Plaintiff claims are not precluded by the Prior Judgment**

In case #20cv6316, June 8, 2021, Memorandum Opinion and Order, Judge Alonso stated

> "The government argues that plaintiff's FTCA claim must be dismissed, because plaintiff failed to exhaust his administrative remedies. Failure to exhaust is generally an affirmative defense. *Jones v. Bock*, 549 U.S. 199 (2007). A plaintiff need not plead around an affirmative defense, and the Court may not dismiss under Rule 12(b)(6) on the basis of an affirmative defense unless the plaintiff alleges, and thus admits, the elements of the affirmative defense. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014); *United States Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003)…Here, the parties dispute whether plaintiff exhausted. The government has no record of receiving a proper claim. Plaintiff, for his part, argues that his three whistleblower complaints constituted claims under the FTCA. The Court cannot agree with plaintiff. Even assuming the appropriate agency had received those three documents in the appropriate manner, not one of those documents included a demand for money, let alone for a sum certain. Without that, none of his letters qualifies as a claim under the FTCA, and plaintiff failed to exhaust his remedies before filing suit. Accordingly, plaintiff's FTCA claim is dismissed. This

dismissal is without prejudice to plaintiff's right to file an administrative claim with the appropriate agency, see Chronis, 932 F.3d at 549, to the extent the statute of limitations has not run. Plaintiff may not, however, replead the claim in this case. The government moves to dismiss the remaining claims, because, among other things (like sovereign immunity), plaintiff has not alleged that the government was his employer. The Court agrees. As the Court explained above, an entity cannot be liable on those claims unless it was plaintiff's employer. Plaintiff's FTCA claim is dismissed without prejudice." *Id.*

"The government moves to dismiss the remaining claims, because, among other things, (like sovereign immunity), plaintiff has not alleged the government was his employer." (*Id.* p.13) FTCA removes sovereign immunity. Federal Tort Claims Acts (FTCA) Tort Claims Acts (TCA) are statutes that waive the government's sovereign immunity from tort liability. These statutes allow courts to exercise jurisdiction over the government in certain cases, thus allowing citizens to seek relief for torts committed by officials. FTCA authorizes plaintiff's to bring civil lawsuits, such as against the United States; for money damages; for injury to or loss of property, or personal injury or death; caused by a federal employee's negligent or wrongful act or omission; while acting within the scope of his office or employment; under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the law of the place where the act or omission occurred. (See 41 U.S.C. §4712(a)(1).

Defendant United States fails to prove plaintiff's claims in this case are precluded by decisions made in case # 20cv6316. Plaintiff's complaint against the United States has not been adjudicated in case 22cv3841. The June 8, 2021 Memorandum Opinion and Order has no effect in 22cv3841 as defendant United States wants this court to adhere too. Judge Alonso states

"…Accordingly, plaintiff's FTCA claim is dismissed…This dismissal is without prejudice to plaintiff's right to file an administrative claim with the appropriate agency, see *Chronis*, 932 F.3d at 549, to the extent the statute of limitations has not run. Plaintiff may not, however, replead the claim in this case." (*Id*. p.13) Plaintiff pleads the case here in 22cv3841. Therefore, plaintiff complaint against the United States in not barred, thus *Res Judicata* does not apply here. The final judgment on the merits of the case in 20cv6316 has nothing to do with case #22cv3841.

Defendants state "on June 8, 2021, this court addressed the merits and dismissed with prejudice Nance's claims against the government for a violation of his whistleblower rights under the National Defense Authorization Act of 2013, a violation of whistleblower protection law for contractors and grantees (41 U.S.C. § 4712), and his claims of retaliation, hostile work environment, emotional distress, and for "special damages." The court dismissed plaintiff's claims under 41 U.S.C. § 4712 without prejudice. In addition, "Title 28 U.S.C. § 2675(a) provides: An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency in writing and sent by certified or registered mail*."

What makes this complaint different and not under *Res Judicata* is plaintiff filed his whistleblower complaints via certified mail with the appropriate Federal agency and received a certified letter from the U.S. Department of Justice fulfilling the requirements of Title 28 U.S.C. § 2675(a). Notwithstanding, the 20cv6316 court stating "Accordingly, plaintiff's FTCA claim is dismissed…This dismissal is without prejudice to plaintiff's right to file an administrative claim

with the appropriate agency, see Chronis, 932 F.3d at 549, to the extent the statute of limitations has not run. Plaintiff may not, however, replead the claim in this case" meaning case #20cv6316.

The 20cv6316 court did not say plaintiff could not replead the case in another court, under a different case number, which plaintiff did when he filed case #22cv3861. An Executive Committee Order was issued on July 29, 2022. This Executive Committee Order states, in part, "…case 22cv3861…was assigned to the Honorable Robert W. Gettleman…It is hereby ordered that the assignment of case 22cv3861…to the Honorable Robert W. Gettleman shall be vacated and the case shall be reassigned to Honorable Jorge L. Alonso…."

4. **Plaintiff's Complaint Does Meet Iqbal and Twombly Standards**

To say that the federal system is a notice pleading situation, is no longer entirely accurate thanks to two different cases, *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). In those cases, the United States Supreme Court said that a simple recital of the elements of a cause of action supported by making conclusory statements is not going to be sufficient to survive a motion to dismiss. *Iqbal* 129 S. Ct. at 1949-1950. That is, while legal conclusions can provide the framework of the complaint, they must be supported by factual allegations that plausibly give rise to an entitlement to relief. *Id*. at 1950.

Plausibility refers to a complainant pleading enough factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct. *Id*. at 1949. *Twombly* interpreted Rule 8 (a)(2), which states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff complaint satisfies *Twombly* and *Iqbal*.

Plaintiff has alleged a waiver of sovereign immunity sufficient to grant jurisdiction over the United States for conspiring to and aiding and abetting an unlawful grant termination.

Plaintiff's complaint does allege enough factual matter to state a plausible claim and sufficient facts that this court can reasonably infer the defendant's employees are liable for the alleged misconduct, and that the court's task on a motion to dismiss depends on the context the plaintiff has laid out in his complaint requiring the court to "draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 678-79.

Plaintiff has provided details to support his claim that the DOJ employees had a duty to investigate the plausible reasons provided by EMAGES for terminating the grant, and that DOJ terminated the award for an improper purpose. EMAGES provided false statements to why they were terminating the grant. See EMAGES termination letter (20cv6316, Dkt. #49-32) and compare it with EMAGES emails (*Id*. Dkt. #49-9). Plaintiff provided Dkt. #49-9 to DOJ employees.

EMAGES termination letter speaks on the impact Covid-19 had on program services stating this is why EMAGES was terminating the grant. (*Id*. Dkt. #49-32). DOJ issued a Covid-19 policy. (*Id*. Dkt. #49-31) On April 9, 2020 plaintiff received an email from defendant "Hattie" reporting the program is moving well during the Coronavirus.1 On July 29, 2020 plaintiff filed the "MA`AT" quarterly (January to March 31, 2020) and semi-annual (January thru June 30, 2020) reports for the "SCA Grant".2  On page 18 of this report, the MA`AT project reports no problems or barriers with the 5 groups receiving teleconferencing services at EMAGES. On August 25, 2020 Dr. Karen Witherspoon sent plaintiff an email regarding our Covid 19 plan for services going forward, which was requested from our DOJ Technical Advisor, Joseph Williams.3 As Dr. Witherspoon's email and

---

[1] https://drive.google.com/file/d/1xfqtmhuV8H0b_Sci1tdMC9QC0zrXDMjj/view?usp=sharing

[2] https://drive.google.com/file/d/1zW1HaapMUt1kdADNGzeRXoCMoVho3gtT/view?usp=sharing

[3] https://drive.google.com/file/d/1J4riO-HUyK5yh1U6EsPIlJ0zJUgfNl-X/view?usp=sharing

attachments demonstrate, the MA`AT Project had a plan for going forward during the Coronavirus pandemic. On September 2, 2020 plaintiff sent an email to the MA`AT Clinical Supervisor regarding our pre-release participants at the Cook County and the jail re-opening.4 On September 2, 2020 plaintiff sent an email to the mentor consultants who will work in the Cook County jail.5 On September 2, 2020 plaintiff forwarded an email from the Cook County jail to DOJ, BJA, OJP "Willis", "Bethea", "Dever", and TA Williams regarding the re-opening of our pre-release services. On September 10, 2020 plaintiff sent an email to Sheriff Howard asking questions about the re-opening of the Cook County jail.6 On September 21, 2020 defendant "Hattie" sent an email to staff falsely reporting why she was giving the "SCA Grant" back.7 On September 22, 2020 plaintiff sent an email to DOJ defendants employees regarding defendant "Hattie" false report for giving the "SCA Grant" back.8 On September 26, 2020 plaintiff sent an email to all consultants instructing them to differentiate to the "SCA Groups" that their program was not terminated because of fees not being paid.9  On October 9, 2020 Plaintiff filed the "MA`AT" quarterly (July thru September 30, 2020) report.10 There is nothing in the July thru September 30, 2020 quarterly report to support defendant "Hattie" claim of the Coronavirus affecting the attendance and quality of the teleconferencing mentoring services being provided to our population. These details and factual matter are in material dispute. Discovery will meet out this truth. Plaintiff's complaint is plausible.

For the foregoing reasons, this court should not dismiss plaintiff's claims against the United States and federal employees or grant summary judgment without discovery.

Respectfully submitted                    /s/Fred L Nance Jr.

---

[4] https://drive.google.com/file/d/1UW5PS1XgvRENSObLW0YQwfRxCHF72fFq/view?usp=sharing
[5] https://drive.google.com/file/d/14n2dCT0IJonTut2AS5hbza3yMkcIKVmb/view?usp=sharing
[6] https://drive.google.com/file/d/1NHIL-8csvVaEkMeYbdVdNULBIxgqaobj/view?usp=sharing
[7] https://drive.google.com/file/d/1Tbk_9SfisjC0b3XBoADRR0itcxK2uiCZ/view?usp=sharing
[8] https://drive.google.com/file/d/11wL3o_zp5f3QHBLlEgnZZcCOB9a4-kRh/view?usp=sharing
[9] https://drive.google.com/file/d/1mquLkz73-GHyTXrsrA3Yg0RrmtMsiEtI/view?usp=sharing
[10] https://drive.google.com/file/d/17r0uhstcAniUUwNAVnEM1wijt9SAYs6T/view?usp=sharing