UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRED L NANCE JR | ) | |
| | ) | CASE # 22 CV 3861 |
| PLAINTIFF | ) | |
| | ) | HONORABLE JUDGE |
| VS | ) | JORGE L ALONSO |
| | ) | HONORABLE MAGISTRATE JUDGE: |
| UNITED STATES, et al. | ) | BETH W. JANTZ |
| | ) | |
| DEFENDANTS. | ) | Courtroom: 1903 |

**PLAINTIFF STATEMENT OF ADDITIONAL MATERIAL FACTS**

NOW COMES, Pro se Plaintiff pursuant to LR 56.1(b)(3). Plaintiff submits Exhibits 1-23 and Dkt. #s 8-7 and 8-9 as if fully set forth here in this document. Plaintiff submits the following additional material facts.

1. On or about April 18,2020, acting on the discussion with Congressman Danny K. Davis" and the email sent to defendant Bradley, plaintiff filed his 1" Whistleblower complaint with supporting documents to DOJ, BJA, OJP "Willis" and "Bethea" via email reporting the appearance of misappropriation of funds and/or fraud. (Ex.17; 1)

2. Neither DOJ, BJA, OJP "Willis" nor "Bethea" responded to the April 17, 2020 Whistleblower complaint.

3. On August 21, 2020, defendant "Hattie" sent an email to plaintiff on July 8, 2020 stating she is willing to give the program up because of plaintiff s Whistleblower complaints. (Ex.7)

4. Defendant "Hattie" gave false and misleading information to DOJ, BJA, and OJP to why she was giving the "SCA Grant" back. (Ex.2; 14)

5. On August 28, 2020, plaintiff filed his 2nd Whistleblower complaint via email to DOJ, BJA, OIP "Willis", "Bethea", and our Technical Advisor, Joseph Williams (hereinafter, "TA").

Neither DOJ, BJA, OIP "Willis" nor "Bethea" responded to my email dated August 28, 2020. (Ex.19)

6. On August 29, 2020, plaintiff sent an email to DOJ, BJA, OJP "Willis", "Bethea" and to "TA" giving a detailed report of his "OIG" complaint giving a history of the plaintiff and defendant "Hattie relationship as it relates to DOJ, BJA, OJP grants, the Whistleblower complaints and history working voluntarily with "Congressman Davis" and being a Peer Reviewer for the DOJ, BJA, OJP. (Ex.17)

7. On August 29, 2020, plaintiff sent a revised copy of his Whistleblower complaint to the "OIG", to DOJ, BJA, OJP "Wilis", "Bethea", and TA" *Id*.

8. On September 1. 2020, DOJ, BJA, OJP "Dever" responded to plaintiff's email stating, in part, " ... We have received your emails and are looking into the grant expenditure information you referenced this week. Thanks again for your outreach and rest assured that we are taking steps to get to the bottom of the issues you've raised..." *Id*.

9. On September 2, 2020, plaintiff forwarded an email from the Cook County jail to DOJ, BJA, OJP "Willis", "Bethea", "Dever", and TA Williams regarding the re-opening of our pre-release services. (Ex.19)

10. On September 13, 2020, plaintiff sent an email to defendants alerting them he was filing his 3" Whistlcblower complaint. *Id*.

11. On September 21, 2020, defendant "Hattie" sent an email to staff falsely reporting why she was giving the "SCA Grant" back, which is a different version than what she reported to DOJ stating to the clients it was because of the program fees they were not providing. (Ex.14)

12. On September 22, 2020, plaintiff sent an email to defendants regarding defendant Hattie" false report for giving the SCA Grant" back. *Id.*

13. On September 22, 2020, plaintiff sent an email to DOJ, BJA, OJP Willis", "Bethea", and "Dever" stating "Protect my Job" listing the posting plaintiff has on his Twitter page. *Id.*

14. On September 25, 2020, plaintiff sent this email to DOJ, BJA, OP Dever", "Bethea", and "Willis" along with another DOJ person about plaintiffs Whistleblower complaints. *Id.*

15. On September 27, 2020, defendant "Hattie" admits plaintiffs company C.L.LC.K. Services, NFP partnered with EMAGES, Inc. when she ask "Is this the grant we applied for?" *Id.*

16. On September 26, 2020, plaintiff sent an email to all consultants instructing them to differentiate to the "SCA Groups" that their program was not terminated because of fees not being paid. (Ex.15)

17. On October 9, 2020, Plaintiff filed the "MA AT" quarterly (July thru September 30, 2020) report. (Ex.23)

18. There is nothing in the July thru September 30, 2020 quarterly report to support defendant "Hattie" claim of the Coronavirus affecting the attendance and quality of the teleconferencing mentoring services being provided to our population but contrarily the opposite supporting the success of the program during Covid 19. *Id.*

19. On October 17, 2020, plaintiff sent an email to DOI, BJA, OJP ·Dever", Bethea", Willis", "Congressman Davis" and the TA with attachments labeled DOJ, BJA, OJP et al Violation of Whistleblower Act NDAA 2013 & 41 U.S.C. $ 4712. (Ex.17)

20. On April 29, 2021, Ms. Bernice Horne and Abitha William (hereinafter, "Bernice") of BETHA Associates, Ine. (OJP Peer Review Support Services) contacted plaintiff via email requesting his availability to peer review the FY 2021 Second Chance Act Community-Based Reentry Program, which is the process. Plaintiff accepted the invitation to peer review this solicitation. (Pl Complaint at 26)

21. On May 25, 2021, DOJ, BJA, OJP's Bethea sent an email to plaintiff stating "The Office of Justice Programs (OJP) has received your appeal in response to the Second Chance Act Community-based Reentry FY 2021 grant solicitation. After careful consideration of your case, unfortunately the decision has been made to deny your appeal...." *Id.*

22. On May 25, 2021, before Bethea's denial of plaintiff's appeal, plaintiff reported having technical difficulties with the JustGrants system providing email documentation of contacts he had with the JustGrants officials.

23. On May 26, 2021, Bethea sent the following email to plaintiff stating ... The Office of Justice Programs (OJP) has received your request to apply late in response to the Second Chance Act Community-based FY 2021 grant solicitation. We understand that your agency experienced technical difficulties while using our new system Justice Grants System (JustGrants), and we are pleased to offer additional time to submit/ complete your application. (Pl Complaint at 27)

24. On June 7, 2021, Bernice wrote "You've been selected to participate on the FY 21 Second Chance Act Community-Based Reentry Program peer review." (Pl Complaint at 27-28)

25. On June 9, 2021 Bernice et al. sent an email to plaintiff stating "Hello Dr. Nance, Thank you for reaching out. We appreciate your time and patience while we finalized the panel composition for this grant. As there are fewer applications going forward to peer review than initially anticipated, we will not need to utilize the total number of peer reviewers initially invited to participate. (Pl Complaint at 29)

26. On June 10, 2021, Bernice Horne wrote: "Dear Dr. Nance, You are not eligible to serve on this peer review panel. Peer reviewers must comply with BJA's conflict of interest rules and regulations. A peer reviewer cannot have a financial relationship with an organization that submitted an application under the solicitation being peer reviewed." (Pl Complaint at 29-30)

27. Plaintiff did not have a financial relationship with an organization that submitted an application under the solicitation being peer reviewed in 2021.

28. On June 10, 2021, plaintiff sent the following messages via email to Bernice et al. "I worked for you guys on the 2019 peer review team with the same grant, which I had a financial interest with another grant #2018-CY-BX-0025. *Id.*

29. Defendants report plaintiff has to be an employee of DOJ to bring his § 4712 FTCA claim in a whistleblower case.

30. Plaintiff does not need to be an employee of the United States government to bring his § 4712 FTCA claims in a whistleblower case.

31. Plaintiff attempted to file a request for Student Loan Forgiveness.

32. EMAGES, Inc. and Dr. Hattie Wash refused to complete and sign the paperwork plaintiff sent via email to her for his application for Student Loan Forgiveness.

33. Plaintiff has worked with EMAGES, off an on, for over 10 years.

34. Plaintiff sent an email to the attorneys representing EMAGES, Inc. and Dr. Wash requesting they intervene and have their client complete and sign the application for Student Loan Forgiveness.

35. The attorneys for EMAGES, Inc. and Dr. Hattie Wash acknowledged receipt of the email but did not provide any information on whether their client would complete and sign the application for Student Loan Forgiveness.

36. The Student Loan Forgiveness application process has been closed.

37. Every other employer plaintiff sent his requests to has provided the dates of employment and signed the document EXCEPT defendants EMAGES, Inc. and Hattie Wash who apparently feel empowered by the defendants United States et al.

38. Plaintiff could apply for the Student Loan Forgiveness program due to EMAGES, Inc and Hattie Wash refusing to provide the information needed.

WHEREFORE, plaintiff reports these numbered paragraphs supported by exhibits are material facts in dispute.

Respectfully submitted,

/s/Fred L. Nance Jr., Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org