UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| FRED L NANCE JR | ) | |
|---|---|---|
| | ) | CASE # 22 CV 3861 |
| PLAINTIFF | ) | |
| | ) | HONORABLE JUDGE |
| VS | ) | JORGE L ALONSO |
| | ) | HONORABLE MAGISTRATE JUDGE: |
| UNITED STATES, et al. | ) | BETH W. JANTZ |
| | ) | |
| DEFENDANTS. | ) | Courtroom: 1903 |

**PLAINTIFF MOTION PURSUANT TO RULE 26 and 56(d)**

Plaintiff submits his motion and affidavit pursuant to Rule 26 and Local Rule 56(d). Plaintiff emphatically states there has been no initial discovery in this matter pursuant to Rule 26. Initial discovery is necessary to prove or disprove the facts of a plaintiff or defendant, especially, when addressing a summary judgment. Plaintiff is being forced to file this motion under LR 56(d) because defendants are circumventing the normal processes of the FRCP for Discovery. Rule 56(d) states that if the non-movant in a summary judgment proceeding shows by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his opposition, the Court may defer considering the motion or deny it and allow time to take additional discovery. FED. R. CIV. P. 56(d).

In *Nance v. NBCUniversal Media, LLC*, No. 16-11635, 2018 WL 1762440 (N.D. Ill. July 29, 2019) Judge Harry Leinenweber, in his Memorandum and Opinion reported, "Rule 56(d) states that if the non-movant in a summary judgment proceeding shows by affidavit or declaration that, for specified reasons, he cannot present facts essential to justify his opposition, the Court may defer considering the motion or deny it and allow time to take additional discovery. FED. R. CIV. P. 56(d)."

Seventh Circuit Judge Harry Leinenweber further stated "The Seventh Circuit has made clear that Rule 56(d) requires a motion. See *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006) ("When a party thinks it needs additional discovery in order to oppose a motion for summary judgment . . . Rule 56(f) [now Rule 56(d)] provides a simple procedure for requesting relief: move for a continuance and submit an affidavit explaining why the additional discovery is necessary."); *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996) ("When a party is unable to gather the materials required by Rule 56(e), the proper course is to move for a continuance under Rule 56(f) [now Rule 56(d)]."). A Rule 56(d) motion "must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit." *Deere & Co.*, 462 F.3d at 706.

The Federal Rules of Civil Procedure allow a nonmovant, when faced with a motion for summary judgment, to ask the court to defer ruling on the motion, to allow it additional time to take discovery. The process is straightforward: a nonmovant must show the court "by affidavit or declaration" the specified reasons that prevent it from presenting facts essential to justify its opposition. See FRCP 56(d)(1)(2)(3) (Wisconsin has a similar requirement, modeled on the federal rule, see Wis. Stat. § 802.08(4)). The "affidavit or declaration" portion of the rule is not merely a suggestion, as failure to submit one justifies a district court's denying the request to take additional discovery, and ultimately, granting summary judgment in the absence of additional facts. That lesson was recently learned by the plaintiff in *Kallal v. CIBA Vision Corp., No. 13-1786 (7th Cir. Feb. 24, 2015)*. This Seventh Circuit decision should remind practitioners to comply strictly with Rule 56(d) when asking the court to defer ruling on a summary judgment motion.

The Seventh Circuit has made clear that Rule 56(d) requires a motion. See *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006) ("When a party thinks it needs additional discovery in order to oppose a motion for summary judgment . . . Rule 56(f) [now Rule 56(d)] provides a simple procedure for requesting relief: move for a continuance and submit an affidavit explaining why the additional discovery is necessary."); *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996) ("When a party is unable to gather the materials required by Rule 56(e), the proper course is to move for a continuance under Rule 56(f) [now Rule 56(d)]."). A Rule 56(d) motion "must state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery and must support those reasons by affidavit." *Deere & Co*., 462 F.3d at 706.

Plaintiff has not been afforded discovery and/or additional discovery to address and validate his complaint because defendant United States is trying to circumvent the discovery processes by filing for summary judgment. Rule 56 requires the party requesting additional discovery to "state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006); *Franklin vs Express Text, LLC*, No. 17-2807, (7th Cir. 2018) The federal appellate panel found the district court judge's grant of summary judgment was an abuse of discretion that left the plaintiff without access to discovery, remanding the case for *Franklin* to "seek reasonable discovery."

Appellate courts review decisions on Rule 56(d) motions for abuse of discretion. *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 622–23 (7th Cir. 2014). "As is true for most matters relating to discovery, the district court has substantial discretion in ruling on a [Rule

56(d)] motion." *Farmer*, 81 F.3d at 1449. This latitude has its limits, however. *Id*. at 1450–51 (vacating summary judgment).

Appellate courts often remand a denial of additional time for discovery when the motion for summary judgment is filed before the close of discovery, especially if there are pending discovery disputes. *Farmer*, 81 F.3d at 1450–51 (district court abused discretion by denying Rule 56(d) motion that sought opportunity to conduct discovery under new legal standard after remand from Supreme Court); see also *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (vacating summary judgment as premature when plaintiff was denied any opportunity for discovery on material issues); *Burlington Northern Santa Fe Railroad Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773–74 (9th Cir. 2003) (denial of Rule 56(d) motion was abuse of discretion: when "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule [56(d)] motion fairly freely"); *Wichita Falls v. Banc One*, 978 F.2d 915, 920 (5th Cir. 1992) (reversing denial of Rule 56(d) motion: "When a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery.").

For example, in the D.C. Circuit, summary judgment is considered premature unless all parties have had a full opportunity to conduct discovery, and the court has written that Rule 56(d) motions "requesting time for additional discovery should be granted 'almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.'" *Convertino v. United States Dep't of Justice*, 684 F.3d 93, 99 (D.C. Cir. 2012), quoting *Berkeley v. Home Ins. Co*., 68 F.3d 1409, 1414 (D.C. Cir. 1995). This approach is not unique. See *In re PHC, Inc. Shareholder Litigation*, 762 F.3d 138, 145 (1st Cir. 2014) (premature for district court

to consider summary judgment in light of plaintiffs' Rule 56(d) motion when pending discovery requests were not yet answered); *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (noting that summary judgment is disfavored if discovery is incomplete: "summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be 'fruitless' with respect to the proof of a viable claim"); *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991) (request for additional time to conduct discovery should be granted "almost as a matter of course" when court learns the "diligent efforts to obtain evidence from the moving party have been unsuccessful"). We need not go as far as "almost as a matter of course," but these precedents emphasize the importance of allowing a party the opportunity to take meaningful discovery before granting summary judgment against him.

WHEREFORE, plaintiff request (1) a continuance in the matter; (2) initial Discovery pursuant to Rule 26, and/or discovery pursuant to Rule 56(d) before addressing defendant's motion to dismiss or in the alternative summary judgment; or (3) dismissal of defendant's motion to dismiss or in the alternative summary judgment.

Respectfully submitted,

/s/Fred L. Nance Jr., Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org