UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRED L NANCE JR | ) | |
| | ) | CASE # 22 CV 3861 |
| PLAINTIFF | ) | |
| | ) | HONORABLE JUDGE |
| VS | ) | JORGE L ALONSO |
| | ) | HONORABLE MAGISTRATE JUDGE: |
| UNITED STATES, et al. | ) | BETH W. JANTZ |
| | ) | |
| DEFENDANTS. | ) | Courtroom: 1903 |

## AFFIDAVIT/DECLARATION OF DR. FRED L. NANCE JR.

Discovery will bring to light some information that would help plaintiff analyze his respective strengths/weaknesses and the chance to successfully litigate his claims. Discovery is a critical phase of any trial or lawsuit and can make the difference between a successful case and one that goes horribly awry. Parties are required to share evidence supporting their case. Failure to do so can preclude that evidence from being used at trial. Parties are given chance to correct any wrong information that may have been submitted. I, Dr. Fred Nance Jr., hereby declare that the following statement is pursuant to FRCP 56(d) and submits the following affidavit to support the reason for discovery before any decision by this court to dismiss plaintiff's complaint against the United States et al.

1. Plaintiff needs discovery to support his claims.

2. Plaintiff filed his Original Complaint on October 23, 2020.

3. On or about April 18, 2020, acting on the discussion with "Congressman Danny K. Davis" and the email sent to defendant Bradley, plaintiff filed his 1st Whistleblower complaint with supporting documents to DOJ, BJA, OJP "Willis" and "Bethea" via email reporting the appearance of misappropriation of funds and/or fraud.

4. Neither DOJ, BJA, OJP "Willis" nor "Bethea" responded to the April 17, 2020 Whistleblower complaint.

5. Defendant "Hattie" reported to DOJ, BJA, OJP, "Dever", "Bethea", and "Willis" the reason she was giving the grant back is because of problems and barriers with the Coronavirus.

6. On August 21, 2020, defendant "Hattie" sent an email to plaintiff stating she is willing to give the program up because of plaintiff's Whistleblower complaints.

7. Defendant "Hattie" gave false and misleading information to DOJ, BJA, and OJP to why she was giving the "SCA Grant" back.

8. On August 28, 2020, plaintiff filed his 2nd Whistleblower complaint via email to DOJ, BJA, OJP "Willis", "Bethea", and our Technical Advisor, Joseph Williams (hereinafter, "TA").

9. Regarding the email of August 28, 2020, plaintiff states "Good evening. I filed my Whistleblower complaint with the Office of the Inspector General, Investigations Division (hereinafter, "OIG") tonight…I am not sure why Ms. Willis granted Dr. Wash taking me off as POC of this grant. You limited my performing my duties and allowed Dr. Wash to retaliate against me…."

10. Neither DOJ, BJA, OJP "Willis" nor "Bethea" responded to my email dated August 28, 2020.

11. On August 29, 2020, plaintiff sent an email to DOJ, BJA, OJP "Willis", "Bethea" and to "TA" giving a detailed report of his "OIG" complaint giving a history of the plaintiff and defendant "Hattie" relationship as it relates to DOJ, BJA, OJP grants, the Whistleblower complaints and history working voluntarily with "Congressman Davis" and being a Peer Reviewer for the DOJ, BJA, OJP.

12. On August 29, 2020, plaintiff sent a revised copy of his Whistleblower complaint to the "OIG", to DOJ, BJA, OJP "Willis", "Bethea", and "TA".

13. On August 31, 2020, DOJ, BJA, OJP "Willis" sent an email to plaintiff stating plaintiff should send all correspondence about the grant to defendant "Hattie"

14. On September 1, 2020, DOJ, BJA, OJP "Dever" responded to plaintiff's email stating, in part, "…We have received your emails and are looking into the grant expenditure information you referenced this week. Thanks again for your outreach and rest assured that we are taking steps to get to the bottom of the issues you've raised…."

15. Michael Dever never provided any results to the plaintiff regarding #14.

16. On September 2, 2020, plaintiff forwarded an email from the Cook County jail to DOJ, BJA, OJP "Willis", "Bethea", "Dever", and TA Williams regarding the re-opening of our pre-release services.

17. On September 7, 2020, plaintiff sent an email titled "SCA Grant Accountant Emails and monthly Contractual Fee Invoices" to DOJ, BJA, OJP "Dever", "Bethea", and "Willis".

18. On September 13, 2020, plaintiff sent an email to defendants alerting them he was filing his 3rd Whistleblower complaint.

19. On September 21, 2020, defendant "Hattie" sent an email to staff falsely reporting why she was giving the "SCA Grant" back.

20. On September 22, 2020, plaintiff sent an email to defendants regarding defendant "Hattie" false report for giving the "SCA Grant" back.

21. On September 22, 2020, plaintiff sent an email to DOJ, BJA, OJP "Willis", "Bethea", and "Dever" stating "Protect my Job" listing the posting plaintiff has on Twitter.

22. On September 25, 2020, plaintiff sent an email to defendants and "Congressman Davis" regarding defendants violating plaintiff's Whistleblower rights.

23. On September 25, 2020, plaintiff sent this email to DOJ, BJA, OJP "Dever", "Bethea", and "Willis" along with another DOJ person about plaintiff's Whistleblower complaints.

24. On September 27, 2020, defendant "Hattie" admits plaintiff's company C.L.I.C.K. Services, NFP partnered with EMAGES, Inc. when she ask "Is this the grant we applied for?"

25. On September 26, 2020, plaintiff sent an email to all consultants instructing them to differentiate to the "SCA Groups" that their program was not terminated because of fees not being paid.

26. On September 29, 2020, plaintiff filed all 3 Whistleblower complaints with the Office of Special Counsel.

27. On October 9, 2020, Plaintiff filed the "MA`AT" quarterly (July thru September 30, 2020) report.

28. There is nothing in the July thru September 30, 2020 quarterly report to support defendant "Hattie" claim of the Coronavirus affecting the attendance and quality of the teleconferencing mentoring services being provided to our population.

29. On October 13, 2020, plaintiff received an email determination letter from the OIG addressing only "part" of plaintiff's 2nd Whistleblower complaint, denying plaintiff's retaliation allegation.

30. On October 13, 2020, plaintiff sent an email addressed to "Congressman Davis", copying DOJ Office of Inspector General, and all defendants regarding the violation of plaintiff's Whistleblower rights.

31. On October 15, 2020, plaintiff sent an email to "Congressman Davis" and all defendants responding to DOJ, BJA, OJP "Dever" reporting the "real" duties of the Grant Administrator, which prompted plaintiff to immediately start this litigation.

32. Plaintiff was under the impression that being the Grant Administrator DOJ, BJA, OJP had given C.L.I.C.K. Services, NFP the grant since defendant "Hattie" said she would give the grant up and plaintiff could have it.

33. On October 17, 2020, plaintiff sent an email to DOJ, BJA, OJP "Dever", "Bethea", "Willis", "Congressman Davis" and the TA with attachments labeled DOJ, BJA, OJP et al Violation of Whistleblower Act NDAA 2013 & 41 U.S.C. § 4712.

34. On February 13, 2021, plaintiff filed a Motion Under Rule 26 and 56(d).

35. On February 17, 2021, Judge Alonso denied plaintiff's motion under Rule 26 and 56(d).

36. On April 29, 2021, Ms. Bernice Horne and Abitha William (hereinafter, "Bernice") of BETHA Associates, Inc. (OJP Peer Review Support Services) contacted plaintiff via email requesting his availability to peer review the FY 2021 Second Chance Act Community-Based Reentry Program, which is the process. Plaintiff accepted the invitation to peer review this solicitation.

37. On May 25, 2021, DOJ, BJA, OJP's Bethea sent an email to plaintiff stating "The Office of Justice Programs (OJP) has received your appeal in response to the Second Chance Act Community-based Reentry FY 2021 grant solicitation. After careful consideration of your case, unfortunately the decision has been made to deny your appeal...."

38. On May 26, 2021, Bethea sent the following email to plaintiff stating "...The Office of Justice Programs (OJP) has received your request to apply late in response to the Second Chance Act Community-based FY 2021 grant solicitation. We understand that your agency experienced technical difficulties while using our new system Justice Grants System (JustGrants), and we are pleased to offer additional time to submit/ complete your application.

39. Plaintiff accepted the invitation to peer review this solicitation.

40. Bernice responded via email stating "Dr. Fred Nance Jr., Thank you for reaching out. Yes, please follow the steps of clicking on the JustGrants Peer Review Portal icon and completing your contact information."

41. On June 7, 2021, Bernice wrote "You've been selected to participate on the FY 21 Second Chance Act Community-Based Reentry Program peer review."

42. On June 8, 2021, Judge Alonso issued a Memorandum Opinion and Order stating "Plaintiff alleges the existence of his three whistleblower complaints in his complaint...The Court may consider those documents without converting the motion to dismiss to a motion for summary judgment, because they are referred to in plaintiff's complaint and are central to plaintiff's claims. Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc., 496 F.3d 773, 778 (7th Cir. 2007)."

43. Judge Alonso further states "...Accordingly, plaintiff's FTCA claim is dismissed...This dismissal is without prejudice to plaintiff's right to file an administrative claim with the appropriate agency, see Chronis, 932 F.3d at 549.

44. Plaintiff needs answers from the defendants to the following to explain their decision for terminating plaintiff's employment via Grant #2018-CY-BX-0025.

45. DOJ, BJA, OPJ employees Dever, Bethea, and Willis informed plaintiff that defendant Hattie gave reasons for giving the grant back.

46. On June 9, 2021 Bernice et al. sent an email to plaintiff stating "Hello Dr. Nance, Thank you for reaching out. We appreciate your time and patience while we finalized the panel composition for this grant. As there are fewer applications going forward to peer review than initially anticipated, we will not need to utilize the total number of peer reviewers initially invited to participate.

47. On June 10, 2021, Bernice Horne wrote: "Dear Dr. Nance, You are not eligible to serve on this peer review panel. Peer reviewers must comply with BJA's conflict of interest rules and regulations. A peer reviewer cannot have a financial relationship with an organization that submitted an application under the solicitation being peer reviewed."

48. On June 10, 2021, plaintiff sent the following messages via email to Bernice et al. "I worked for you guys on the 2019 peer review team with the same grant, which I had a financial interest with another grant #2018-CY-BX-0025."

49. The United States Department of Justice sent the plaintiff a letter dated April 28, 2022 basically, stating the plaintiff had exhausted his administrative remedies and determined his claim is not compensable.

50. The statement made by the U.S. Department of Justice on April 28, 2022, must be further explained via discovery.

51. Plaintiff has not had discovery because defendant United States has circumvented the discovery processes by filing a motion to dismiss or in the alternative summary judgment.

52. Plaintiff should have the opportunity to show he does not need to be an employee of the United States government to bring his claims in a whistleblower case.

53. This affidavit process is straightforward: a nonmovant must show the court "by affidavit or declaration" the specified reasons that prevent it from presenting facts essential to justify its opposition to summary judgment. *See* FRCP 56(d)

54. Plaintiff attempted to file a request for Student Loan Forgiveness.

55. Every employer plaintiff sent his requests to they provided the dates of employment and signed the document EXCEPT defendants EMAGES, Inc. and Hattie Wash who apparently feel empowered by this court and defendants United States et al.

56. Therefore, plaintiff will not be able to submit his Student Loan Forgiveness documents in a timely manner to the government.

57. This is not an exhaustive list of plaintiff's requests for production of documents and interrogatories for the United States defendants.

58. I cannot justify some of my facts or give legal support to my statements because I have

not had discovery in this case.

I declare under penalty of perjury, and to the best of my knowledge, that the foregoing is true and correct.

*[signature]*

Fred L. Nance Jr.

Executed this 12 day of October 2022.

> PHILLIP APPLEGATE
> Official Seal
> Notary Public - State of Illinois
> My Commission Expires Jul 6, 2026

**INDIVIDUAL ACKNOWLEDGMENT**

State/Commonwealth of _Illinois_

County of _Cook_ } ss.

On this the _12th_ day of _October_, _2022_, before me,
    Day              Month              Year

_Phillip Applegate_, the undersigned Notary Public,
Name of Notary Public

personally appeared _Fred L. Nance Jr._
                    Name(s) of Signer(s)

☐ personally known to me – OR –

☒ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same for the purposes therein stated.

WITNESS my hand and official seal.

_Phillip Applegate_
Signature of Notary Public

```
PHILLIP APPLEGATE
Official Seal
Notary Public - State of Illinois
My Commission Expires Jul 6, 2026
```

Place Notary Seal/Stamp Above

Commission Exp. _Jul 6th, 2026_
Any Other Required Information
(Printed Name of Notary, Expiration Date, etc.)

――――――― OPTIONAL ―――――――

*This section is required for notarizations performed in Arizona but is optional in other states. Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _Affidavit/Declaration of Fred L Nance Jr._

Document Date: _____ Number of Pages: _6_

Signer(s) Other Than Named Above: _____

©2020 National Notary Association

M1304-07 (09/2021)
Used for states (AL, AZ, CO, CT, DE, GA, IA, ID, IL, IN, KS, KY, LA, MD, ME, MI, MN, MS, MT, NC, ND, NE, NH, NJ, NM, OK, OR, RI, SC, SD, TN, VA, VT, WV, WI, WY)