UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRED L. NANCE, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 3861 |
| v. | ) | |
| | ) | Judge Alonso |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**FEDERAL DEFENDANTS' RULE 56.1(c)(2) RESPONSE
TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

Defendants, United States and U.S. Department of Justice, through their attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, submit in accordance with Local Rule 56.1, the following response to plaintiff's statement of additional facts:

1. On or about April 18,2020, acting on the discussion with Congressman Danny K. Davis" and the email sent to defendant Bradley, plaintiff filed his 1" Whistleblower complaint with supporting documents to DOJ, BJA, OJP "Willis" and "Bethea" via email reporting the appearance of misappropriation of funds and/or fraud. (Ex.17; 1)

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations. Defendants admit that Nance submitted a letter on or about April 17, 2020, to DOJ alleging fraud or misappropriation of grant funds for the EMAGES award. DSF ¶¶ 10 – 14. In response, DOJ engaged with EMAGES to address accounting and reporting issues with its grant award and conducted an in-depth financial and programmatic review of the award. Pl.'s Ex. 30, *Nance v. Department of Justice, et al.*, Case No. 20 C 6316, Dkt. 43-31. Nance's other complaints were denied for jurisdiction or insufficiency. DSF ¶¶ 11 – 14.

1

2. Neither DOJ, BJA, OJP "Willis" nor "Bethea" responded to the April 17, 2020 Whistleblower complaint.

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

3. On August 21, 2020, defendant "Hattie" sent an email to plaintiff on July 8, 2020, stating she is willing to give the program up because of plaintiff s Whistleblower complaints. (Ex.7)

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations. Defendants admit that Nance emailed Wash, telling her, among other things, to "Fire me!" Pl. Ex. 7 at 3, Dkt. 11-14.

4. Defendant "Hattie" gave false and misleading information to DOJ, BJA, and OJP to why she was giving the "SCA Grant" back. (Ex.2; 14)

**Response**: Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations.

5. On August 28, 2020, plaintiff filed his second Whistleblower complaint via email to DOJ, BJA, OIP "Willis", "Bethea", and our Technical Advisor, Joseph Williams (hereinafter, "TA"). Neither DOJ, BJA, OIP "Willis" nor "Bethea" responded to my email dated August 28, 2020. (Ex.19)

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations. Defendants admit that Nance's complaint dated August 28, 2020, received a response from DOJ's OIG, which declined to open an investigation. DSF ¶ 14; *see also* OIG letter, Dkt. 8-9. Defendants admit that Nance submitted a complaint on or about August 28, 2020, to DOJ.

6. On August 29, 2020, plaintiff sent an email to DOJ, BJA, OJP "Willis", "Bethea"

and to "TA" giving a detailed report of his "OIG" complaint giving a history of the plaintiff and defendant "Hattie relationship as it relates to DOJ, BJA, OJP grants, the Whistleblower complaints and history working voluntarily with "Congressman Davis" and being a Peer Reviewer for the DOJ, BJA, OJP. (Ex.17)

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations. Defendants admit that Nance sent an email dated October 13, 2020 (not August 29, 2020) to Congressman Davis (with several DOJ employees copied), in which he states that the "Ways and Means Committee should issue subpoenas to address the SCA Whistleblower policy construct" and discusses his various allegations of fraud and misappropriation by EMAGES that were denied or otherwise rejected by DOJ's OSC and OIG. DSF ¶ 11, 14. Defendants admit that Nance's Exhibit 17 contains Nance's discussion of his past but does not include any discussion of his work as a peer reviewer. Pl. Ex. 17, Dkt. 11-24.

7.  On August 29, 2020, plaintiff sent a revised copy of his Whistleblower complaint to the "OIG", to DOJ, BJA, OJP "Wilis", "Bethea", and TA" *Id*.

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations.

8.  On September 1. 2020, DOJ, BJA, OJP "Dever" responded to plaintiff's email stating, in part, " ... We have received your emails and are looking into the grant expenditure information you referenced this week. Thanks again for your outreach and rest assured that we are taking steps to get to the bottom of the issues you've raised..." *Id*.

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations.

9.  On September 2, 2020, plaintiff forwarded an email from the Cook County jail to

3

DOJ, BJA, OJP "Willis", "Bethea", "Dever" and TA Williams regarding the re-opening of our pre- release services. (Ex.19)

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations.

10. On September 13, 2020, plaintiff sent an email to defendants alerting them he was filing his 3" Whistleblower complaint. *Id*.

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations.

11. On September 21, 2020, defendant "Hattie" sent an email to staff falsely reporting why she was giving the "SCA Grant back," which is a different version than what she reported to DOJ stating to the clients it was because of the program fees they were not providing. (Ex.14)

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations.

12. On September 22, 2020, plaintiff sent an email to defendants regarding defendant Hattie" false report for giving the SCA Grant" back. *Id.*

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations.

13. On September 22, 2020, plaintiff sent an email to DOJ, BJA, OJP Willis", "Bethea", and "Dever" stating "Protect my Job" listing the posting plaintiff has on his Twitter page. *Id.*

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations.

14. On September 25, 2020, plaintiff sent this email to DOJ, BJA, OP Dever", "Bethea", and "Willis" along with another DOJ person about plaintiffs Whistleblower complaints. *Id.*

4

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations.

15. On September 27, 2020, defendant "Hattie" admits plaintiffs company C.L.LC.K. Services, NFP partnered with EMAGES, Inc. when she ask "Is this the grant we applied for?" *Id.*

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations.

16. On September 26, 2020, plaintiff sent an email to all consultants instructing them to differentiate to the "SCA Groups" that their program was not terminated because of fees not being paid. (Ex.15)

**Response:** Admitted, in part. Exhibit 15 appears to be an email dated September 26, 2020, from Nance instructing the recipients to "not talk about fees owed for sex offender services at EMAGES." Pl. Ex. 15, Dkt. 11-22. Defendants deny that plaintiff's cite to specific evidentiary material supports the remaining allegations in this paragraph.

17. On October 9, 2020, Plaintiff filed the "MA AT" quarterly (July thru September 30, 2020) report. (Ex.23)

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations.

18. There is nothing in the July thru September 30, 2020 quarterly report to support defendant "Hattie" claim of the Coronavirus affecting the attendance and quality of the teleconferencing mentoring services being provided to our population but contrarily the opposite supporting the success of the program during Covid 19. *Id.*

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations.

19. On October 17, 2020, plaintiff sent an email to DOI, BJA, OJP ·Dever", Bethea", Willis", "Congressman Davis" and the TA with attachments labeled DOJ, BJA, OJP et al Violation of Whistleblower Act NDAA 2013 & 41 U.S.C. $ 4712. (Ex.17)

**Response:** Defendants deny that plaintiff's cite to specific evidentiary material supports these allegations.

20. On April 29, 2021, Ms. Bernice Horne and Abitha William (hereinafter, "Bernice") of BETHA Associates, Ine. (OJP Peer Review Support Services) contacted plaintiff via email requesting his availability to peer review the FY 2021 Second Chance Act Community-Based Reentry Program, which is the process. Plaintiff accepted the invitation to peer review this solicitation. (Pl Complaint at 26)

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

21. On May 25, 2021, DOJ, BJA, OJP's Bethea sent an email to plaintiff stating "The Office of Justice Programs (OJP) has received your appeal in response to the Second Chance Act Community-based Reentry FY 2021 grant solicitation. After careful consideration of your case, unfortunately the decision has been made to deny your appeal…" *Id.*

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

22. On May 25, 2021, before Bethea's denial of plaintiff's appeal, plaintiff reported having technical difficulties with the JustGrants system providing email documentation of contacts he had with the JustGrants officials.

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

23. On May 26, 2021, Bethea sent the following email to plaintiff stating … The Office of Justice Programs (OJP) has received your request to apply late in response to the Second Chance Act Community-based FY 2021 grant solicitation. We understand that your agency experienced technical difficulties while using our new system Justice Grants System (JustGrants), and we are pleased to offer additional time to submit/ complete your application. (Pl Complaint at 27)

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

24. On June 7, 2021, Bernice wrote "You've been selected to participate on the FY 21 Second Chance Act Community-Based Reentry Program peer review." (Pl Complaint at 27-28)

**Response**: Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

25. On June 9, 2021 Bernice et al. sent an email to plaintiff stating "Hello Dr. Nance, Thank you for reaching out. We appreciate your time and patience while we finalized the panel composition for this grant. As there are fewer applications going forward to peer review than initially anticipated, we will not need to utilize the total number of peer reviewers initially invited to participate. (Pl Complaint at 29)

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

26. On June 10, 2021, Bernice Horne wrote: "Dear Dr. Nance, You are not eligible to serve on this peer review panel. Peer reviewers must comply with BJA's conflict of interest rules and regulations. A peer reviewer cannot have a financial relationship with an organization that submitted an application under the solicitation being peer reviewed." (Pl Complaint at 29-30)

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to

support these allegations.

27. Plaintiff did not have a financial relationship with an organization that submitted an application under the solicitation being peer reviewed in 2021.

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

28. On June 10, 2021, plaintiff sent the following messages via email to Bernice et al. "I worked for you guys on the 2019 peer review team with the same grant, which I had a financial interest with another grant #2018-CY-BX-0025. *Id.*

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

29. Defendants report plaintiff has to be an employee of DOJ to bring his § 4712 FTCA claim in a whistleblower case.

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

30. Plaintiff does not need to be an employee of the United States government to bring his § 4712 FTCA claims in a whistleblower case.

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

31. Plaintiff attempted to file a request for Student Loan Forgiveness.

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

32. EMAGES, Inc. and Dr. Hattie Wash refused to complete and sign the paperwork plaintiff sent via email to her for his application for Student Loan Forgiveness.

8

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

33. Plaintiff has worked with EMAGES, off an on, for over 10 years.

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

34. Plaintiff sent an email to the attorneys representing EMAGES, Inc. and Dr. Wash requesting they intervene and have their client complete and sign the application for Student Loan Forgiveness.

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

35. The attorneys for EMAGES, Inc. and Dr. Hattie Wash acknowledged receipt of the email but did not provide any information on whether their client would complete and sign the application for Student Loan Forgiveness.

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

36. The Student Loan Forgiveness application process has been closed.

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

37. Every other employer plaintiff sent his requests to has provided the dates of employment and signed the document EXCEPT defendants EMAGES, Inc. and Hattie Wash who apparently feel empowered by the defendants United States et al.

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

38. Plaintiff could apply for the Student Loan Forgiveness program due to EMAGES, Inc and Hattie Wash refusing to provide the information needed.

**Response:** Denied. Defendants deny that plaintiff cites to specific evidentiary material to support these allegations.

    Respectfully submitted,

    JOHN R. LAUSCH, Jr.
    United States Attorney

    By: s/ Kurt N. Lindland
        KURT N. LINDLAND
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-4163
        kurt.lindland@usdoj.gov