UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRED L. NANCE, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 3861 |
| v. | ) | |
| | ) | Judge Alonso |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF FEDERAL DEFENDANTS'S
MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT**

**Introduction**

Plaintiff Fred L. Nance, Jr. responds to the defendants' motion to dismiss or alternatively for summary judgment by arguing that his False Claims Act (FCA) allegations that were previously dismissed can be revived by realleging them under the Federal Tort Claims Act. He also argues that his FCA claims *against* the United States can somehow now be filed under seal after the fact. He fails to respond to the defendants' arguments that his FCA claim was filed improperly, except for the belated seal request, and that it cannot be pursued by a *pro se* plaintiff, in any event. He also fails to respond to the argument that that his Federal Tort Claims Act claim should be dismissed because there is no analogous tort liability against a "private individual under like circumstances." 28 U.S.C. §§ 2674, 1346(b). Accordingly, the court should dismiss the complaint against the federal defendants with prejudice, or alternatively grant them summary judgment.

**Argument**

Nance ignores the fact that this court previously dismissed his baseless allegations regarding a grant award that was supposedly unlawfully terminated in alleged retaliation for what

he labels as "whistleblowing" complaints. He also ignores the defendants' arguments that his False Claims Act claim should be dismissed because he is ineligible to file an FCA case as a non-attorney *pro se* litigant, and that he failed to comply with the requirements of the FCA by filing his claim against the government rather than on behalf of the government and by failing to provide the government an opportunity to intervene. He also fails to address the argument that his Federal Tort Claims Act claim should be dismissed because no analogous private liability exists against a private individual under like circumstances, as the Act requires, nor does he address the argument that his other non-FTCA claims (counts 1-2 and 5-8) should be dismissed for the same reasons this court previously dismissed them with prejudice, and because they are now barred by the doctrine of *res judicata*. Finally, his related motion to conduct discovery before responding to this motion should be denied, for several reasons, as set forth below.

I. **There Is No Analogous Tort Liability Against the United States as Required by the FTCA**

Nance ignores the argument that there is no analogous *private*-party tort liability for his FTCA claim, and he fails to identify any duty owed to him by the DOJ that was allegedly breached by processing the grant termination request submitted by EMAGES or by disallowing Nance from serving as a reviewer of applications for a grant program where he had a clear conflict of interest. Instead, Nance falsely claims, without evidence, that "the United States employees acted negligently and wrongfully, which led to plaintiff being terminating for filing whistleblower complaints." Resp. at 5. To the contrary, EMAGES properly followed the grant termination provisions found in 2 C.F.R. § 200.340(a)(4), and Nance provides no basis for finding that the federal government can force an unwilling or unable grant recipient to continue performing grant-funded activities.

Similarly, Nance has not identified any legal support for his invented theory that defendants were required to perform an investigation into the reasons for termination provided by EMAGES' CEO, Hattie Wash. Nance's dispute over the continuation of a grant award is with the grant recipient, which does not give rise to a speculative legal claim against the federal government.

Nance's additional argument, that a tortious act was committed when he was denied the opportunity to review applications to a grant program for which he submitted his own application through his organization, C.L.I.C.K. Services (Resp. at 6), is equally unsupported and baseless. It is obviously a conflict-of-interest for him to review grant applications that are competing with his own application for a grant, or for him to review his own application, yet he seems to miss that point when he argues that his prior experience as a peer reviewer would somehow assuage any conflict-of-interest problems. Resp. at 6. Like Nance's other claims, this is an entirely baseless argument, and it should be dismissed.

In any event, this court already considered and rejected Nance's whistleblower claims against the government in his prior case and dismissed them with prejudice. Mem. Op., Dkt. 64. Nance provides no support for his attempt to revive those claims under the FTCA.

Even if Nance could relitigate them, which he cannot, his FTCA claim should be dismissed because the FTCA only provides tort liability against the government analogous to that of a "private individual under like circumstances," and there is no such analogous liability here. 28 U.S.C. § 1346(b); *see Feres* v. *United States*, 340 U.S. 135, 141 (1950); *see also Emps. Ins. of Wausau* v. *United States*, 830 F. Supp. 453, 456 (N.D. Ill. 1993), aff'd, 27 F.3d 245 (7th Cir. 1994), *citing Chen* v. *United States*, 854 F.2d 622 (2d Cir.1988) ("As we recently held in *Chen*, 'for liability to arise under the FTCA, a plaintiff's cause of action must be 'comparable' to a 'cause of action against a private citizen' recognized in the jurisdiction where the tort occurred, and his allegations, taken as true, must satisfy the necessary elements of that comparable state cause of

3

action.'") There is no *private* tort liability as far as we are aware for failure to properly process *government* grants, or for disqualifying a reviewer from reviewing *government* grant applications.

**II.     Nance's FCA Claim Is Improper.**

Like his FTCA claim, Nance's FCA claim should also be dismissed, for several reasons. Nance fails to respond to the argument that he cannot bring a False Claims Act claim as a *pro se* litigant and that he failed to comply with several FCA procedural requirements in any event. *See* Compl. at 2, 33. His request to retroactively file his complaint under seal (Resp. at 9) should be rejected because filing under seal now will not cure the error since the complaint was already filed in the public record, and because it is improper for the other reasons set forth in our opening brief. Def.'s Mem., Dkt. 7, at 10 – 11; 31 U.S.C. § 3730(b)(2).

Furthermore, claims under the FCA can be brought only *on behalf* of the United States, not *against* the United States, as Nance alleges here. 31 U.S.C. § 3730(b)(1). Also, the Act prohibits a *pro se* non-attorney relator from bringing a claim on his own behalf. *U.S. ex rel. Szymczak* v. *Covenant Healthcare Sys., Inc.*, 207 F. App'x 731, 732 (7th Cir. 2006), *citing United States ex rel. Lu* v. *Ou*, 368 F.3d 773, 775 (7th Cir. 2004), *abrogated on other grounds by U.S. ex rel. Eisenstein* v. *City of New York, New York, U.S.*, June 8, 2009 ("[A] qui tam relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself. He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants."); *see also Georgakis* v. *Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) (citations omitted) ("But to maintain a suit on behalf of the government, the relator (as the qui tam plaintiff is termed) has to be either licensed as a lawyer or represented by a lawyer—and [this plaintiff] is neither. A nonlawyer can't handle a case on behalf of anyone except himself."). Accordingly, Nance is not only ineligible to bring a FCA case on his own, but his FCA claim disregards the Act's procedural requirements, and it should therefore be dismissed.

**III.     Nance's Other Claims Are Precluded by the Prior Judgment.**

Nance fails to respond to the argument that his remaining claims under the National Defense Authorization Act of 2013, and for whistleblower protection (41 U.S.C. § 4712), retaliation, hostile work environment, emotional distress, and "special damages" (Compl. at 30 – 36), were previously dismissed against the DOJ with prejudice. *Nance v. DOJ*, 20 C 6316, (N.D. Ill.) (June 8, 2021), Dkt. 64.

As set forth in our opening brief (Def. Mem., Dkt. 7, at 11–13), those claims are barred under the doctrine of r*es judicata* because they were "litigated or could have been litigated in a previous action when three requirements are met: (1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Bell* v. *Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (citations and internal quotation marks omitted). Those claims should therefore be dismissed.

**IV.     Nance's Complaint Does Not Meet *Iqbal* and *Twombly* Standards**

Aside from the several other reasons to dismiss Nance's complaint, it also does not meet *Iqbal* and *Twombly* pleading standards. Nance argues, without support, that he "provided details to support his claim that the DOJ employees had a duty to investigate the plausible reasons provided by EMAGES for terminating the grant, and that DOJ terminated the award for an improper purpose." Resp. at 14. He provides no support for his allegation beyond conclusory allegations that DOJ had a legal duty to investigate the reasons why EMAGES terminated its award. *Id.* at 14–15. His complaint thus fails to state a claim under *Iqbal* and *Twombly* pleading standards.

As set forth in our opening brief (Def. Mem., Dkt. 7, at 14–15), Nance provides no details to support his claim that the DOJ had any duty to investigate the plausible reasons provided by EMAGES for terminating the grant or that DOJ terminated the award for an improper purpose, nor

does provide facts that would allow a court to reasonably infer that DOJ had "possible conspiratorial connections" with EMAGES and its CEO (Compl. at 30.). Instead, Nance provides immaterial emails and reports that he supposedly submitted, claiming that a comparison between the EMAGES termination letter and the emails support his claims, yet he does not explain what such a comparison would supposedly yield.

For example, Nance points to an email exchange between a psychologist (Dr. Whitherspoon) involved in the EMAGES grant award and Nance. Resp. at 14, note 3. Nance describes the email exchange as the psychologist stating that there was "a plan for going forward during the Coronavirus pandemic." Resp. at 15. The email thread includes a discussion of how COVID-19 affected participants in the grant-funded program and some technical reporting details, but it does not include any substantive details on a "plan for going forward" during the COVID-19 pandemic. This email exchange did not include any employee of defendants and does not support Nance's theory of liability or provide any details that would substantiate Nance's allegations of wrongdoing by defendants. In any event, none of the materials cited by Nance support his theory that defendants had a legal duty to investigate the reasons provided by EMAGES for terminating the grant, and they do not provide sufficient detail to meet the standards articulated in *Twombly* and *Iqbal* by the Supreme Court. *See* Def. Mem., Dkt. 7, at 14–15.

Also, in a separate pleading, Nance claims that defendants are "circumventing the normal process" by filing a summary judgment motion and that he was "forced" to file a motion for discovery under Rules 26 and 56(d). Nance Rule 26 and 56(d) Motion, Dkt. 11-4, at 1. Nance's motion repeatedly recognizes the requirement that he must state the reasons why he cannot respond to a summary judgment motion without discovery (a motion to which he has already filed his response), yet he fails to provide the required reasons. *Id.* Instead, Nance simply claims that "precedents emphasize the importance of allowing a party the opportunity to take meaningful

discovery before granting summary judgment against him." *Id.* at 2–5. There is no meaningful discovery that would illuminate the legal issues that require dismissal.

Similarly, Nance fails to explain what facts he seeks to gain through discovery and why they are essential to justify his opposition to the defendants' motion. Pl. Aff., Dkt. 11-5. Nance identifies facts for which he claims he needs discovery to prove *his claims*, but not discovery on facts to oppose the defendants' motion, as is required. *Nance v. NBC Universal Media, LLC,* Case No. No. 16 C 11635, 2019 WL 3410378, at *2 (N.D. Ill. July 29, 2019) appeal dismissed sub nom; *Nance v. NBC Universal Media LLC*, No. 192660, 2020 WL 8615363 (7th Cir. Apr. 23, 2020); see also Pl. Aff., Dkt 11-5, at 1 ("Plaintiff needs discovery to support his claims.") Also, Nance's affidavit in support of his discovery motion is substantially identical to his statement of additional facts that he filed in support of his opposition to the defendants' motion to dismiss or alternatively for summary judgment, and Nance does not explain what facts he now needs through discovery that are necessary to justify his already-filed opposition. Regardless, Nance can and did respond to the defendants' motion without discovery and therefore his discovery motion should be denied.

## V.     Nance Failed to Comply with Local Rule 56.1.

The court should not consider Nance's Rule 56.1(b)(3) statement of additional facts, his responses to the defendants' Rule 56.1 statement of facts, or his response to the defendants' motion to the extent that he does not comply with LR 56.1. In responding to the defendants' motion to dismiss or alternatively for summary judgment**,** Nance failed to comply with Local Rule 56.1 in several ways. Summary judgment motions are governed by Rule 56 and Local Rule 56.1, both of which the court strictly enforces, even with respect to *pro se* litigants. *See, e.g., Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008) ("District courts are entitled to strict compliance with Rule 56.1."); *Wilson v. Kautex*, Inc., 371 F. App'x 663, 664 (7th Cir. 2010) citing *Greer v. Bd. of Educ.*, 267 F.3d 723, 727 (7th Cir. 2001) (Local Rule 56.1 applies to *pro se* litigant);

*Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (same). Local Rule 56.1 is straightforward and clear; it requires each party opposing a motion for summary judgment to file: (1) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific citations to the record, and (2) a separate statement of any additional facts that require denial of summary judgment. LR 56.1(b)(3). The rule "provides the only acceptable means of disputing the other party's facts and of presenting additional facts to the district court." *Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1317 (7th Cir. 1995); *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) ("Rule 56.1(b)(3)(B) provides the only acceptable means of . . . presenting additional facts.").

Parties are not permitted to present additional facts in a manner different from that provided in the rule. *Id.*; *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). ("A court should not be expected to review a lengthy record for facts that a party could have easily identified with greater particularity.") Where the movant provides a Rule 56.1 statement of facts and the non-movant fails to respond, or fails to present additional facts of its own, the court "deems admitted all" of the movant's facts. *Cent. States, Se. & Sw. Areas Pension Fund v. REW Corp.*, No. 11 C 1327, 2011 WL 3627383, at *1 (N.D. Ill. Aug. 17, 2011) (citing LR 56.1(b)(3)(C)). Similarly, the court "deems a fact admitted if one party supports that fact with admissible evidence and the other party fails to controvert the fact with citation to admissible evidence." *Kaminski v. Napolitano*, No. 07 C 3405, 2009 WL 1891799, at *1 (N.D. Ill. June 30, 2009) (citing *Ammons*, 368 F.3d at 817-818); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (quoting LR 56.1(a)(3)). Also, the court "may disregard statements and responses that do not properly cite to the record." *In re First Farmers Fin. Litig.*, No. 14 CV 7581, 2017 WL 6026652, at *2 (N.D. Ill. Dec. 5, 2017) (citing *Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 809–810 (7th Cir. 2005)). And while pleadings by *pro se* litigants are to be construed liberally, courts are not

8

"obliged in our adversary system to scour the record looking for factual disputes," as "a lawsuit is not a game of hunt the peanut." *Greer*, 267 F.3d at 727 quoting *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921–22 (7th Cir.1993).

Here, Nance, an experienced *pro* se litigant,[1] filed a Rule 56.1 statement of additional facts (Dkt. 11-2) that contains several paragraphs that should be disregarded because he fails to cite to evidence in the record to support those paragraphs, including paragraphs 2, 20 - 39. LR 56.1 (d)(2); *In re First Farmers Fin. Litig.*, No. 14 C 7581, 2017 WL 6026652, at *2 (N.D. Ill. Dec. 5, 2017) (citing *Cichon*, 401 F.3d 803, at 809–810.); *Wilson*, 371 F. App'x at 664 (applying LR 56.1 to *pro se* litigant). Nance also fails to cite to evidence in the record to support most of his responses to the defendants' Rule 56.1 statement of facts, *e.g.*, ¶¶ 1 – 6, 8 – 16. Dkt. 11-1; LR 56.1(e)(3). Accordingly, the court should disregard those statements of fact, and his responses to the defendants' statements of fact, that do not comply with Rule 56.1.

In addition, rather than cite to the parties' Rule 56.1 statements of fact in responding to the defendants' motion to dismiss or alternatively for summary judgment, as the rule requires, Nance improperly cites to specific pieces of evidence in the record, or he provides no support at all for his "facts," *e.g.* Pl.'s Resp. (Dkt. 11) at 7 – 9, 14 – 15. Rule 56.1(g); *Malec*, 191 F.R.D. at 586 ("citations in the fact section should be to the 56.1 statement not 'directly to pieces of the record.'"); *Madaffari v. Metrocall Companies Group Policy GL, H21163-0*, No. 02 C 4201, 2005 WL 1458071, *1 (N.D. Ill. June 15, 2005) ("[P]arties are required to cite to the numbered paragraphs of their Local Rule 56.1 statements and not to the underlying parts of the record.").

---

[1] *Nance v. NBCUniversal Media, LLC*, No. 16 C 11635, 2018 WL 1762440, at *1 (N.D. Ill. Apr. 12, 2018); *Nance v. Chicago Christian Indus. League*, No. 04 C 1833, 2005 WL 1030209, at *1 (N.D. Ill. Apr. 27, 2005), aff'd, 173 F. App'x 526 (7th Cir. 2006); *Nance v. United States Dep't of Just.*, No. 21-2161, 2021 WL 6201399, at *1 (7th Cir. Aug. 4, 2021); *Nance v. Rothwell*, No. 09 C 7733, 2011 WL 1770306, at *1 (N.D. Ill. May 9, 2011); *Nance v. Swagmeyer*, 132 F.3d 36 (7th Cir. 1997); *Nance v. Vieregge*, 147 F.3d 589 (7th Cir. 1998).

"This citation practice is materially improper." *French v. Hartford Life & Acc. Ins. Co.*, No. 05 C 0975, 2006 WL 2247248, *9 (N.D. Ill. Aug. 2, 2006); *Curtis v. Wilks*, 704 F.Supp.2d 771, 789 (N.D. Ill. 2010) ("Any facts plaintiffs assert in their response brief that were not included in their LR 56.1 submissions will not be considered.") Accordingly, the court should not consider Nance's Rule 56.1(b)(3) statement of additional facts, his responses to the defendants' Rule 56.1 statement of facts, or his response to the defendants' motion, to the extent he does not comply with LR 56.1, as set forth above.

## Conclusion

For the foregoing reasons, this court should dismiss the claims against the federal defendants in their entirety with prejudice, or alternatively grant them summary judgment, and it should deny plaintiff's motion to conduct discovery.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Kurt N. Lindland
    KURT N. LINDLAND
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4163
    kurt.lindland@usdoj.gov