**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Fred L. Nance, Jr., | |
| Plaintiff, | Case No. 22-cv-03861 |
| United States, *et al.*, | Honorable LaShonda A. Hunt |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Representing himself, Plaintiff Fred L. Nance, Jr., sued the United States of America and multiple federal government agencies, officials, and employees (the "Government Defendants") under several federal statutes and for various state common law causes of action. The Government Defendants now move to dismiss Nance's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, alternatively, seek summary judgment under Federal Rule of Civil Procedure 56. For the reasons stated below, the Court grants the motion as follows—the FTCA claim is dismissed without prejudice and the remaining claims are dismissed with prejudice.

## PROCEDURAL HISTORY

Nance commenced the instant case in July 2022 by filing "Plaintiff['s] Whistleblower Complaint at Law" (hereinafter, the "Second Case"). (Compl., Dkt. No. 1). Approximately two years earlier, in October 2020, Nance had commenced a similar action, Case No. 20-cv-06316, by filing "Plaintiff's Original Complaint" (hereinafter, the "First Case") (20-cv-06316, Compl., Dkt. No. 5).[1]

---

[1] Nance filed two apparently identical complaints in the First Case at Dkt. Nos. 1 and 5. For purposes of this decision, the Court will treat the later-filed complaint as the operative pleading.

## I.  Comparison of the Complaints Filed in Each Case

Although there are notable differences between the complaints filed in the First Case and the Second Case, they contain many of the same allegations and claims.  The Court will discuss the allegations in greater detail below, but, essentially, Nance alleges that his employer and certain government agencies, officials, and employees retaliated against him for reporting perceived fraud and misappropriation with respect to federal grant funds.

Based on these allegations, both complaints assert federal statutory claims under the National Defense Authorization Act for Fiscal Year 2013, Pub. L. No. 112-239, 126 Stat. 1632 (2013) (NDAA),[2] 41 U.S.C. § 4712, and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (FTCA), along with state common law claims for retaliation, hostile work environment, emotional distress, and special damages.  In addition, each complaint contains a claim that the other does not.  The complaint filed in the First Case asserted a claim for violation of the Illinois Whistleblower Act, 740 ILCS 174/1, *et seq.*, and the complaint filed in the Second Case asserts a claim under the False Claims Act, 31 U.S.C. §§ 3729-3733 (FCA).[3]

The defendants named in each complaint also vary.  In the First Case, Nance sued the following defendants: the Department of Justice (DOJ); the Bureau of Justice Assistance (BJA); the Office of Justice Programs (OJP); EMAGES, Inc. (federal grant recipient/Nance's former

---

[2] Section 828 of the 2013 NDAA created a temporary "Pilot Program for Enhancement of Contractor Employee Whistleblower Protection".  Congress eventually enacted a permanent version of the program as 41 U.S.C. § 4712.

[3] The first paragraph of the complaint in the Second Case also references 10 U.S.C. § 2409 (now § 4701), which contains whistleblower protections analogous to 41 U.S.C. § 4712 that apply to Department of Defense or National Aeronautics and Space Administration grants only, and 5 USC § 1221(e)(1), which contains whistleblower protection in connection with certain government employment activity. But Nance did not reference these provisions anywhere else in the complaint or in his opposition brief. Accordingly, to the extent that Nance intended to assert such claims, the Court dismisses them for failure to prosecute. Fed. R. Civ. P. 41(b).

employer and/or partner); Hattie Wash (EMAGES president/CEO); Thomas Bradley (grant accountant); Michael Dever (BJA officer/employee); Andre Bethea (OJP officer/employee); and Tracy Willis (OJP officer/employee). (20-cv-06316, Compl. at 6, Dkt. No. 5).

The complaint filed in the Second Case contains conflicting statements about the identities of the Defendants. Despite the clear mandate of Federal Rule of Civil Procedure 10(a) that "[t]he title of the complaint must name all the parties[,]" Fed. R. Civ. P. 10(a), the caption here states that the Defendants are "United States, et al.," which suggests Nance has sued multiple defendants. (Compl. at 1, Dkt. No. 1). The section entitled "PARTIES" names all the same defendants as in the First Case, with the addition of the United States of America and the exclusion of Hattie Wash and Thomas Bradley. (*Id.* at 3). In another section, however, the complaint repeatedly clarifies that the United States is the only Defendant: "[the] FTCA claim can be brought only against the United States, not the DOJ."; "The only proper defendant in an FTCA action is the United States not DOJ."; "Plaintiff . . . now re-files his case in this Court against the United States and not DOJ . . . "; "Plaintiff is filing a complaint against the United States . . . , not the DOJ, specifically." (*Id.* at 6-7).

Notwithstanding those statements, the complaint later refers again to multiple defendants: "Plaintiff claims the United States and all defendants employed by the United States Department of Justice, Bureau of Justice Assistance, Office of Justice Programs listed in this complaint . . . " (*Id.* at 30). But then, reversing course yet again, in Nance's response brief he states that "Plaintiff's complaint is against the United States, not the Federal Defendants[,]" (Pl.'s Resp. at 2, Dkt. No. 11), "Plaintiff has brought this action naming the appropriate defendant, United States[,]" (*Id.* at 3), and "Plaintiff is suing the United States" (*Id.* at 5). Finally, in closing, Nance changes his

3

stance one more time by stating: "For the foregoing reasons, this court should not dismiss plaintiff's claims against the United States and federal employees . . . [.]" (*Id.* at 15).

Construing his *pro se* pleadings liberally as the Court must, it appears that Nance intended to name either (a) the United States as the only defendant for the FTCA claim and the United States and other federal government agencies and employees as defendants for other claims, or (b) the United States as the only defendant and references to other defendants are the result of confusion or an unintentional carrying over from the complaint in the First Case. In any event, it is unclear exactly which claims Nance is asserting against particular Defendants. These concerns are ultimately immaterial, however, because the instant complaint must be dismissed regardless of whether the United States is the only defendant.

## II.   Relevant Orders and Filings

In the First Case, previously assigned District Judge Alonso[4] dismissed the FTCA claim against the Government Defendants without prejudice (and without leave to amend) because Nance did not exhaust administrative remedies before filing the case.[5] (20-cv-06316, Mem. Op. & Order at 12, Dkt. No. 64). The remaining federal statutory claims and state common law claims against the Government Defendants were all dismissed with prejudice because "an entity cannot be liable on those claims unless it was plaintiff's employer" and Nance "admitted in open court that he was not an employee of the Department of Justice." (*Id.* at 13).[6]

---

[4] Both the First Case and the Second Case were reassigned to the calendar of Judge Hunt on June 2, 2023.

[5] Nance failed to include a "claim for money damages in a sum certain" in the letters he sent to certain government agencies. *See* 28 C.F.R. § 14.2(a).

[6] The First Case has proceeded on claims under the NDAA and FCA and other state law causes of action against "private defendants" EMAGES, Inc. and Wash. (20-cv-06316, Am. Compl., Dkt. No. 129).

4

Nance subsequently filed several motions in the First Case aimed at restoring the FTCA claim. Judge Alonso denied Nance's request to stay proceedings while he sought to exhaust administrative remedies, stating that "[a] suit filed before a plaintiff exhausts [administrative remedies] must be dismissed, even if the plaintiff exhausts after filing suit. Accordingly, this case is over with respect to the government defendants." (20-cv-06316, Order at 1, Dkt. No. 68).[7] Next, after having allegedly exhausted his administrative remedies, Nance filed motions seeking to reinstate the FTCA claim or re-assert it in an amended complaint, which Judge Alonso likewise denied. (20-cv-06316, Pl.'s Mots., Dkt. Nos. 110, 116, 123). Judge Alonso explained to Nance once more that "Plaintiff simply cannot add an FTCA claim to this case" and further warned him that "[f]uture attempts to reopen the judgment as to the FTCA claim or otherwise to add a claim under the FTCA to this case may be met with sanctions." (20-cv-06316, Order at 2, Dkt. No. 123). Finally, Nance commenced the Second Case against the Government Defendants raising the FTCA claim, but also adding the employment-based claims (which had previously been dismissed with prejudice in the First Case upon his admission that he was not a government employee), along with a new claim under the FCA.

## BACKGROUND

In support of his claims in the Second Case, Nance realleged many facts contained in the complaint in the First Case concerning the history of the subject grant, the perceived fraud and misappropriation with respect to grant funds by Wash, the supposedly pretextual termination of the grant, and his belief that he was retaliated against by Wash, EMAGES, and the Government Defendants for reporting these events. (Compl. ¶¶ 1-98, Dkt. No. 1). The Court will presume

---

[7] Nance filed a notice of appeal which the Seventh Circuit dismissed for lack of jurisdiction. *See Nance v. Dep't of Just.*, No. 21-2161 (7th Cir. Aug. 4, 2021).

familiarity with those details and not restate them here.  However, the complaint in the Second Case does allege several new, relevant facts that warrant discussion.

After the EMAGES grant was terminated at Wash's request, Nance, through his organization, C.L.I.C.K. Services, NFP, attempted to apply for a Second Chance Act Community-Based Reentry Fiscal Year 2021 grant.  (*Id*. ¶ 101).  Nance missed the application submission deadline, and his application was rejected due to technical glitches/difficulties.  (*Id.* ¶¶ 101-106).  Nance's appeal of the rejection was initially denied, but upon further consideration he was ultimately offered additional time to submit/complete his application.  (*Id.* ¶¶ 107-101).  The complaint does not state whether Nance acted upon this offer or eventually received a grant.

In addition, Nance attempted to participate in the Fiscal Year 2021 Second Chance Act Community-Based Reentry Program peer review program, but he did not receive an assignment when expected.  (*Id.* ¶¶ 111-17).  In response to various communications Nance sent concerning the peer review, he received the following statement: "As there are fewer applications going forward to peer review than initially anticipated, we will not need to utilize the total number of peer reviewers initially invited to participate."  (*Id.* ¶ 118).  After Nance requested clarification, he received the following reply: "You are not eligible to serve on this peer review panel.  Peer reviewers must comply with BJA's conflict of interest rules and regulations.  A peer reviewer cannot have a financial relationship with an organization that submitted an application under the solicitation being peer reviewed.  Thank you for your interest."  (*Id.* ¶¶ 119-20).  According to Nance, "[that] decision has DOJ, BJA, OJP Bethea's fingerprints all over it.  Bethea is retaliating against [Nance] due to this litigation."  (*Id.* ¶ 123).

Nance had also refiled his so-called whistleblower complaint with the DOJ after Judge Alonso determined that he had failed to properly exhaust administrative remedies with respect to

the FTCA claim. (*Id.* at 5). The DOJ denied Nance's claim in a letter dated April 28, 2022, which stated as follows:

> We have reviewed the administrative tort claim you submitted to the U.S. Department of Justice dated June 9, 2021, relative to the alleged acts or omissions of employees of the Office of Justice Programs, the Bureau of Justice Assistance, and the U.S. Department of Justice occurring from April 2020 to November 2021. After careful consideration, it has been determined that your claim is not compensable. Accordingly, your claim must be and hereby is denied.
>
> I am required by law (28 C.F.R. § 14.9(a)) to inform you that, if you are dissatisfied with this determination, you may file suit in an appropriate United States District Court no later than six months after the date of mailing of this notification of denial. 28 U.S.C. § 2401(b).

(*Id.* Unlabeled Exhibit to Compl.).

The complaint strings together these allegations to generally claim that the Government Defendants caused the termination of Nance's employment, failed to sufficiently investigate Nance's claims about wrongful conduct in connection with the grant funds, failed to restore his employment, and conspired, colluded, and collaborated with EMAGES and Wash to accept the request to terminate the grant under the pretext of pandemic-related difficulties in retaliation against Nance for whistleblowing. (*Id.* at 30-31). For having suffered all these purported wrongs, Nance requests: (1) $500,000 in damages; (2) approval of a $750,000 grant for his organization; (3) reprimand of the involved government employees; and (4) letters of support or apology exonerating him from wrongdoing. (*Id.* at 36).

In response to Nance's complaint in the Second Case, the Government Defendants filed the motion that is now before the Court, seeking dismissal or, alternatively, summary judgment, on all claims. According to the Government Defendants, the FTCA claim should now be dismissed because there is no analogous tort liability against the government as a "private individual under

like circumstances[,]" which is required under 28 U.S.C. § 2674. (Defs.' Mem. at 5-10, Dkt. No. 7). Furthermore, the Government Defendants argue that the FCA claim is subject to dismissal because the government cannot be sued under the statute, Nance failed to comply with several filing requirements, and such a claim cannot be pursued without counsel. (*Id.* at 10-11). As to the remaining employment-based claims, the Government Defendants assert that the final judgment in the First Case precludes Nance from bringing them again here, and, in any event, they suffer from the same underlying defects (i.e., that the Government Defendants were not Nance's employer). (*Id.* at 11-14).

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(1) permits a party to move for dismissal based on a "lack of subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1); *see also Laborers' Pension Fund v. Midwest Milling & Paving Co., Inc.*, No. 20-cv-00908, 2021 WL 292849, at *2 (N.D. Ill. Jan. 28, 2021). Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal based on the opposing party's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Faced with a Rule 12(b)(6) dismissal motion, courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). In addition, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* at 322 (citing

5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)). The movant has the burden to show entitlement to dismissal. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).

Federal Rule of Civil Procedure 56(a) requires summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## DISCUSSION

### I.   Federal Tort Claims Act (Count III)

Nance's FTCA claim was properly dismissed in the First Case because he had not exhausted his administrative remedies. After the DOJ denied his administrative tort claim based on the same underlying allegations, Nance filed the complaint in the Second Case reasserting his FTCA claim. With the question of exhaustion settled, the Government Defendants now move to dismiss the FTCA claim because there is no analogous tort liability against the government "as a private individual under like circumstances," as required under 28 U.S.C. § 2674.

The FTCA "was designed primarily to remove the sovereign immunity of the United States from suits in tort." *Levin v. United States*, 568 U.S. 503, 506 (2013) (quoting *Richards v. United States,* 369 U.S. 1, 6 (1962)). The applicable statute imposes liability on the United States for tort claims "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. Subject to certain express exceptions, the jurisdictional statute grants district courts exclusive jurisdiction over "claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). One such exception excludes "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]" 28 U.S.C. § 2680(h). "In

9

FTCA cases, state law applies to substantive questions and federal rules govern procedural matters." *Gil v. Reed*, 535 F.3d 551, 558 n.2 (7th Cir. 2008).

Two paragraphs comprise the FTCA count of Nance's complaint. The first adopts the preceding 31 pages of "opening paragraphs and paragraphs 1-127" while the second recites some of the applicable statutory text. (Compl. at 32, Dkt. No. 1). A few pages earlier, in the first paragraph under "CAUSES OF ACTION", Nance appears to summarize the theory underlying his FTCA claim: "the United States . . . violated the Federal Tort Claims Act . . . [by] directly and indirectly causing the termination of plaintiff[']s employment, . . . and . . . for not sufficiently investigating plaintiff[']s claims against EMAGES, Inc., Dr. Hattie Wash and restoring plaintiffs employment." (*Id.* at 30).

The Government Defendants seek dismissal of the FTCA claim on several grounds. First, they argue that there is no tort liability for private individuals under circumstances that are analogous to accepting a request to terminate a grant award or disallowing an individual with a conflict of interest from peer reviewing grant applications. Because Nance did not articulate any specific tort(s) to serve as a basis for the FTCA claim, the Government Defendants speculated that he might have attempted to assert negligence, fraud, tortious interference with contract rights, or, perhaps, civil conspiracy.

If Nance is claiming negligence, then the Government Defendants argue that he has not and cannot allege that they (a) owed him a duty in connection with the grant termination or peer review approval process, or (b) caused him any damage, because the grant recipient requested that the grant be terminated. If Nance is claiming fraud, tortious interference with contract rights, or civil conspiracy, then the Government Defendants note that his claim must fail because such actions are expressly excluded by statute. Additionally, the Government Defendants observe that

10

the injunctive relief and prejudgment interest requested by Nance are not recognized forms of relief under the FTCA. In response, Nance repeats the conclusory theory underlying his claim: "the United States employees acted negligently and wrongfully, which led to plaintiff being terminated for filing whistleblower complaints." (Pl.'s Resp. at 5, Dkt. No. 11). Furthermore, Nance states that he has "satisfied [the] criteria" of alleging that the DOJ employees had a duty to investigate his whistleblower complaints, that they caused his termination by the grantee, and that these issues constitute disputes of material fact that should preclude dismissal or summary judgment. (*Id.* at 5-9).

The Court agrees that the complaint, as alleged, does not identify any tort or contain facts supporting the elements of a tort that would give rise to a claim under the FTCA. First, it is problematic that the complaint does not articulate the tort claim upon which Nance's FTCA claim is based. If alleging negligence, Nance has failed to allege facts in support of a duty owed to him by the Government Defendants. *Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Directors*, 593 F.3d 507, 514 (7th Cir. 2010) (listing the "basic elements of a negligence claim, which are the existence of a duty, breach of that duty, and an injury proximately resulting from the breach.") (citing *Krywin v. Chi. Transit Auth.*, 391 Ill. App. 3d 663 (2009)). Although his response states that "the United States employees acted negligently" and had a duty to investigate his whistleblower complaints, Nance cited no legal authority in support of such a duty under the circumstances alleged in the complaint. Without the detail evincing a plausible claim, the FTCA count must be dismissed because either there is no analogous tort liability or the complaint, as alleged, fails to state a claim for negligence. Similarly, Nance has failed to sufficiently allege facts that would support causation.

If Nance intended to allege any of the other intentional torts identified by the Government Defendants, then he has pled himself out of court, as they are all excluded from the FTCA under 28 U.S.C. § 2680(h). Because the complaint is undeveloped as to the legal theory underlying Nance's FTCA claim and Nance is proceeding *pro se,* the Court hesitates to reach such a determination at this juncture of the case. Nonetheless, the Court cautions Nance that some of the allegations of the complaint appear to be of the type that would support certain claims such as misrepresentation, deceit, or interference that are excluded from the FTCA. (*See, e.g.*, Compl. at 30 & ¶ 123, Dkt. No. 1 ("The United States employees actively conspired, colluded, and/or work collaboratively with EMAGES, Inc. and Dr. Hattie Wash . . . " & "This decision [(i.e., denial of peer review application)] has DOJ, BJA, OJP Bethea's fingerprints all over it. Bethea is retaliating against plaintiff due to this litigation."). These are the type of allegations that would give rise to intentional tort claims that are barred under the statute. For these reasons, the FTCA claim is dismissed without prejudice.[8]

## II. <u>False Claims Act (Count IV)</u>

The Government Defendants provided a host of reasons for dismissal of Nance's FCA claim. In response, Nance offered to file an amended complaint under seal but did not address to any of the identified issues. Because FCA claims must adhere to certain statutory requirements and cannot be filed against the federal government or by an individual without an attorney, Nance cannot proceed on the FCA claim here.

---

[8] The Government Defendants also moved for summary judgment under Fed. R. Civ. P. 56. But no facts were alleged in either their Local Rule 56.1 statement or Nance's Local Rule 56.2 statement that would shed light on the grounds for Nance's FTCA claim. Therefore, Nance will be granted a final opportunity to allege a proper cause of action under the FTCA against the Government Defendants.

It is well-established that an FCA claim may not be filed by an individual who is not an attorney or represented by an attorney. *See Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013); *United States ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 F. App'x 731, 732 (7th Cir. 2006); *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775-76 (7th Cir. 2004), *abrogated on other grounds by United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 931 n. 1 (2009); *see also* 28 U.S.C. § 1654. Nance is not an attorney, and he is not represented by an attorney. For this reason alone, Nance's FCA claim must be dismissed.

In addition, Nance's FCA claim does not comply with several statutory requirements. Under 31 U.S.C. § 3730(b)(1), a person may bring a civil action under 31 U.S.C. § 3729 for the person and United States, and the action must be brought in the government's name. Contrary to the statutory framework, Nance did not file his FCA claim in the government's name. Furthermore, 31 U.S.C. § 3730(b)(2) specifies the method of service of the complaint and other required disclosures upon the government, provides that the complaint must be filed and remain under seal for at least 60 days, and allows the government an opportunity to intervene. Nance's failure to comply with any of those requirements also mandates dismissal.

Finally, it is fundamental that the FCA allows a person to file suit on behalf of the federal government—not against it. Yet Nance appears to be suing the federal government.[9] The statute provides that "any person" who presents false or fraudulent claims to the federal government is liable for certain penalties and damages. 31 U.S.C. § 3729(a)(1). In turn, a "person" is allowed to "bring a civil action for a violation of section 3729 for the person and for the United States Government." 31 U.S.C.A. § 3730(b). There is a "longstanding interpretive presumption that

---

[9] The FCA claim does not expressly state the name of the defendant(s) against whom it is asserted. (Compl. ¶ 129, Dkt. No. 1.)

'person' does not include the sovereign." *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 780 (2000) (citing *United States v. Mine Workers,* 330 U.S. 258, 275 (1947)). Furthermore, the statutory definition of "person" generally does not expressly include the federal government. 1 U.S.C. § 1 ("In determining the meaning of any Act of Congress, unless the context indicates otherwise . . . the words 'person' and 'whoever' include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals[.]"). Here, context, statutory text, and longstanding precedent all cause the Court to conclude that an FCA claim cannot be brought *against* the federal government. For this reason too, Nance's FCA claim must be dismissed with prejudice.

### III.   Remaining Claims (Counts I, II, V-VII, and the "Retaliation" Count)

Last, the Government Defendants seek dismissal of the remaining claims (violation of the 2013 NDAA, violation of 41 U.S.C. § 4712, retaliation, hostile work environment, emotional distress, and special damages) because Nance is precluded from pursuing the claims again here and for the same reason that they were dismissed with prejudice in the First Case. The Court agrees that Nance would be barred from relitigating those claims, except to the extent that Nance's claims in the Second Case are based on acts of alleged retaliation that occurred ***after*** the filing of the complaint in the First Case. That distinction is immaterial, though, because the claims are subject to dismissal with prejudice for the same reason as in the first case—Nance concedes that he was not employed by the Government Defendants.

### A.   Claim Preclusion

Under the doctrine of claim preclusion, also known as *res judicata*, parties are barred from relitigating causes of action for which a final judgment on the merits has already been entered. *Montana v. United States*, 440 U.S. 147, 153 (1979). Precluding litigants from bringing such claims "protects their adversaries from the expense and vexation attending multiple lawsuits,

14

conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* at 153-54. Where the original judgment was entered in federal court, the federal rules of claim preclusion apply to the subsequent claims. *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211 ("Ross II")*, 486 F.3d 279, 283 (7th Cir. 2007). Under federal law, claim preclusion applies if (1) the claims are identical, (2) the parties or their privities are identical; and (3) there has been a final judgment on the merits. *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016).

The second and third requirements are beyond dispute with respect to Nance's remaining claims.[10] Nance is the plaintiff in both the First Case and the Second Case. The United States and the federal agencies and employees named as defendants are in privity and therefore considered to be identical for purposes of claim preclusion. *Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1998) (defining "privity" as "a descriptive term for designating those with a sufficiently close identity of interests.") (citation omitted); *Mandarino v. Pollard*, 718 F.2d 845, 850 (7th Cir. 1983) ("A government and its officers are in privity for purposes of res judicata.") (collecting cases). The orders dismissing Nance's non-FTCA claims with prejudice in the First Case, (20-cv-06316, Mem. Op. & Order & Judgment, Dkt. Nos. 64 & 97), constitute a final judgment on the merits for purposes of claim preclusion. *See Phillips v. Shannon,* 445 F.2d 460, 462 (7th Cir. 1971) (citing

---

[10] Nance does generally dispute the application of claim preclusion in the section of his response entitled "Plaintiff claims are not precluded by the Prior Judgment[,]" but none of the arguments set forth in the brief raise legitimate disputes as to the parties' identities or the adjudicative value of the original judgment. Specifically, Nance made the following arguments against claim preclusion, each of which the Court dispels as set forth below: (1) the FTCA claim is not barred by the prior judgment (which is a point that no one disputes); (2) the claims have not been adjudicated against the United States (presumably because it was not named as a defendant in the First Case—addressed *infra*); (3) the 41 U.S.C. § 4712 claim was previously dismissed without prejudice (which is patently wrong) (20-cv-06316, Mem. Op. & Order at 13, Dkt. No. 64); and (4) the claims are not precluded by their prior dismissal because he has now exhausted administrative remedies (the exhaustion issue relates to the FTCA claim, not the claims the Government Defendants argue should be precluded).

15

an "overwhelming weight of authority" that holds dismissal with prejudice constitutes to be a final judgment on the merits). Accordingly, the requirements that the parties or their privities be identical and that there be a final judgment on the merits are satisfied.

The Court is not convinced, however, that the first requirement for claim preclusion has been fully met. To determine if claims are identical, courts ask "whether the claims arise out of the same set of operative facts or the same transaction." *Bernstein v. Bankert*, 733 F.3d 190, 226–27 (7th Cir. 2013) (quoting *Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011)). Because "there is no formalistic test for determining whether suits arise out of the same transaction or occurrence[,]" *Ross II,* 486 F.3d at 284, courts "should consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Id.* (quoting *Burlington N.R. Co. v. Strong,* 907 F.2d 707, 711 (7th Cir. 1990)). Claim preclusion "operates not only as a bar to the further litigation of matters decided in the prior action, but also to any issues which could have been raised." *Roboserve, Inc. v. Kato Kagaku Co.*, 121 F.3d 1027, 1034 (7th Cir. 1997) (quoting *Golden v. Barenborg*, 53 F.3d 866, 869-70 (7th Cir. 1995)). The application of claim preclusion is generally limited to issues that arose before the original complaint was filed. *Ellis v. CCA of Tennessee LLC*, 650 F.3d 640, 652 (7th Cir. 2011); *Smith v. Potter*, 513 F.3d 781, 783 (7th Cir. 2008) (collecting cases); *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 914-15 (7th Cir.1993) ("[P]laintiffs need not amend filings to included issues that arose after the original suit is lodged.").

The Court does not doubt that there is an identity of claims arising from allegations of events that took place *before* the complaint in the first case was filed on October 23, 2020. At issue here is whether Nance is precluded from bringing claims arising from new allegations of retaliation occurring *after* the filing of the first complaint. Specifically, in the complaint filed in

the Second Case, Nance alleges that the Government Defendants engaged in continuing retaliation against him from April-June 2021 in connection with the 2021 fiscal year grant application and peer review process. (Compl. ¶¶ 100-25, Dkt. No. 1). The Government Defendants acknowledge the additional allegations but maintain that "[e]ven with these additional allegations, his new complaint arises out of the same transaction or event as his prior complaint—the termination of the [grant] award in alleged retaliation for his (dismissed) whistleblower complaints." (Defs.' Mem. at 12, Dkt. No. 7). To support their position, the Government Defendants quote *Ross II*: "The fact that the suits differ in some respects, including the legal theories that [the plaintiff] is advancing and some of the facts she intends to use to prove her right to relief, is not enough to defeat a finding that these cases rely on the same fundamental transaction or series of transactions." 486 F.3d at 283. In reaching that conclusion, the Seventh Circuit noted that "the time at which claim identity must be assessed is at the outset of a lawsuit." *Id.* at 283-84. Thus, the claims in the latter suit were precluded because they arose from facts that occurred before the filing of the earlier suit. *Id.*

In contrast, although most of Nance's allegations here concern events that took place before he filed the first complaint, the allegations noted above regarding alleged retaliation in connection with the 2021 fiscal year grant application and peer review process had not yet occurred and were therefore incapable of being raised in the first complaint. Accordingly, to the extent that the remaining claims are based on allegations of retaliatory conduct that occurred after October 23, 2020, they are not barred under the doctrine of claim preclusion.

### B. **Failure to State a Claim**

Nonetheless, the remainder of Nance's claims will be dismissed for the same reason they were dismissed in the First Case. To be liable for such claims, the Government Defendants must have been Nance's employer. That is not the case, as Nance has repeatedly admitted. (*See* 20-cv-

06316, Mem. Op. & Order at 13, Dkt. No. 64 ("plaintiff admitted in open court that he was not an employee of the Department of Justice"); *see also* Pl.'s Resp. at 3, Dkt. No. 11 ("Plaintiff admits he was not a government employee[.]")).  Accordingly, the remaining claims, even to the extent that they are based on alleged events that took place after the filing of the original complaint in the First Case, must be dismissed with prejudice.

## IV.  <u>Other Matters</u>

The parties' filings contain several other requests that the Court must address.  Nance's request to amend or supplement his complaint to file the FCA claim under seal, (Pl.'s Resp. at 9, Dkt. No. 11), Nance's motion to defer ruling and allow discovery, (Dkt. No. 11-4), and the Government Defendants' request to consolidate, (Defs.' Mem. at 1 n. 1, Dkt. No. 7), are all denied as moot because Nance's claims have all been dismissed (and the FCA claim has been dismissed with prejudice).  The Government Defendants' request to consolidate may be renewed if Nance successfully repleads the FTCA claim.  In addition, the Court strikes Nance's second memorandum of law, (Dkt. No. 11-3), because it exceeds the page limit under Local Rule 7.1 (Nance's first memorandum of law (Dkt. No. 11) is 15 pages) and was filed without permission.

## <u>CONCLUSION</u>

For the reasons set forth above, the Government Defendants' motion to dismiss is granted without prejudice as to the FTCA claim and with prejudice as to the remaining claims.  If Nance is capable of realleging the FTCA claim consistent with this order and Federal Rule of Civil Procedure 11(b), he may do so by filing an amended complaint by September 11, 2023.  If no amended complaint is filed by that date, the case will be terminated without further notice.


**DATED**: August 14, 2023                         **ENTERED**:


_LaShonda A. Hunt_____
LaShonda A. Hunt
United States District Judge