UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRED L. NANCE, Jr., ) <br> ) <br> Plaintiff, ) <br> ) No. 22 C 3861 <br> v. ) <br> ) Judge Hunt <br> UNITED STATES, *et al.*, ) <br> ) <br> Defendants. ) | |

**UNITED STATES' MOTION**
**TO EXTEND TIME TO ANSWER OR OTHERWISE PLEAD**

Defendant, United States, by Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, moves to extend time to answer or otherwise plead, stating:

1. On July 26, 2022, *pro se* plaintiff Fred Nance filed this action alleging, *inter alia*, that the United States is liable under the Federal Tort Claims Act when it terminated a grant under which plaintiff was being compensated for services plaintiff provided through defendant EMAGES, Inc., the grantee. Dkt. 1.

2. On September 21, 2022, the United States moved to dismiss the complaint (Dkt. 6 – 9), which the court granted on August 14, 2023, dismissing without prejudice the FTCA claim and dismissing all other claims with prejudice. Dkt. 18, 19. The court ordered that Nance may refile his FTCA claim if he is "capable of realleging the FTCA claim consistent with this order and Federal Rule of Civil Procedure 11(b)." Dkt. 19 at 19.

3. On September 9, 2023, Nance refiled a 35-page amended FTCA complaint that essentially rehashes claims that have already been dismissed ("Plaintiff maintains that the United States defendant violated his First Amendment rights by retaliating against him for blowing the

whistle on fraud and gross misappropriation of funds") (Dkt. 20 at 22) and alleges claims that are excluded from the FTCA, including conspiracy (count 2) and misrepresentation and deceit (count 5), even though the court discussed (at some length) how these claims cannot be brought under the FTCA. Dkt. 20 at 33; Dkt. 19 at 9 – 12 ("Nonetheless, the Court cautions Nance that some of the allegations of the complaint appear to be of the type that would support certain claims such as misrepresentation, deceit, or interference that are excluded from the FTCA.").

4.  The United States' response to Nance's amended FTCA complaint is due by September 25, 2023.

5.  To sift through Nance's allegations and file a responsive pleading, the United States requires an additional 30 days to respond to the complaint.

6.  Accordingly, the United States requests a 30-day extension of time to answer or otherwise plead.

7.  Alternatively, the court can dismiss Nance's amended complaint *sua sponte* with prejudice since his amended complaint is not consistent with the court's August 14, 2023 order nor Rule 11(b).

WHEREFORE, the defendant, United States, requests a 30-day extension of time to answer or otherwise plead to and including October 25, 2023.

        Respectfully submitted,

        MORRIS PASQUAL
        Acting United States Attorney

        By: s/ Kurt N. Lindland
            KURT N. LINDLAND
            Assistant United States Attorney
            219 South Dearborn Street
            Chicago, Illinois 60604
            (312) 353-4163
            kurt.lindland@usdoj.gov