UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRED L. NANCE, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 3861 |
| v. | ) | |
| | ) | Judge Hunt |
| UNITED STATES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION
TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT**

**Introduction**

On August 4, 2023, the court dismissed without prejudice plaintiff Fred L. Nance's complaint alleging negligence under the Federal Tort Claims Act, and it dismissed his other claims with prejudice, but the court "granted a final opportunity" for Nance "to allege a proper cause of action under the FTCA against the Government Defendants." Order, Dkt. 19. Nance's amended complaint fails to allege a proper cause of action under the FTCA for the same reasons that his prior complaint failed: he does not identify any tort, or provide facts supporting the elements of a tort, that would give rise to a claim under the FTCA. Therefore, there is no required analogous tort liability against a "private individual under like circumstances." 28 U.S.C. §§ 2674, 1346(b). The court should also dismiss his remaining claims because they are not actionable under the FTCA. Accordingly, the court should dismiss the amended complaint with prejudice, or alternatively grant summary judgment in favor of the United States.

**Facts**

The relevant facts remain the same as his prior complaint in this case. *See* Def. Mem. at 2-4, Dkt. 7. *See also* Mem. Op. and Order in Nance's previous case, Dkt. 64, No. 20 C 6316. Briefly, Nance alleged $880 in purportedly unauthorized transactions by his employer EMAGES and filed reports with the U.S. Office of Special Counsel and the DOJ's Office of the Inspector General, both of which denied his claims. Defendant's Rule 56.1 Statement of Material Facts ("DSF") ¶¶ 11-14. He also reported the allegedly unauthorized transactions to grant-oversight agency, the DOJ's Office of Justice Programs (OJP) and, in response, OJP's Office of the Chief Financial Officer (OCFO) conducted an in-depth review of EMAGES' accounting practices. DSF ¶ 15. When EMAGES terminated its grant award due to the company's COVID-related financial and operating challenges and ceased performing under the grant, Nance alleged that EMAGES' termination *of him* was in retaliation for his reports about unauthorized transactions (which he labels as a whistleblowing complaint). Am. Compl. at 21, 33. Nance alleges that the United States, through DOJ employees, conspired to retaliate against him for these reports. *Id.*

Nance himself also unsuccessfully applied to a DOJ grant program in 2021. DSF ¶ 19. While his application was pending, he sought a position with DOJ to review and grade applications to the same program to which he applied. DSF ¶ 20. Because of his conflict of interest as a grant applicant, he was not permitted to review and grade other applicants' grant applications. *Id.* Nance alleges that his unsuccessful grant application and unsuccessful attempt to review and grade grant applications was in retaliation for his reports about EMAGES' transactions. Am. Compl. At 12-14.

**Argument**

Nance's FTCA claims fail because: (1) there is no analogous private tort liability in Illinois, a requirement for FTCA liability; (2) Nance fails to even allege, must less provide evidence to support, the elements of a negligence claim; and (3) his other bases are barred by the FTCA for several reasons, as the court has already found. His remaining claims, that he suffered a retaliatory discharge and was subjected to a "conspiracy," were previously dismissed with prejudice, and they are not cognizable in any event under the FTCA.

**I.      Nance's FTCA Claims Should Be Dismissed Because There Is No Analogous State Tort Liability as Required Under the Act.**

Like his first baseless complaint, Nance fails to allege any analogous tort liability against the government "as a private individual under like circumstances," as required under 28 U.S.C. § 2674. He also fails to identify any legal duty owed to him by the United States that was allegedly breached by processing a grant termination request submitted by a federal grant recipient; by disallowing Nance from reviewing and grading applications to a grant program where he had a clear conflict of interest; or by not awarding a discretionary federal grant to Nance's organization.

To hold the United States liable in general, there must be a clear statutory waiver of sovereign immunity. *United States* v. *Mitchell*, 445 U.S. 535, 538 (1980). A plaintiff must strictly and fully comply with the terms of any statutory waiver. *United States* v. *Sherwood*, 312 U.S. 584, 587 (1941). Nance invokes the FTCA, which is "a limited waiver of sovereign immunity" that was not intended to create new causes of action. *United States* v. *Orleans*, 425 U.S. 807, 813 (1976); *Collins* v. *United States*, 642 F.2d 217, 219 (7th Cir. 1981).

One of the FTCA's conditions to suit is analogous state tort liability against the government as against a "private individual under like circumstances." 28 U.S.C. § 2674. The jurisdictional provision of the Act, § 1346(b), limits the government's liability to those torts committed by government employees

3

"under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the [tortious] act or omission occurred." 28 U.S.C. § 1346(b); *see Feres* v. *United States*, 340 U.S. 135, 141 (1950); *see also Emps. Ins. of Wausau* v. *United States*, 830 F. Supp. 453, 456 (N.D. Ill. 1993), aff'd, 27 F.3d 245 (7th Cir. 1994), *citing Chen* v. *United States*, 854 F.2d 622 (2d Cir.1988) ("As we recently held in *Chen*, 'for liability to arise under the FTCA, a plaintiff's cause of action must be 'comparable' to a 'cause of action against a private citizen' recognized in the jurisdiction where the tort occurred, and his allegations, taken as true, must satisfy the necessary elements of that comparable state cause of action.'"). If a *private person* under similar circumstances would not be liable to the plaintiff for the alleged conduct, a court does not have jurisdiction to adjudicate the FTCA claim. *United States* v. *Olson*, 546 U.S. 43, 44 (2005).

The FTCA's analogous private liability requirement prevents the Act from creating novel causes of action against the United States and only accepts government liability under "like circumstances" that are functionally equivalent to those where a private individual would be liable. 28 U.S.C. § 2674. As described by the Seventh Circuit, the FTCA's "like circumstances" requirement is designed to prevent state legislatures from using the United States' limited waiver of sovereign immunity to "enrich their own citizens at the expense of the deepest pocket." *Carter* v. *United States*, 982 F.2d 1141, 1143 (7th Cir. 1992). This safeguard is consistent with the FTCA's intent to limit the waiver of sovereign immunity to "ordinary common-law torts" where clear, private analogues exist under state tort law. *United States* v. *Gaubert*, 499 U.S. 315, 325 (1991); *Dalehite* v. *United States*, 346 U.S. 15, 28 (1953).

Also, if the necessary elements of a tort claim under state law are not present, then the case is not cognizable under the FTCA. *Id.* In Illinois, "[t]o recover damages based upon negligence, a plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached

that duty, and that the breach was the proximate cause of the plaintiff's injury." *Krywin* v. *Chicago Transit Auth.*, 238 Ill.2d 215, 225 (2010). Here, Nance's unsupported novel theory of liability – that the government is liable to an employee of a grant recipient when such recipient terminates an award for reasons disputed by the employee – fails because there is no analogous tort liability against the government as a "private individual under like circumstances" as required under 28 U.S.C. § 2674. Further, if Nance is claiming that the United States violated a statutory duty, "[a]n alleged violation of a federal statutory duty cannot form the basis of a FTCA claim." *Clark* v. *United States*, 326 F.3d 911, 914 (7th Cir. 2003), *citing Ochran* v. *United States*, 273 F.3d 1315, 1317 (11th Cir.2001).

Also, if Nance is claiming negligence, like he did in his first complaint, he again fails to establish the basic elements of a negligence claim under Illinois law that would support a FTCA allegation. *Doe-2* v. *McLean Cnty. Unit Dist. No. 5 Bd. of Directors*, 593 F.3d 507, 514 (7th Cir. 2010), *citing Krywin* v. *Chi. Transit Auth.*, 391 Ill. App. 3d 663 (2009) (listing the "basic elements of a negligence claim, which are the existence of a duty, breach of that duty, and an injury proximately resulting from the breach."). Specifically, he identifies no legal duty that was owed to him that was supposedly breached by the United States, nor has he provided any support to establish proximate cause. It is difficult to comprehend how the DOJ could have *negligently* failed to require a company to perform under a grant that it no longer wished to receive, all so that it would still be able and willing to employ Nance as a contractor.

Furthermore, to the extent Nance challenges DOJ's decision not to award *him* a grant and to disallow him from reviewing and grading other grant applications for a program to which he applied because he had a conflict of interest, the FTCA is not a vehicle for "'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through

5

the medium of an action in tort." *United States* v. *S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 798 (1984). This exception to the FTCA "insulates the Government from liability if the action challenged in the case involves the permissible exercise of policy judgment." *Berkovitz by Berkovitz* v. *United States*, 486 U.S. 531, 537 (1988). . Besides, it is not apparent what that purported tort would be under Illinois law.

Regardless, Nance alleges no duty that was supposedly breached, and he fails to allege facts that would support injury or causation resulting from a breach. Accordingly, Nance's FTCA claims (Claims 1-5) should be dismissed with prejudice because he failed to state a claim under Illinois tort law, which is a prerequisite to an FTCA claim, and because the FTCA exempts these claims, as set forth above.

Also, most of Nance's 81 statements of alleged facts do not even relate to the United States. *Id.* at 4-14. For example, he alleges that: (1) EMAGES created correspondence sent to DOJ on its subaward monitoring policy (*id.* at 4, ¶ 1); (2) Nance reported misuse of award funds to DOJ employees in February 2020 (*id.*, ¶ 5); (3) Nance sent an email alleging $880 in unauthorized drawdowns by EMAGES (*id.* at 5, ¶ 12); (4) a DOJ employee informed EMAGES about Nance's report (*id.* at 7, ¶ 30); (5) EMAGES' CEO reported that the $880 in drawdowns was for a job candidate EMAGES was interviewing (*id.*, ¶ 34); (6) EMAGES notified DOJ that it was terminating its grant award (*id.* at 8, ¶¶ 38 and 40); (7) Nance disputed EMAGES' reasons for terminating the award (*id.*, ¶ 41); (8) a DOJ employee inquired whether Nance would be named as the point of contact for the EMAGES award (*id.* at 9, ¶ 44); (9) a DOJ employee sent an email stating that the EMAGES award was terminated (*id.*, ¶ 46); (10) OJP's OCFO notified EMAGES about problems with its recordkeeping and accounting practices as part of an audit (*id.* at 10, ¶ 51); (11) Nance was invited to participate as a peer reviewer of applications to a grant program but that

invitation was rescinded after OJP realized he had a conflict of interest as he had applied to that grant program (*id.* at 10-14, ¶¶ 52-55, 65-66, 68, 72-78); and (12) Nance missed the deadline to apply for a Fiscal Year 2021 Second Chance Act grant, was permitted to submit an untimely application, and did not receive an award (*id.* at 11, ¶¶ 58-63). None of these alleged facts relate to conduct by the United States, much less show that the United States committed a *tort* under the FTCA.

If Nance is alleging that his intentional infliction of emotional distress ("IIED") claim (Claim 1) serves as a basis for his FTCA claim, that claim should also be dismissed. First, the Eleventh Circuit ruled, and the Supreme Court has suggested, that IIED claims are not permitted under the FTCA. *See Denson v. United States*, 574 F.3d 1318, 1345 n.67 (11th Cir. 2009) ("In her complaint in the FTCA case, Denson asserted a claim for intentional infliction of emotional distress. We summarily dismiss this claim as it is not one of the torts enumerated within § 2680(h). *See* 28 U.S.C. § 2680(h) (listing the torts of assault, battery, false imprisonment, false arrest, abuse of process, and malicious prosecution)."); *see also Christopher v. Harbury*, 536 U.S. 403, 420 n.19 (2002) (expressing skepticism whether an IIED claim could be maintained under the FTCA and citing to excluded enumerated torts).

Second, even if such claims were allowed, to make out such a claim in Illinois, a plaintiff must prove that (1) the defendant's conduct was extreme and outrageous; (2) the defendant knew that there was a high probability that the conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress. *Swearnigen-El* v. *Cook Cnty. Sheriff's Dept.*, 602 F.3d 852, 864 (7th Cir. 2010). The tort of IIED "does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *McGrath* v. *Fahey*, 126 Ill. 2d 78, 86 (1988) (quoting Restatement (Second) of Torts § 46, cmt. d (1965)). Rather, the conduct must

go beyond all bounds of decency and be considered intolerable in a civilized community. *See Honaker* v. *Smith*, 256 F.3d 477, 490 (7th Cir. 2001); *Kolegas* v. *Heftel Broad. Corp.*, 154 Ill. 2d 1 (1992); *Campbell* v. *A.C. Equip. Servs. Corp., Inc.*, 242 Ill. App. 3d 707 (1993).

Here, Nance fails to allege any conduct by the United States that can be considered extreme or outrageous by a reasonable person. He appears to suggest that because he is 71 years old, receives social security benefits, owns a home, pays $500 per month for his car, and "would have to get a grant" to have employment, that this transforms the United States's alleged conduct into something extreme and outrageous. Am. Compl. at 19. Nance's age, personal finances, and employment circumstances are not at issue.

Besides, terminating a grant award at the request of a grant recipient is neither extreme nor outrageous, whether or not as in this case the recipient had pandemic and financial reasons for doing so. And barring an individual with a conflict of interest from reviewing grant applications is not extreme or outrageous. Auditing a grantee in response to a report by a grantee's employee is not extreme or outrageous. Although Nance claims that the United States committed "nefarious and outrageous act[s]" (Am. Compl. at 16), he has not alleged any extreme or outrageous conduct, nor has he made any showing of severe emotional distress such that his IIED claim is meritless...All that he is doing is trying to fit the proverbial square peg into a round hole.

Nance further alleges that "the United States defendants assisted as conspirators due to their negligence and their total disregard for addressing and processing appropriately a Whistleblower Act complaint," (Am. Compl. at 16) but, again, he fails to cite any legal authority in support of a duty that was supposedly breached by the United States. Am. Compl. at 16-32. Besides, as explained in our prior briefs, EMAGES was within its rights as the grant recipient to terminate its grant award and provided its reasoning (not that it needed a good reason), which

8

Nance has provided no objective reason to doubt. See Def. Mem. at 7, Dkt. 7; Def. Rep. at 5-6, Dkt. 13.

### A. Nance Continues to Allege Claims That Are Excluded under the FTCA.

Although the court cautioned Nance that some of his intentional tort claims are excluded under the FTCA (Order at 12, Dkt. 19), Nance ignored that clear guidance and alleged them anyway, including his independent claim for IIED (Claim 1), conspiracy (Claim 2), abuse of process (Claim 3), defamation (Claim 4), and misrepresentation and deceit (Claim 5). As the court warned Nance, if he intended to allege these intentional torts "he has pled himself out of court." Order at 12, Dkt. 19. Even if these claims are not barred under the FTCA, which they are, Nance failed to explain what process was allegedly abused, what misrepresentations were allegedly made, and any deceit on the part of the United States. 28 U.S.C. § 2680(h).

Also, as we argued earlier, a conspiracy claim is fairly encompassed within the meaning of "deceit" for purposes of section 2680(h). Def. Mem. at 9, Dkt. 7; see, e.g., United States v. Neustadt, 366 U.S. 696 ("Deceit is intentional manipulation through lies or material omissions when there is a duty to speak . . . ."); see Illinois Farmers Insurance Co. v. Preston, 505 N.E.2d 1343 (1987) (civil conspiracy under Illinois law involves intent to commit an unlawful act); Jones v. City of Chicago, 856 F.2d 985, 992-993 (7th Cir.1988) ("There is no such thing as accidental, inadvertent or negligent participation in a conspiracy."); see also Mendrala v. Crown Mortg. Co., No. 88 C 7386, 1990 WL 129602, at *2 (N.D. Ill. Aug. 28, 1990) (FTCA does not waive sovereign immunity for "claims that have deceit or misrepresentation as one of their elements"). Furthermore, Nance appears to allege conspiracy as an independent tort (Claim 2) and this claim accordingly would also fail because conspiracy is not an independent cause of action in Illinois. Thomas v. Fuerst, 803 N.E.2d 619, 625-626 (Ill. App. 2004), citing Indeck North American Power

9

*Fund, L.P.* v. *Norweb plc*, 735 N.E.2d 649 (2000). His unsupported conspiracy claim is therefore barred under the FTCA.

Nance's defamation claim (Claim 4) is also barred (*Apampa* v. *Layng*, 157 F.3d 1103, 1104 (7th Cir. 1998) (holding that the FTCA was exclusive remedy for tort claims against federal employees but barred suit for defamation); *see also McDonnell* v. *Cisneros*, 84 F.3d 256, 261 (7th Cir. 1996) ("The United States is not liable under the Tort Claims Act for defamation by its employees.")), and, in any event, Nance does not explain how the United States allegedly defamed him. Am. Compl. at 15 ("Yet they persecuted and defamed pro plaintiff in this court proceeding, attempting to destroy his name, legacy, and integrity"); *id.* at 3 ("Due to the defamation, humiliation, embarrassment, and stigma placed on the plaintiff for doing the right and just thing"). Even if such claims were not barred by the FTCA's defamation exception, they would not be actionable under Illinois tort law because Illinois extends an absolute privilege to judicial proceedings. *Weisberg v. Rafael*, 67 B.R. 392, 393 (N.D. Ill. 1986).

### B. Nance's Claim for Relief Is Improper Under the FTCA.

Nance seeks relief that is improper under the FTCA. For example, he seeks relief for "loss of employment in violation of the Whistleblower Protection Act" and claims the "United States employees violated the National Defense Authorization Act of 2013, amended 2016 (NDAA)," 10 U.S.C. § 2409, 41 U.S.C. § 4712 (whistleblower protections), 5 U.S.C. § 1221(e)(1) (Whistleblower Protection Act), 31 U.S.C. § 3730 (the False Claims Act), and "the Federal Claims [Act]," Am. Compl. at 34, none of which are proper claims for relief under the FTCA. Besides these claims[1] have already been dismissed with prejudice, as set forth above. Furthermore, 10

---

[1] The court noted that Nance previously attempted to bring similar claims in his Second Case and, like his Amended Complaint, only referenced 10 U.S.C. § 2409 (not § 4701) and 5 U.S.C. § 1221(e)(1) in one paragraph, and the court dismissed these claims for failure to prosecute. Order at 2 n.2, Dkt. 19.

U.S.C. § 2409 (renumbered as § 4701) applies to Department of Defense and National Aeronautics and Space Administration grants only, not DOJ grants like the EMAGES grant award at issue. Like his prior case, Nance makes no attempt to explain why he believes these *statutory* provisions apply to his claims (not that federal statutory claims can be the basis for an FTCA claim based on *state* tort law). Further, Nance has made no showing that the denial of his grant application or being barred from reviewing applications (for a conflict of interest) were unlawful or in any way improper.

Nance also claims he is eligible to recover damages in excess of the amount requested in his initial administrative claim. Am. Compl. at 23; *see* 28 U.S.C. § 2675(b) (an FTCA action "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased claim is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts relating to the amount of the claim"); *see also Davis* v. *United States*, 244 F. Supp. 2d 878, 880 (N.D. Ill. 2002), aff'd, 375 F.3d 590 (7th Cir. 2004). Nance alleges that he has newly discovered evidence not reasonably discoverable at the time of presenting his claim to the agency. Am. Compl. at 23. Nance did not specify the substance or relevance of this alleged newly discovered evidence, how it relates to his FTCA claim, and why it was not reasonably discoverable at the time he presented his claim to the agency. Accordingly, even if Nance alleged a cognizable claim under the FTCA, which he has not, he is not entitled to damages beyond what he claimed in his FTCA administrative claim.

Nance also again requests *injunctive* relief in the form of a "reprimand for all United States employees involved in this matter," and letters of support or letters of apology "addressed to all and any collaborations/networks involved with [the grant] exonerating [Nance] of any and all

11

wrongdoing, accusations, or allegations." Am. Compl. at 34-35. These requested forms of relief are not cognizable under the FTCA. 28 U.S.C. § 1346(b)(1). He also again seeks prejudgment interest, which is not recoverable under the FTCA. 28 U.S.C. § 2674 ("The United States . . . shall not be liable for interest prior to judgment or for punitive damages.").

**II.     Nance's Remaining Claims Should Be Dismissed.**

Rather than confine his amended complaint to the FTCA, which was the *only* basis under which the court allowed him another opportunity to file an amended complaint, Nance appears to allege "a First Amendment claim under Title VII and *Bivens*." Am. Compl. at 21. He claims that the United States retaliated against him "for filing a Whistleblower complaint for fraud and gross misappropriation of funds violating Title VII and the First Amendment" (Claim 7). Am. Compl. at 33. Regardless, the Supreme Court has held that a constitutional tort claim is not cognizable under the FTCA. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994). To the extent Nance is now pursuing a *Bivens* claim, that claim also fails because the Supreme Court has held that there is no *Bivens* cause of action for First Amendment retaliation claims. *Egbert* v. *Boule*, 596 U.S. 482, 499 (2022).

Further, *Bivens* "authorizes the filing of constitutional suits against *individual* federal officers," *Bivens* v. *Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971) (emphasis added), not against the United States. Accordingly, since Nance filed his Amended Complaint against the *United States*, and not against *individuals*, his *Bivens* claim fails for this reason as well[2]. *See, e.g., Smith* v. *United States*, 678 Fed. Appx. 403, 406 (7th Cir. 2017) ("And

---

[2] Even if Nance alleged *Bivens* claims against individual officers, which he did not, those officers would be entitled to qualified immunity for the alleged conduct. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015).

any *Bivens* claim would necessarily fail because Smith did not name an individual defendant in her complaint.").

Nance's retaliation claims also fail for several reasons. First, they were already addressed by this court and dismissed with prejudice. Dkt. 19, Order, at 18. Second, Nance's Title VII retaliatory discharge claim (Am. Compl. at 30), and his claim that "the United States violated his First Amendment rights by retaliating against him for blowing the whistle on fraud and gross misappropriation of funds." (Am. Compl. at 21), is not actionable because Title VII of the Civil Rights Act applies to federal *employees*[3], which Nance was not, as the court already found. *Adusumilli v. City of Chicago*, 164 F.3d 353, 362 (7th Cir. 1998). *See* No. 20 C 6316, Dkt. 64, Order, at 13 ("plaintiff admitted in open court that he was not an employee of the Department of Justice"); *see also* Pl.'s Resp. at 3, Dkt. 11 ("Plaintiff admits he was not a government employee[.]"). Also, Title VII claims can only be brought against the head of a federal agency, not against the United States. *McGuinness v. United States Postal Service*, 744 F.2d 1318, 1323 (7th Cir.1984). In any event, Nance's retaliation claims fail.

Third, even if Nance could bring a First Amendment retaliation claim, which he cannot, Nance failed to specify how any alleged retaliation violated his First Amendment rights, nor do his "facts," even if true, support a First Amendment claim. In other words, he has not provided sufficient facts to support a retaliation claim, which would require that he prove he engaged in First Amendment-protected conduct, that he suffered a deprivation that would likely deter future

---

[3] Nance recognizes that "[t]o state a claim for retaliatory discharge [in Illinois], an *employee* must plead that (1) the *employer* discharged the *employee*, (2) the discharge was in retaliation for the employee's activities, and (3) the discharge violates a clearly mandated public policy, *Michael v. Precision All. Group, LLC*, 2014 IL 117376, ¶ 31, 21 N.E.3d 1183, 1188 (emphasis added)," yet he wrongly asserts that claim anyway. *See also* Am. Compl. at 31.

13

protected activity, and that the protected conduct was a motivating factor for taking the retaliatory action. *Bridges* v. *Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Nance's claim that the United States retaliated against him in violation of the Whistleblower Protection Act (Am. Compl. at 33) was dismissed, and he is barred from relitigating that claim as the court already found, and which Nance even acknowledges (as Nance described it, "stripped plaintiff's Whistleblower Act rights"). Dkt. 19, Order, at 14. His attempt now to shoe-horn those dismissed claims into an FTCA claim should be rejected for the reasons set forth above, and because a whistleblower claim is not a state tort that can serve as the basis for a FTCA claim. *Paul v. United States*, 929 F.2d 1202, 1204 (7th Cir. 1991) (The FTCA "applies only to torts.")

Even if Nance could bring those claims again, which he cannot, the Whistleblower Protection Act of 1989 only applies to federal employees (and applicants for employment) and therefore it does not apply to Nance since he was never a federal employee, as set forth above. 5 U.S.C. § 2302. Regardless, as the court already found, Nance's unsupported and speculative whistleblower-related allegations do not add up to any state-law tort claim. Order at 11, Dkt. 19.

**Conclusion**

For the foregoing reasons, the court should dismiss the claims against the federal defendants in their entirety with prejudice, or alternatively grant them summary judgment.

Respectfully submitted,

MORRIS PASQUAL.
Acting United States Attorney

By: s/ Kurt N. Lindland
    KURT N. LINDLAND
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4163
    kurt.lindland@usdoj.gov