UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRED L. NANCE, Jr., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, *et al.,* )<br>)<br>Defendants. ) | No. 22 C 3861<br><br>Judge Hunt |

**DEFENDANT'S RULE 56.1(c)(2) RESPONSE TO
PLAINTIFF'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

Defendant, United States, by its attorney, Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, submits in accordance with Local Rule 56.1, the following response to plaintiff's statement of additional facts:

1. On October 1, 2018, EMAGES created correspondence sent to DOJ stating, in part, "EMAGES has subawards…." (Ex.3)

**Response:** Defendant admits that page 1 of a letter dated October 1, 2018, from EMAGES stated that "EMAGES has subaward." This letter contains a factual error (immaterial to Nance's claims) and Defendant disputes that EMAGES actually awarded any subawards under its grant award from the Department of Justice's Office of Justice Programs. This letter detailing EMAGES' subaward monitoring policy was required to be submitted to comply with the grant award Special Condition 46 ("The recipient agrees to submit a copy of its subrecipient monitoring policies and procedures to the OJP program office."). *See* Defendant's Rule 56.1 Statement of Material Facts ("DSF"), Ex. B (EMAGES award), Dkt. 29-2 at 17. A letter dated December 18, 2018, submitted by EMAGES shortly after the letter cited by Nance, unambiguously states

"EMAGES does not have any Subrecipients." Exhibit N, EMAGES December 2018 letter. Further, the in-depth audit of EMAGES conducted by the defendant on February 10, 2021, stated clearly, "The grant reviewed did not have subawards and therefore, was not subject to subrecipient monitoring." DSF ¶ 15, Ex. K, Dkt. 29-11 at 11.

2. Plaintiff was the subawardee.

**Response:** Denied. Defendant denies that plaintiff cites to specific evidentiary material to support this allegation.

3. In or around January 2020 the Coronavirus was prevalent and all EMAGES, Inc. consultants, staff, and clients received an "Informed Consent for Telepsychology and Effective Video Conferencing" documentation. (Ex.4)

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material supports these statements. Exhibit 4 consists of an unsigned informed consent agreement for telepsychology services that does not specify the parties to the agreement, and a bullet point list on "helpful hints for effective video conferencing."

4. On April 1, 2020, defendant Dr. Hattie Wash (hereinafter, "Hattie") sent an email stating, in part, "Please see attached conference call list phone number and access code for EMAGES groups." (Ex.7)

**Response:** Admitted.

5. On April 2, 2020, Daniel Jean (hereinafter, "Jean") sent an email to the consultants stating "I was on tonight call. Everything was fine. In fact, Serita and Alicia did a great job." (Ex.8)

**Response:** Admitted.

6. On April 9, 2020, Defendant Wash email reporting Covid-19 Status Good (Ex.43)

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material

supports this statement. Plaintiff did not submit a document labeled Exhibit 43. His table of exhibits (Dkt. 35-6) listed an exhibit numbered 43 (for unknown reasons, he listed exhibit 43 between exhibits 8 and 7), but his actual compilation of exhibits (Dkt. 35-7) did not include a document labeled Exhibit 43.

7. On April 21, 2020, plaintiff sent an email stating, "Good evening. Attached is a Weekly Conference Call list created by Dr. Wash for this Coronavirus season…." (Ex.7 & 10)

**Response:** Admitted.

8. On April 22, 2020, Jean sent an email to consultants Chad and Serita stating "I was informed by Dr. Nance that last night the clients participated in the MA'AT group via the use of zoom…." (Ex.11)

**Response**: Admitted.

9. On April 22, 2020, Hattie sent an email stating "I am scheduling a meeting with persons on this email for Friday at 1 pm. The meeting will be on line and I will notify you what method of communication we will use…." (Ex.12)

**Response:** Admitted.

10. On May 19, 2020, Jean sent an email stating "Alicia and Earlene will conduct a MA'AT group on Saturday May 30, 2020 in replacement of their May 25th group…." (Ex.13)

**Response:** Admitted.

11. On May 21, 2020, Jean sent an email stating "The last attached document is the progress note that every mentor should use to document their case management services…." (Ex.14)

**Response:** Admitted.

12. On June 2, 2020, Jean sent an email stating "…With this format, we may be able to count the number of individuals who have received case management as well as the type of case management…." (Ex.16)

**Response:** Admitted, with the condition that the word "services" is included after the word "management" in the email cited by the plaintiff.

13. On July 8, 2020, Dr. Wash stated "Okay call and you can have the program but not at my agency or with my clients we can make it effective as soon as possible." (Ex.40)

**Response:** Admit that Wash made this statement in an email to the plaintiff in an email dated July 8, 2020. The defendant notes that the plaintiff replied, "This does not happen overnight. I will confer with Congressman Davis regarding the process. After my conversation with the Congressman, I will schedule a meeting with the grant manager and Mr. Bethea. I have heard of this process." The "process" would require federal approval, which was never provided by the defendant.

14. On July 28, 2020, Jean sent an email stating "Good morning. I am set to enroll a new participant this morning…." (Ex.22)

**Response:** Admitted.

15. On July 30, 2020, Jean sent an email to all consultants and defendant Hattie stating "Please find attached the agenda and the new Referral form for today's meeting…." (Ex.23)

**Response:** Admitted.

16. On August 10, 2020, Jean sent an email stating "Here are the names of the two participants I enrolled today. Please notice also their assigned numbers, groups, and their parole officers…." (Ex.24)

**Response:** Admitted.

4

17. On August 24, 2020, Jean sent an email stating "On Monday, August 24, I enrolled a new participant. His name is Derion XXXXX…."

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material supports this statement.

18. On August 25, 2020, EMAGES Inc. Program Evaluator, Dr. Witherspoon, issued a Covid-19 plan. (Ex.44)

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material supports this statement. Plaintiff did not submit a document labeled exhibit 43. His table of exhibits (Dkt. 35-6) listed an exhibit numbered 44 (for unknown reasons, he listed exhibit 44 between exhibits 24 and 26), but his actual compilation of exhibits (Dkt. 35-7) did not include a document labeled Exhibit 44.

19. On August 26, 2020, DOJ Tracey Willis sent an email to defendant Hattie Wash stating, in part, "We received information about an employee of EMAGES who was being paid but does not exist. Please provide via email, the following…." (Ex.26)

**Response:** Admitted.

20. On August 31, 2020, Jean sent 2 emails stating "The new participant, Derion XXXXX, is assigned to the Monday group. I already administered him both pre-tests" and "The new participant, Derion XXXXX, is assigned to the Monday group…."

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material supports this statement.

21. On September 2, 2020, plaintiff sent an email to Jean stating "Good afternoon. The Cook County jail has contacted me with a start date. We will be going back to the jail on September 18, 2020 from 4:00 pm to 5:00 pm. I have contacted Serita and Alicia. Both agreed

5

to work in the jail…." (Ex.45)

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material supports this statement. Plaintiff did not submit a document labeled exhibit 45. His table of exhibits (Dkt. 35-6) listed an exhibit numbered 45 (for unknown reasons, he listed exhibit 45 between exhibits 26 and 27 and then again, but with a different title, between exhibits 27 and 46), but his actual compilation of exhibits (Dkt. 35-7) did not include a document labeled Exhibit 45.

22. On September 2, 2020, Jean sent an email stating "Yesterday, I enrolled a new participant in the MA'AT program."

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material supports this statement.

23. On September 9, 2020, defendant Hattie Wash sent an email to DOJ stating, in part, "On September 30, 2020 there was a draw-down of $880.00 that appeared under Dorothy Collins name. I explained to Dr. Nance that the draw-down was for the candidate that we were interviewing for that position…." Defendant never had this conversation with plaintiff. Defendant did not copy plaintiff on this email correspondence sent to DOJ. (Ex.27)

**Response:** Admitted that the email from Wash included the cited statement, but otherwise denied because plaintiff's cite to specific evidentiary material does not supports this statement.

24. On September 10, 2020, plaintiff sent an email stating "Good evening. Alicia and Serita will work with the participants in the Cook County jail. During our Skype meeting today we talked about the upcoming re-opening of the Cook County jail…." (Ex.45)

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material

6

supports this statement. Plaintiff did not submit a document labeled exhibit 45. His table of exhibits (Dkt. 35-6) listed an exhibit numbered 45 (for unknown reasons, he listed exhibit 45 between exhibits 26 and 27 and then again, but with a different title, between exhibits 27 and 46), but his actual compilation of exhibits (Dkt. 35-7) did not include a document labeled Exhibit 45.

25. On September 10, 2020, plaintiff sent an email to Cook County Sheriff regarding the reopening of the jail for the SCA program. (Ex.46)

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material supports this statement. Plaintiff did not submit a document labeled exhibit 46. His table of exhibits (Dkt. 35-6) listed an exhibit numbered 46 (for unknown reasons, he listed exhibit 46 between exhibits 45 and 28), but his actual compilation of exhibits (Dkt. 35-7) did not include a document labeled Exhibit 46.

26. On September 11, 2020, Jean sent an email stating "I just enrolled a new participant. His name is Marco XXXXXXX. He is assigned number is 2082…."

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material supports this statement.

27. On September 16, 2020, Jean sent an email stating "Please see attached agenda for our monthly mentors meeting…." (Ex.28)

**Response:** Admitted.

28. On September 21, 2020, defendant Hattie Wash sent an email to all staff stating, in part, "…The Covid-19 Pandemic, the Shelter in Place Mandate by the State of Illinois, less than 15% of sex offender clients paying their fees as well as EMAGES not receiving a payment from the FY21 State budget which began July, 2020 has created an economic hardship and cash flow

7

problem for EMAGES…."(Ex.30)

**Response:** Defendant does not have sufficient information to know whether the email was sent to "all staff" but admits that this email contains the language quoted above. Denied that Wash is a defendant in the instant matter.

29. On September 21, 2020, plaintiff sent an email to DOJ basically refuting defendant Hattie Wash's claim on how many clients were being served during Covid. (Ex.32)

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material supports this statement. The email cited by plaintiff includes a request to protect his employment with EMAGES and a demand that the grant be given to him (which it was not).

30. On December 28, 2020, defendant Hattie sent false information to DOJ employee, Tracey Willis, stating "March 2019, the COVID 19 pandemic hit Chicago…only six months of services were delivered to the seven groups…." (Ex.37)

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material supports this statement.

31. On March 26, 2021, DOJ, Bureau of Justice Programs (BJA) Office of the Chief Financial Officer sent a letter to defendant Hattie Wash stating, in part, "…Based on our review…these procedures did not clearly define areas of responsibilities relative to federal grants management, and did not include specific provisions for tracking grant expenditures by approved budget categories…Based on an analysis of the EMAGES financial activities, we noted that the EMAGES is commingling the grant 2018-CY-BX-0025 funds with other federal agencies' funds within their accounting system…Based on a judgmental sample review of expenditures, we noted that the EMAGES was unable to fully support and justify the rational allocation method used to charge $800 in Other Cost to award 2018-CY-BX-0025…." (Ex.1)

**Response:** Admitted that the cited letter includes the quoted language, but denied that the letter was transmitted by BJA. The Office of the Chief Financial Officer is a separate office from BJA.

32. On April 29, 2021 Ms. Bernice Horne and Abitha William (hereinafter," Bernice") of BETHA Associates, Ine. (OJP Peer Review Support Services) contacted plaintiff via email requesting his availability to peer review the FY 2021 Second Chance Aet Community-Based Reentry Program, which is the process.

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material supports this statement.

33. Plaintiff accepted the invitation to peer review this solicitation.

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material supports this statement.

34. Bernice responded via email stating "Dr. Fred Nance Jr., Thank you for reaching out. Yes, please follow the steps of clicking on the JustGrants Peer Review Portal icon and completing your contact information."

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material supports this statement.

35. On May 25, 2021, DOJ, BJA, OP's Bethea sent an email to plaintiff stating "The Office of Justice Programs (0JP) has received your appeal in response to the Second Chance Act Community-based Reentry FY 2021 grant solicitation. After careful consideration of your case, unfortunately the decision has been made to deny your appeal …"

**Response:** Defendant denies that plaintiff's cite to specific evidentiary material supports this statement.

36. On June 10, 2021, plaintiff sent the following messages via email to Bernice et al. stating "I worked for you guys on the 2019 peer review team with the same grant, which I had a financial interest with another grant #2018-CY-BX-0025. I also worked on the same grant in 2020 for you guys while I had a financial interest with another grant# 2018-CY-BX-0025." (Ex.38)

**Response:** Admitted.

37. On July 15, 2022, plaintiff sent an email to defendant Hattie's lawyer, Attorney Derrick Thompson regarding defendant Hattie refusing to provide information for plaintiff's student loan relief package. (Ex.39)

**Response:** Admitted.

38. On August 30, 2023, plaintiff submitted himself for a deposition with EMAGES, Inc. Attorney Derrick Thompson, which led to settlement talks. (Ex.2)

**Response:** Denied. Defendant denies that plaintiff's cite to specific evidentiary material supports this statement. Admit that the cited email references possible settlement (without authority from the client) in a case separate from the instant matter.

39. On November 20, 2023, Plaintiff and EMAGES, Inc.'s Attorney attended a status hearing with Magistrate Judge Beth W. Jantz in case #20cv06316, which Judge Jantz reported District Judge LaShonda Hunt has both cases. (Ex.42)

**Response:** Admitted that Judge Hunt is assigned to the cases numbered 1:20-cv-06316 and 1:22-cv-03861.

40. Pursuant to Magistrate Judge Jantz's Minute Entry, Plaintiff and EMAGES Inc. have entered into settlement talks. (Ex.42)

**Response:** Admitted.

Respectfully submitted,

MORRIS PASQUAL,
Acting United States Attorney

By: s/ Kurt N. Lindland
    KURT N. LINDLAND
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-4163
    kurt.lindland@usdoj.gov



**Hattie Wash, Psy. D**
*Founder & Chief Executive Officer*

**Larry Ross, LCSW**
*Honorary President Served 1992-2011 (Posthumously)*

**Brenda Hodges-Leggard**
*President*

**Donna Harris**
*Vice President*

**Linda Brown-Jackson**
*Secretary*

**Edward Butler, Psy. D**
*Treasurer*

*Board Members*
**Marilyn Scott, Psy. D**
**Sabrina Nelson**
**Leatha Woolfolk**
**Hiram J. White**
**Arnie Harris**
**Brad Warner**
**Marvin Forbes**
**Mary Cox**

**EMAGES, INC.**
Establishing Managing and Generating Effective Services Inc.

**December 18, 2018**

EMAGES, Inc. is recipient of the FY 18 Second Chance Act Comprehensive Community-Based Adult Reentry Program – Category 2. EMAGES submits their response to the following active "Special Conditions" which need to be addressed before funds can be drawn.

**SCA Withholding for Action Plan**

The recipient understands EMAGES may incur obligations, expend, and draw down funds in an amount not to exceed $100,000.00 for the sole purpose of establishing an action plan within 180 days of receiving final approval of the project's budget from the Office of the Chief Financial Officer (OCFO).

**Withholding of Funds for BJA Budget Narrative**

EMAGES understands they may not obligate, expend, or drawdown funds until BJA, OJP has reviewed and approved their Budget Narrative. EMAGES programmatic components, that is, Accountant, Program Evaluator, and Clinical Consultants/Case Managers are independent contractors and have been removed from the procurement contracts line and placed in the subaward line. Monetarily, the Independent Contracts corresponds with the budgeted lines for subawards. (See attached Independent Consultant Contracts)

**Withholding of Funds – Disclosure of Pending Applications**

EMAGES provides an affirmative denial that it does not have any pending applications with DOJ, BJA, or OJP. EMAGES does not have any supplemental information requested from BJA or OJP. EMAGES has not made or agreed to any adjustments to their award. There are no duplications of funding. EMAGES agrees to any necessary reductions of the award amount if OJP determines there is a duplication of the award.

**Withholding of Funds – Research and Evaluation Independence and Integrity**

EMAGES agrees and is in compliance with OJP's Research and Evaluation Independence and Integrity requirements. EMAGES is in agreement to any adjustment of award that OJP may require to prevent, eliminate, mitigate, or otherwise adequately address any actual or apparent personal or financial conflict of interest on the part of the investigators or other staff/consultants engaged in the research/evaluation or organizational conflict of interest.

**Withholding of Funds for Application Attachment**

EMAGES is awaiting the MOU from its partner, Cook County Sheriff's Department, Department of Corrections (Jail). It is our understanding the MOU has been submitted for approval by the legal department of the Cook County Jail.

**Withholding of Funds – Subrecipient Monitoring Policies (updated August 2017)**

EMAGES does not have any Subrecipients.

*7601South Kostner · Chicago, Illinois 60652 · (773) 224-7386*