IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Fred L. Nance, Jr., <br><br> Plaintiff, <br><br> United States, *et al.*, <br><br> Defendants. | Case No. 22 C 3861 <br><br> Hon. LaShonda A. Hunt |

## ORDER

Self-represented Plaintiff Fred L. Nance, Jr. sued the federal government and several agencies, officials, and employees (the "Government Defendants") for various claims arising from the termination of a grant. After the Court dismissed his first complaint for failure to state a claim, Nance filed an amended complaint [20]. Before the Court is the Government Defendants' second motion to dismiss or alternatively for summary judgment [27]. For the reasons stated below, the motion [27] is granted.

## STATEMENT

The Court presumes familiarity with its August 14, 2023 memorandum opinion and order [19] dismissing the claims in Nance's original complaint arising under the Federal Tort Claims Act without prejudice and all other claims with prejudice. That factual background and analysis is incorporated in this ruling.

Briefly, Nance essentially alleges that he worked for EMAGES, an organization that received a federal grant under the Second Chance Program, and in 2020, he reported perceived fraud and misappropriation of $880 paid to an employee not on the grant. According to Nance, EMAGES requested that the grant be terminated under the pretext of financial difficulties caused by, among other things, the pandemic, but the real reason for requesting grant termination was his "whistleblowing" activity. The grant was terminated, and thus Nance lost his job. Subsequently, Nance's application to serve as a peer reviewer of grant applications under the same program was denied. Nance filed an administrative claim with the Department of Justice in connection with these events, which was denied as not compensable. Nance believes that both the termination of the grant and the denial of his peer review application were actions taken in retaliation for his reporting of the perceived fraud and misappropriation.

In its prior order, the Court explained that Nance had not sufficiently alleged negligence to support an FTCA claim and also raised certain intentional torts that are barred by statute. The Court explained this in detail and gave Nance a final opportunity to try to amend his complaint, which he has done. Reading the amended complaint liberally, as the Court must for *pro se* litigants, Nance appears to be raising five "claims" under the FTCA: (1) intentional infliction of emotional distress (IIED); (2) conspiracy; (3) abuse of process; (4) defamation; (5) misrepresentation and deceit. In addition, the complaint lists claims for: (6) violation of the Whistleblower Protection

1

Act (WPA); and (7) retaliation. Finally, the complaint briefly refers to maintaining a First Amendment *Bivens* claim against federal employees involved with grant administration. FAC at 21. Nance seeks $500,000 in monetary damages; approval of a $750,000 grant for his organization; reprimand of employees involved; and letters of support and apology.

The Government Defendants filed a second Motion to Dismiss or Alternatively for Summary Judgment [27], along with a memorandum in support thereof [28] and statement of facts (SOF) [29]. Nance filed a response to the motion [35], which contains a response to the Government Defendants' SOF [35-1], a statement of additional material facts (SOAF) [35-2], a memorandum in opposition to the motion [35-3], an affidavit supporting the need for discovery [35-4], a motion for early discovery [35-5], and voluminous exhibits [35-6 to 35-8]. The Government Defendants filed a response to Nance's SOAF [36] and a reply in support of the motion [37]. After reviewing these materials and considering any arguments raised at the hearing, the Court concludes that the amended complaint fails to state an FTCA claim.

The FTCA operates as a waiver the government's sovereign immunity as to recognized tort causes of action. *Feres v. United States,* 340 U.S. 135 (1950). District courts have exclusive jurisdiction of civil actions on claims against the United States, for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674. However, there are express exceptions to the FTCA for:

> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
>
> \*\*\*
>
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]

28 U.S.C. § 2680(a) (discretionary functions) & (h) (intentional torts).

First, Nance has not stated a negligence claim in the amended complaint. In Illinois, "[t]o recover damages based upon negligence, a plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injury." *Krywin v. Chicago Transit Auth.*, 238 Ill.2d 215, 225 (2010). The amended complaint appears to abandon any theory of negligence to support the FTCA claim. Neither the complaint nor Nance's brief in opposition to the pending motion articulate a duty owed by the Government Defendants to Nance that is analogous to a duty owed by a private person in a similar

factual situation. In the prior ruling, the Court specifically explained to Nance that identifying a duty along with specific facts to support causation would be required to properly allege an actionable negligence claim. (Mem. Op. & Order, Dkt. No. 19 at 11). Once again, Nance has not satisfied that requirement. Because Nance has failed to articulate (let alone allege facts that give rise to) a duty that would support a negligence claim against a private person under like circumstances, negligence cannot serve as the basis for the FTCA claim.

Second, it is questionable whether IIED is even a tort recognized under the FTCA or excluded as an intentional tort under 28 U.S.C. § 2680(h). *Christopher v. Harbury*, 536 U.S. 403, 420 n.19 (2002) (expressing doubt whether an IIED claim could be maintained under the FTCA) (citing 28 U.S.C. § 2680(h)). If it is, the complaint would need to sufficiently allege a claim for IIED under Illinois law. *See Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010) (listing elements: "(1) the defendants' conduct was extreme and outrageous; (2) the defendants knew that there was a high probability that their conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress."); *McGrath v. Fahey*, 126 Ill. 2d 78, 86 (1988) (IIED "does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" ) (quoting Restatement (Second) of Torts § 46, cmt. d (1965)); *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (conduct must go beyond all bounds of decency and be considered intolerable in a civilized community).

Even if IIED is not excluded under 28 U.S.C. § 2680(h), Nance has not alleged facts to support the claim under Illinois law. There are no allegations of: "extreme and outrageous conduct"—rather, the allegations seem to reflect government bureaucrats doing their jobs as required; Defendant's knowledge of the consequences of their conduct on Nance; or of severe emotional distress—the only allegations remotely close on this point are the allegations concerning Nance's inability to find other work to pay for his house and car due to his age—that's not enough. Because Nance has failed to allege a plausible claim for IIED (and the tort is likely not even actionable under the FTCA), this too cannot serve as a basis for the FTCA claim.

Third, claims for abuse of process, defamation, and misrepresentation and deceit are expressly excluded from the FTCA under 28 U.S.C. § 2680(h). *See also Apampa v. Layng*, 157 F.3d 1103, 1104 (7th Cir. 1998) (FTCA barred suit for defamation); *see also McDonnell v. Cisneros*, 84 F.3d 256, 261 (7th Cir. 1996) ("The United States is not liable under the Tort Claims Act for defamation by its employees.").

Fourth, *"*[c]onspiracy is not an independent tort" under Illinois law, so where a complaint "fails to state an independent cause of action underlying [the] conspiracy allegations, the claim for conspiracy also fails." *Thomas v. Fuerst*, 345 Ill. App. 3d 929, 936 (1st Dist. 2004). Furthermore, "claims that have deceit or misrepresentation as one of their elements" cannot support an action under the FTCA. *Mendrala v. Crown Mortg. Co.*, No. 88 C 7386, 1990 WL 129602, at *2 (N.D. Ill. Aug. 28, 1990). Because none of the other claims asserted by Nance support an FTCA action, the conspiracy claim cannot stand alone.

Fifth, Nance's other claims under the Whistleblower Protection Act and for retaliation were previously dismissed with prejudice because they can only be asserted against an employer, which Nance has admitted the United States is not.

Finally, to the extent the amended complaint seeks to assert a First Amendment *Bivens* claim to support the FTCA cause of action, any such claim also must be dismissed with prejudice because constitutional tort claims are not cognizable under the FTCA. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (explaining state substantive law is the source of liability under the FTCA, so a federal constitutional claim cannot support it). In addition, because Nance claims that his constitutional rights have been violated through alleged retaliatory actions, the claim also fails on its own. *See Egbert v. Boule*, 596 U.S. 482, 499 (2022) (holding that there is no *Bivens* action for First Amendment retaliation).

Last, because the amended complaint fails to state a claim under the FTCA, the Court need not address whether the various categories of relief sought (e.g., increased monetary damages from the initial administrative claim; injunctive relief, etc.) would be permissible. Furthermore, Nance's request for discovery is moot.

Nance previously attempted, and failed, to state a proper claim under the FTCA. He was afforded a final opportunity to amend the complaint to include the necessary facts and failed to do so. Moreover, it appears that further attempts would be futile. Therefore, the dismissal is with prejudice. *See Jain v. Butler Sch. Dist. 53*, 303 F. Supp. 3d 672, 683 (N.D. Ill. 2018) (citing *Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012) (leave to amend need not be granted when a party has had multiple opportunities to state a claim); *Bogie v. Rosenberg*, 705 F.3d 603, 608, 616 (7th Cir. 2013) (dismissal with prejudice is appropriate when amendment would be futile)).

**DATED**: January 9, 2024  **ENTERED**:

*LaShonda A. Hunt*
LaShonda A. Hunt
United States District Judge