**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FRED L NANCE JR | ) | |
| | ) | CASE # 20 CV 06316 |
| PLAINTIFF | ) | HONORABLE JUDGE |
| | ) | JORGE L. ALONSO |
| VS | ) | |
| | ) | CASE# 22 CV 3861 |
| DOJ, ET. AL, EXCEPT EMAGES, INC., | ) | HONORABLE JUDGE |
| UNITED STATES | ) | LASHONDA A. HUNT |
| DEFENDANTS. | ) | |

**NOTICE OF APPEAL**

Pro se Plaintiff, Fred L. Nance Jr. pursuant to Federal Rules of Appellate Procedure 3, Rule 3 Appeal as of Right, and 4(a)(1)(A). Plaintiff hereby appeal to United States Court of Appeals for the Seventh Circuit the attached orders entered in the United States District Court for the Northern District of Illinois, Eastern Division by the Honorable Judge Jorge L. Alonso and Honorable Judge LaShonda A. Hunt.

Plaintiff brings this appeal on a final order in Case #22cv3861 including parts of Case #20cv06316 both cases relate to Judge Jorge Alonso, which was transferred to Judge Hunt who issued the final order and judgment in the matter. The name of the court is the United States District Court for the Northern District of Illinois, Eastern Division. Plaintiff has attached all orders being appealed, which includes the final order issued by Judge Hunt. Plaintiff will demonstrate the relationship between the case numbers, which was assigned to Judge Alonso and transferred to Judge Hunt.

**CERTIFICATE OF SERVICE**

I, Fred L Nance Jr., hereby certify that on January 27, 2024 I electronically filed the foregoing Notice of Appeal with the Clerk of the Court for the United States Court of Appeals

for the Seventh Circuit by using the CM/ECF system with attached Court Orders. I also certify

that I served the foregoing Notice of Appeal on the individuals referenced on the Service List,

below by CM/EFC system on January 27, 2024.

Service List:

Kurt N. Lindland kurt.lindland@usdoj.gov
Derrick M. Thompson dthompson@taftlaw.com


/s/Fred L Nance Jr, PhD
Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**GENERAL ORDER 23-0023**

IT APPEARING THAT, the civil cases on the attached list have been selected for reassignment to form the initial calendar of the Honorable LaShonda A. Hunt; therefore

IT IS HEREBY ORDERED that the attached list of 282 cases be reassigned to the Honorable LaShonda A. Hunt; and

IT IS FURTHER ORDERED that all parties affected by this Order must review the Honorable LaShonda A. Hunt's webpage on the Court's website for the purpose of reviewing instructions regarding scheduling and case management procedures; and

IT IS FURTHER ORDERED that any civil case that has been reassigned pursuant to this Order will not be randomly reassigned to create the initial calendar of a new district judge for twelve months from the date of this Order; and

IT IS FURTHER ORDERED that the Clerk of Court is directed to add the Honorable LaShonda A. Hunt to the Court's civil case assignment system during the next business day, so that she shall receive a full share of such cases; and

IT IS FURTHER ORDERED that the Clerk of Court is directed to add the Honorable LaShonda A. Hunt to the Court's criminal case assignment system ninety (90) days so that Judge Hunt shall thereafter receive a full share of such cases.

**ENTER**:

**FOR THE EXECUTIVE COMMITTEE**

Hon. Rebecca R. Pallmeyer, Chief Judge

Dated at Chicago, Illinois this 2nd day of June, 2023

## Civil Cases Reassigned from Judge Alonso

| | |
|---|---|
| 1:19-cv-01082 | Allen v. City of Chicago et al |
| 1:19-cv-08183 | Hinkes v. Sunera Technologies, Inc. et al |
| 1:20-cv-00390 | Fluery v. Union Pacific Railroad Company |
| 1:20-cv-06189 | Weston v. City of Chicago et al |
| 1:20-cv-06316 | Nance, Jr. v. Department of Justice et al |
| 1:22-cv-03861 | Nance v. United States, et al. |
| 1:21-cv-02256 | Hanley v. XL Towing & Storage, Inc. et al |
| 1:21-cv-06378 | Bommisamy et al v. Poola et al |
| 1:22-cv-01579 | Cook v. Gomez et al |
| 1:22-cv-04892 | Williams et al v. Village of Alsip et al |
| 1:22-cv-05242 | Lynch v. Atlas Toyota Material Handling, LLC |
| 1:22-cv-06629 | Pugh v. Commissioner of Social Security |
| 1:22-cv-07321 | Arch Insurance Company v. Biometric Impressions Corp., et al |

## Civil Cases Reassigned from Judge Aspen

| | |
|---|---|
| 1:18-cv-06313 | Mendez v. City of Chicago et al |
| 1:20-cv-04858 | Hunter Technology Corporation v. Omega Global Technologies, Inc. |
| 1:20-cv-04247 | Sosa v. Onfido, Inc. |
| 1:21-cv-03032 | Simmons v. Gomez et al |
| 1:21-cv-06301 | Carr v. Mendrick et al |
| 1:22-cv-04202 | OEC Group (NY) Inc. v. China Cargo Airlines LTD |
| 1:22-cv-05436 | Davis v. City Of Chicago et al |

## Civil Cases Reassigned from Judge Blakey

| | |
|---|---|
| 1:18-cv-07790 | Holmes v. The three officer |
| 1:20-cv-04301 | Ortho-Tain, Inc. v. Colorado Vivos Therapeutics, Inc. et al |
| 1:21-cv-03495 | Roberts et al v. Kohl's, Inc. |
| 1:21-cv-06228 | Tower Crossing Condominium Association Inc. v. Affiliated FM Insurance Company |
| 1:22-cv-01852 | Sanchez v. El-Milagro, Inc. |
| 1:22-cv-03495 | Culvey et al v. Auto-Owners Insurance Company |
| 1:22-cv-04801 | Midwest Operating Engineers Welfare Fund et al v. Pyramid Prime, LLC |
| 1:22-cv-05859 | Anderson v. Gomez et al |
| 1:22-cv-06746 | Central States, Southeast and Southwest Areas Pension Fund et al v. Otis Minnesota Services, LLC |
| 1:23-cv-00344 | Jeremy J. Wilson v. Southern Illinois University Carbondale |
| 1:23-cv-00904 | Cohan v. F and F Realty Partners, LLC |
| 1:23-cv-01512 | Wiese v. Ethiopian Airline Enterprise |

## Civil Cases Reassigned from Judge Bucklo

| | |
|---|---|
| 1:17-cv-05589 | Stapleton v. Nestle |
| 1:19-cv-06322 | American Council of The Blind of Metropolitan Chicago et al v. City of Chicago et al |
| 1:21-cv-01379 | KTM AG v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRED L. NANCE, JR.,                         )
                                            )
        Plaintiff,                          )
                                            )        No. 20 C 6316
        v.                                  )
                                            )        Judge Jorge L. Alonso
UNITED STATES DEPARTMENT                    )
OF JUSTICE, BUREAU OF                       )
ASSISTANCE, OFFICE OF JUSTICE               )
PROGRAMS, EMAGES, INC.,                     )
HATTIE WASH, and                            )
THOMAS BRADLEY,                             )
                                            )
        Defendants.                         )

## MEMORANDUM OPINION AND ORDER

Believing he had been squeezed out of a grant for having blown a whistle, plaintiff Fred

L. Nance filed this suit against the government and three private defendants.  Before the Court

are two motions, one filed by the private defendants and one by the government defendants.  For

the reasons set forth below, the Court grants the government's motion and grants in part and

denies in part the private defendants' motion.

## I.      BACKGROUND

The following facts are from plaintiff's complaint, and the Court takes them as true for

purposes of the motions to dismiss.

Plaintiff Fred L. Nance ("Nance"), who has a Ph.D. in human services, is employed by

C.L.I.C.K. Services, NFP, where he is President and Chief Executive Officer.  (Complt. p. 5).

Plaintiff was involved with the three private defendants in connection with a federal grant,

namely #2018-CY-BX-0025 (the "Grant").  Defendant Hattie Wash ("Wash"), who is the

President and CEO of EMAGES, Inc., was the fiduciary partner on the Grant, and defendant Thomas Bradley ("Bradley") was the certified public accountant for the Grant.

The Grant came about in the fall of 2018. In May of that year, plaintiff and Wash had submitted a proposal under the Second Chance Act Comprehensive Community-based Adult Reentry Program. In September 2018, Wash and plaintiff learned they had been awarded the Grant, which would run from October 1, 2018 through September 20, 2021.

Plaintiff and Bradley then participated in an online training program on financial management. There, plaintiff learned that grant awardees were expected to ensure that they did not draw down more federal funds than they could spend within the following ten days. By February 2020, defendants were approved to draw down federal funds for the Grant.

Plaintiff quickly grew concerned about how the funds were being drawn down. On or about February 26, 2020, plaintiff received a copy of the monthly drawdown and learned that Wash had drawn down funds to pay Dorothy Collins, who was no longer working on the Grant. Plaintiff later noticed that Wash had also drawn down funds on March 30, 2020 to pay Dorothy Collins. Plaintiff complained to Wash, who told him to stay in his own lane. Plaintiff complained to Bradley, who said he would not discuss the matter except in a meeting with both plaintiff and Wash.

Plaintiff was not through complaining. Plaintiff next complained to a member of Congress. Then, on April 17 or 18, 2020 (plaintiff uses both dates at different places in his complaint), plaintiff sent the first of three of what he describes as whistleblower complaints. Specifically, plaintiff wrote a letter addressed to the Bureau of Justice Programs and stated, among other things:

> I want to report possible fraud or misappropriation of funds regarding Grant #2018-CY-BX-0025. . . .

* * *

The reasoning for writing this report at this time is because of what I discovered
in April of 2020 and having working knowledge of the event being described. I
am not part of any fraudulent scheme. I received a copy of our Second Chance
Act drawdown report, dated March 30, 2020, which listed Dorothy Collins, a
clerk who resigned on or about January 16, 2020. When I inquired of Dr. Wash
about drawing down monies for someone who did not work for the program, she
insulted and demeaned me as she stated I knew nothing about accounting.

[Docket 33-6].[1]

On August 21, 2020, Wash told plaintiff (by email) that she was willing to give up the

Grant on account of plaintiff's whistleblowing complaints. At some point (the date is not clear

from plaintiff's complaint), Wash gave back the Grant and told the Department of Justice and the

Bureau of Prisons that she was giving it back due to the coronavirus pandemic.

On August 28, 2020, plaintiff submitted what he labels his second whistleblower

complaint. Specifically, plaintiff sent to the Department of Justice's Office of Inspector General

a letter in which he stated, in relevant part:

Dr. Nance receives a copy of the drawdown every month. On January 21st,
February 26th, and March 30, 2020 Dr. Wash drew down funds for a person who
was not employed. The person, Dorothy Collins resigned on the 1st week of
January 2020. When I brought this issue to Dr. Wash she threatened me with
giving up the grant if I told our Grant Manager. I informed the Grant Manager
and Mr. Andre Bethea, Senior Policy Advisor for the Second Chance Act. I
informed the Grant Manager and Mr. Bethea I was reporting this incident
pursuant to the Whistleblower Act. I did not receive a response from them.

We provide 7 groups with a trauma informed and mentoring curricula with this
grant. When the COVID 19 crisis hit, we lost 2 groups, which were with the
Cook County Jail and the Illinois Department of Corrections Special Needs Unit.
We budgeted 10 mentors for $2800.00 a month. The groups we lost were
budgeted for 4 mentors at around $500.00 a month. The payroll I submitted for

---

[1] Plaintiff alleges the existence of his three whistleblower complaints in his complaint. Plaintiff
did not attach these documents to his complaint, but the government filed the first two in
connection with its motion to dismiss. The Court may consider those documents without
converting the motion to dismiss to a motion for summary judgment, because they are referred to
in plaintiff's complaint and are central to plaintiff's claims. *Equal Employment Opportunity
Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 778 (7th Cir. 2007).

March $2600.00; April $2100.00; May $1800.00; June $2300.00; and July $2100.00. Dr. Wash drew down $2800.00 for each of these months. Dr. Wash drew down $1160.00 from October of 2019 thru July of 2020 for our evaluator without receiving an invoice from her. Dr. Wash would ask her for an invoice when we talked to her, which was after she drew down money for her. I informed Dr. Wash she could not draw down funds for a particular month and not spend everything she drew down. Dr. Wash told me to mind my business and stay in my lane. I reminded Dr. Wash, several times, I am peer reviewer and know how this system works. I informed her there can be no money left over in her bank account. Dr. Wash continued to threaten me stating if I reported it she would give up the grant. I told her I would take it up.

I informed our Technical Assistant, Joseph Williams, providing him emails and documentation. Mr. Williams informed me via email he would send all of my documentation to the Grant manager and his higher ups. I informed our Grant Manager and Mr. Bethea. Dr. Wash continued to retaliate against me telling me I cannot supervise the Support Clerk for our Grant. Our Support Clerk's job description clearly states the clerk reports to me. This Support Clerk handles Dr. Wash's financial records.

On August 26, 2020 Dr. Wash submitted a GAN stating she wanted to take me off the Grant as one of the Point of Contact (POC). On August 28, 2020 our Grant Manager, Tracey Willis, approved Dr. Wash's GAN taking me off as POC. Taking me off as POC limits me from performing my duties. Dr. Wash retaliated against me for filing my complaints with our Grant Manager, the Technical Assistant, and Mr. Bethea. I have detailed emails and documents to support my complaint. I have been litigating for over 20 years. I am not a lawyer.

[Docket 33-8].

On September 13, 2020, plaintiff sent what he labels his third whistleblower complaint. (Complt. at p. 6). He did not attach the document to his complaint or include other details about his September 13, 2020 complaint.

Plaintiff alleges that once Wash gave back the Grant, plaintiff could no longer work on it. Plaintiff asserts that "all defendants" retaliated against him in violation of the National Defense Authorization Act, 41 U.S.C. § 4712, and 740 ILCS 174. Plaintiff also asserts that he "files suit" against the government defendants "under the FTCA," i.e., the Federal Tort Claims Act. (Complt. at p. 1).

The following facts are related to the government's motion for summary judgment.[2]

The parties dispute whether plaintiff filed an administrative complaint before filing this case under the Federal Tort Claims Act. The government put forth evidence that a search of its computerized database of administrative tort claims did not reveal any administrative claim by plaintiff. Plaintiff, who asserts that each of his whistleblower complaints was an administrative tort claim, submitted evidence that, on September 13, 2020, he submitted an online complaint (i.e., his third whistleblower complaint) to the United States Department of Justice, Office of the Inspector General. That complaint stated, among other things:

> Dr. Wash, and others, are retaliating against me for filing Whistleblower complaints. The retaliation prompting this 3rd Whistleblower complaint is Dr. Wash demanding I copy her on every email I send out to staff and our network partners **after** I sent an email on September 9, 2020 to her copying the OJP Grant Manager, Senior Policy Advisor, and Division Chief. As you will see in the emails and responses, I was glad she wanted to re-engage but she must respond/reply to my emails, if for no other reason having professional respect for me and the Grant. . . .

> During this Coronavirus episode and the Illinois Stay at Home Order, along with Dr. Wash not opening her facility for all staff and participants for this grant, I

---

[2] Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces Local Rule 56.1 strictly. *See McCurry v. Kenco Logistics Services, LLC*, 942 F.3d 783, 790 (7th Cir. 2019) ("We take this opportunity to reiterate that district judges may require strict compliance with local summary-judgment rules."). Where one party supports a fact with admissible evidence and the other party fails to controvert the fact with citation to admissible evidence, the Court deems the fact admitted. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of the duty to support the fact with admissible evidence. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012). Furthermore, the Court does not consider facts that parties failed to include in their statements of fact, because to do so would rob the other party of the opportunity to show that the fact is disputed.

The Court notes that plaintiff requested, pursuant to Rule 56(d), an opportunity to take discovery before responding to defendant's motion for summary judgment. The Court denied the motion in open court, because the only relevant facts (namely, whether plaintiff had been a government employee and whether plaintiff had filed an administrative claim) were within the plaintiff's personal knowledge.

have been working from home as other staff of EMAGES and staff for this grant. Dr. Wash has not issued a plan for opening her facility as required in Illinois so all staff and participants will know we are in a safe environment, as she has promised. . . .

I am in the protected class of individuals susceptible to the Coronavirus. Dr. Wash is aware I had a heart attack in July of 2011; I have hypertension and abdominal issues; I have a registered Emotional Support Animal (Oakley, 5-year old Chihuahua), which I had before writing the proposal for this grant and which I brought with me during the proposal writing processes and every day at work when we received the grant on October 1, 2018; and I have a Doctor's prescribed Nurse visiting me at home weekly as of July 31, 2020. Due to my blood pressure levels and other issues contained in my Whistleblower complaints, I have shared with my Nurse the trauma I am experiencing due to the harassment, intimidation, and the nefarious behavior of Dr. Wash and others who may be encouraging her behaviors. My Nurse's progress notes reflect the anxiety and trauma suffered under this emotional distress.

[Docket 49-16 at 7-8]. At no point in the September 13, 2020 complaint does plaintiff request money. [Docket 49-16 at 7-13].

It is undisputed that plaintiff has never been an employee of the Department of Justice.

## II. STANDARD

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Allegations that are as consistent with lawful conduct as

6

they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In considering a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws permissible inferences in favor of the plaintiff. *Boucher v. Finance Syst. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). Conclusory allegations "are not entitled to be assumed true," nor are legal conclusions. *Iqbal*, 556 U.S. at 680 & 681 (noting that a "legal conclusion" was "not entitled to the assumption of truth[;]" and rejecting, as conclusory, allegations that "'petitioners 'knew of, condoned, and willfully and maliciously agreed to subject [him]' to harsh conditions of confinement"). The notice-pleading rule "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-679.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

## III. DISCUSSION

### A. Private defendants' motion

The three private defendants, EMAGES, Inc., Wash and Bradley, filed a joint motion.

#### 1. Bradley

Defendant Bradley argues that plaintiff's claims against him should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, because plaintiff has not alleged that plaintiff was Bradley's employee or that Bradley was plaintiff's employer.

Bradley's point is well taken. Plaintiff brings Counts I and II under the National Defense Authorization Act (NDAA), 41 U.S.C. § 4712. That statute states, in relevant part:

> An *employee* of a contractor, subcontractor, grantee, or subgrantee or personal
> service contractor *may not be discharged, demoted, or otherwise discriminated
> against* as a reprisal for disclosing to a person or body described in paragraph (2)
> information that the *employee* reasonably believes is evidence of gross
> mismanagement of a Federal contract or grant, a gross waste of federal funds . . .

41 U.S.C. § 4712(a)(1) (emphasis added).  The plain language of the statute makes clear that

*only* an *employee* has a claim under that provision.  The statute does not, by its terms, extend its

protection to an independent contractor, and the Court is not aware of any case that held the

statute's protections extend to non-employees.  Plaintiff does not allege that he is an employee of

Bradley.  Instead, plaintiff alleges in his complaint (Complt. at p. 5) and confirms in his brief

[Docket 51-1 at 5] that he is an employee of C.L.I.C.K Services, NFP.

Nor does plaintiff allege that Bradley is his employer.  What plaintiff alleges about

Bradley is that Bradley is an independent contractor of EMAGES.  [Docket 51-1 at 12].  Even if

plaintiff had alleged himself to be an employee of EMAGES (which he did not), he still could

not sue Bradley without alleging that Bradley had the power to discharge, demote or otherwise

discriminate against him.  *Delebrau v. Danforth*, 743 Fed. Appx. 43, 44 (7th Cir. 2018) ("The

Oneida Housing Authority is Delebrau's employer, but she sued only its employees in their

personal capacities.  The statute does not reach them because in the *personal* capacities they

cannot discharge, demote, or discriminate in employment.").  Plaintiff has not alleged (plausibly

or otherwise) that he is Bradley's employee or that Bradley is his employer.  Accordingly,

Counts I and II are dismissed without prejudice as to Bradley.

In Count III, plaintiff asserts a claim under the Illinois Whistleblower law.  That statute

provides:

> An employer may not retaliate against an employee for disclosing information to
> a government or law enforcement agency, where the employee has reasonable
> cause to believe that the information discloses a violation of a State or federal
> law, rule, or regulation.

740 ILCS 174/15(b). Under the statute, employer is defined as "any individual, sole proprietorship, partnership, firm, corporation, association, and any other entity that has one or more employees in this State . . .; and any person acting within the scope of his or her authority express or implied on behalf of those entities in dealing with its employees." 740 ILCS 174/5. That definition leaves room for individual liability under the statute when the individual is acting within the scope of authority on behalf of an employer.

Plaintiff, though, has not alleged that Bradley was acting on behalf of plaintiff's employer, so this claim, too, must be dismissed for failure to state a claim. Count III is dismissed without prejudice as to defendant Bradley.

In Count IV, plaintiff asserts a claim for retaliation. Under Illinois law, "an *employer* may discharge an *employee*-at-will for any reasons or for no reason . . . except for when the discharge violates a clearly mandated public policy." *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill.2d 12, 19 (Ill. 1998) (emphasis added) (quoting *Barr v. Kelso-Burnett Co.*, 106 Ill.2d 520, 525 (Ill. 1985)). Bradley argues that such claims can be made only against an employer, and the Court agrees. *Buckner*, 182 Ill.2d at 21 ("Logically speaking, only 'the employer' has the power to hire or fire an employee. Obviously, an agent or employee may carry out that function on the employer's behalf, but it is still the authority of *the employer* which is being exercised. If the discharge violated public policy, it is the employer who is rightly held liable for damages."). Because plaintiff has not alleged (plausibly or otherwise) that Bradley was his employer, Count IV is dismissed without prejudice as to Bradley.

In Count V, plaintiff asserts a claim for "hostile environment." Plaintiff clarifies in his brief [Docket 51-1 at 18-19] that he brings this claim under Title VII of the Civil Rights Act of 1964. The problem with this claim, again, is that plaintiff has not alleged that Bradley was his

employer.  Plaintiff can bring a Title VII claim against only an employer.  Supervisors and co-workers are not liable under Title VII.  *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) ("[A] supervisor does not, in his individual capacity, fall within Title VII's definition of employer[.]"); *see also Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017) ("[T]here is no individual liability under Title VII.").  Accordingly, Count V is dismissed without prejudice as to Bradley.

Finally, in Counts VI and VII, plaintiff claims emotional distress and special damages, respectively.  As Bradley points out, these are prayers for relief, not causes of action.  Because plaintiff has not stated a claim against Bradley, these prayers for relief, too, are dismissed as to Bradley.

For these reasons, plaintiff's claims against Bradley are dismissed without prejudice and with leave to amend.

### 2. Wash and EMAGES, Inc.

Wash and EMAGES, Inc. move, pursuant to Rule 12(e), for a more definite statement. Rule 12(e) of the Federal Rules of Civil Procedure allows a party to "move for a more definite statement of a pleading" when that pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed.R.Civ.P. 12(e).

In their motion, Wash and EMAGES, Inc. argue that plaintiff's complaint was vague, because it seemed to be alleging both that plaintiff was an employee of Wash and EMAGES, Inc. and also that he was not an employee of Wash and EMAGES, Inc.  In response, plaintiff "state[d], emphatically, that he is an employee of C.L.I.C.K. Services, NFP."  (Plf. Brief at 28/Docket 51-1 at 28).  Plaintiff also said, "Plaintiff does not claim defendants . . . EMAGES,

10

Inc, Hattie Wash, or Thomas Bradley terminated his employment as related to an employee/employer relationship." (Plf. Brief at 5/Docket 51-1 at 50).

Given those statements, Wash and EMAGES, Inc. replied that their motion for more definite statement is moot (which is to say, they already have the clarification they need). Accordingly, that portion of the motion is denied as moot. Wash and EMAGES, Inc. request leave to file a motion to dismiss (now that they understand plaintiff's claims). Leave is granted: these defendants may file a motion to dismiss, but they should wait until *after* plaintiff files an amended complaint.

**B.** **Government's motion**

**1.** **Exhaustion**

The government argues that plaintiff's FTCA claim must be dismissed, because plaintiff failed to exhaust his administrative remedies. Failure to exhaust is generally an affirmative defense. *Jones v. Bock*, 549 U.S. 199 (2007).[3] A plaintiff need not plead around an affirmative defense, and the Court may not dismiss under Rule 12(b)(6) on the basis of an affirmative defense unless the plaintiff alleges, and thus admits, the elements of the affirmative defense. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014); *United States Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003). The government seeks dismissal or, in the alternative, summary judgment.

---

[3]The exhaustion requirement of the Federal Tort Claims Act is a limitation on the waiver of sovereign immunity. It is not clear that it is a true affirmative defense, around which a plaintiff need not plead. *Compare Chronis*, 932 F.3d 544 (dismissing for failure to exhaust); *with Gray v. United States*, 723 F.3d 795, 798 & 799 n. 1 (7th Cir. 2013) (describing exhaustion as "a condition on the government's waiver of sovereign immunity" and as an "affirmative defense"). The court need not decide, because the outcome is the same whether the claim is dismissed under Rule 12(b)(6) or 56.

Title 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money
> damages for injury or loss of property or personal injury or death caused by the
> negligent or wrongful act or omission of an employee of the Government while
> acting within the scope of his office or employment, *unless the claimant shall
> have first presented the claim to the appropriate Federal agency in writing* and
> sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). By regulation, a claim is "deemed to have been

presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or

other written notification of an incident*, accompanied by a claim for money damages in a sum

certain* for an injury to or loss of property, personal injury, or death alleged to have occurred by

reason of the incident . . ." 28 C.F.R. § 14.2(a); *see also Kanar v. United States*, 118 F.3d 527,

530 (7th Cir. 1997) ("[W]e treat 'claim' as a statutory term that needs a definition, and we see no

reason why that definition may not come from a regulation issued under statutory authority."). A

claimant need not "comply with 'every jot and tittle'" as "long as the proper agency had the

opportunity to settle the claim for money damages before the point of suit[.]" *The Smoke Shop,

LLC v. United States*, 761 F.3d 779, 787 (7th Cir. 2014). "[A] claimant who *neither* makes it

clear that she is demanding money from the agency *nor* says how much she is demanding

thwarts the settlement process envisioned by the FTCA," and, thus, his claim must be dismissed.

*Chronis v. United States*, 932 F.3d 544, 547 (7th Cir. 2019).

Here, the parties dispute whether plaintiff exhausted. The government has no record of

receiving a proper claim. Plaintiff, for his part, argues that his three whistleblower complaints

constituted claims under the FTCA. The Court cannot agree with plaintiff. Even assuming the

appropriate agency had received those three documents in the appropriate manner, not one of

those documents included a demand for money, let alone for a sum certain. Without that, none

of his letters qualifies as a claim under the FTCA, and plaintiff failed to exhaust his remedies before filing suit.

Accordingly, plaintiff's FTCA claim is dismissed.[4]

### 2.    Remaining claims

The government moves to dismiss the remaining claims, because, among other things (like sovereign immunity), plaintiff has not alleged that the government was his employer.  The Court agrees.  As the Court explained above, an entity cannot be liable on those claims unless it was plaintiff's employer.  Plaintiff has not alleged that, so the claims must be dismissed for failure to state a claim.  Furthermore, as plaintiff notes in his brief, [Docket 49-2 at 46], plaintiff admitted in open court that he was not an employee of the Department of Justice.  Thus, plaintiff cannot cure this defect by amendment.  The remaining claims against the government are dismissed with prejudice.

---

[4] This dismissal is without prejudice to plaintiff's right to file an administrative claim with the appropriate agency, *see Chronis*, 932 F.3d at 549, to the extent the statute of limitations has not run.  Plaintiff may not, however, replead the claim in this case.

13

**IV.    CONCLUSION**

For the reasons set forth above, the Court grants the government's motion [31] to dismiss. Plaintiff's FTCA claim is dismissed without prejudice (and without leave to amend).  The remaining claims against the government are dismissed with prejudice.  The Court grants in part and denies in part the private defendants' motion [40] to dismiss.  The Court dismisses without prejudice all claims against defendant Bradley.  Plaintiff is granted leave to file by July 9, 2021 an amended complaint against defendants Wash, EMAGES, Inc. and Bradley, should he so choose.  Defendants' deadline to answer or otherwise plead is August 6, 2021.

SO ORDERED.                                    ENTERED:   June 8, 2021

                                               _____
                                               JORGE L. ALONSO
                                               United States District Judge

14

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FRED L. NANCE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 6316 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| EMAGES, INC., | ) | |
| HATTIE WASH, and | ) | |
| THOMAS BRADLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's motions [90, 92] for Rule 54(b) judgment are granted. Judgment shall enter in favor of the government defendants and against plaintiff. That judgment will reflect that plaintiff's Federal Tort Claims Act claim against the government defendants was dismissed without prejudice (and without leave to amend) and plaintiff's remaining claims against the government defendants were dismissed with prejudice.

## STATEMENT

On June 22, 2021, plaintiff Fred L. Nance ("Nance") filed a notice of appeal in this case. Ordinarily, the filing of a notice of appeal divests a district court of jurisdiction. *Ameritech Corp. v. International Bhd. of Elec. Workers, Local 21*, 543 F.3d 414, 418 (7th Cir. 2008). That rule, however, does not apply when the appeal is from a nonappealable order, which is what this Court believes happened here. *See JP Morgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 860 n. 7 (7th Cir. 2013). Thus, this Court has jurisdiction to consider the motions that plaintiff has filed on this Court's docket.

Plaintiff seeks a final judgment against the government defendants in order to perfect his appeal. Entry of such a judgment even after plaintiff has filed his notice of appeal would allow the appeal to proceed. *Bishop v. Gainer*, 272 F.3d 1009, 1012 (7th Cir. 2001) ("the belated Rule 54(b) certification gave us jurisdiction over those appeals based on the prematurely filed notices of appeal.") (citing *Local P-171, Amalgamated Meat Cutters and Butcher Workmen of N.A. v. Thompson Farms Co.*, 642 F.2d 1065 (1981)).

Rule 54(b) allows a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). Here, there is no just reason for delay, because, as this Court has previously stated, "this case is over with respect to the government defendants." [Docket 65 at 1]. The Court previously ruled:

Plaintiff's FTCA claim is dismissed without prejudice (and without leave to
amend). The remaining claims against the government are dismissed with
prejudice.

[Docket 64 at 14]. The reason plaintiff was not allowed to amend his FTCA claim is that a
plaintiff must exhaust administrative remedies *before* filing suit. A suit filed before a plaintiff
exhausts must be dismissed, even if the plaintiff exhausts after filing suit. *McNeil v. United
States*, 508 U.S. 106 (1993). Because all claims against the government are over, there is no just
reason to delay entry of judgment.

The only issue that gives this Court pause is the Seventh Circuit's opinion that Rule 54(b)
motions should generally be filed within 30 days. *See Schaeffer v. First Nat. Bank of
Lincolnwood*, 465 F.2d 234, 236 (7th Cir. 1972). In *Schaeffer*, the Seventh Circuit said:

[A]s a general rule it is an abuse of discretion for a district judge to grant a motion
for a Rule 54(b) order when the motion is filed more than thirty days after the
entry of the adjudication to which it relates. There may be of course cases of
extreme hardship where dilatoriness is not occasioned by neglect or carelessness
in which the application of this general rule might be abrogated in the interest of
justice.

*Schaffer*, 465 F.2d at 236; *see also King v. Newbold*, 845 F.3d 866, 868 (7th Cir. 2017). It appears
to this Court that the 30-day guideline was not meant as a trap for the unwary but rather as a means
to keep parties from extending the time for filing an appeal. This plaintiff has already filed his
notice of appeal and is merely attempting to perfect that appeal, which is allowed under *Bishop*
and *Local P-171*.

For these reasons, plaintiff's motions are granted.

SO ORDERED.                                    ENTERED: August 17, 2021

                                               _____
                                               JORGE L. ALONSO
                                               United States District Judge

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

September 1, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

No. 21-2161

| | |
|---|---|
| FRED L. NANCE, JR., | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| *v.* | Eastern Division. |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.,* | No. 1:20-cv-06316 |
| *Defendants-Appellees.* | Jorge L. Alonso, *Judge.* |

## O R D E R

On consideration of the motion to reconsider filed by plaintiff-appellant on August 17, 2021, and construed as a petition for rehearing, all members of the original panel have voted to deny the petition.

Accordingly, the petition for rehearing is hereby DENIED.

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

August 4, 2021

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

*Before:*

**FRANK H. EASTERBROOK,** *Circuit Judge*
**MICHAEL S. KANNE,** *Circuit Judge*
**MICHAEL Y. SCUDDER,** *Circuit Judge*

| | |
|---|---|
| FRED NANCE, JR., | ] Appeal from the United |
|     Plaintiff-Appellant, | ] States District Court for |
| | ] the Northern District of |
| No. 21-2161     v. | ] Illinois, Eastern Division. |
| | ] |
| UNITED STATES DEPARTMENT OF | ] No. 1:20-cv-06316 |
| JUSTICE, et al., | ] |
|     Defendants-Appellees. | ] Jorge L. Alonso, |
| | ]     Judge. |

## O R D E R

On consideration of the papers filed in this appeal and review of the short record,

IT IS ORDERED that this appeal is DISMISSED for lack of jurisdiction.

Generally, an appeal may not be taken in a civil case until a final judgment disposing of all claims against all parties is entered on the district court's civil docket pursuant to Fed. R. Civ. P. 58. *See Alonzi v. Budget Construction Co.*, 55 F.3d 331, 333 (7th Cir. 1995); *See Cleaver v. Elias*, 852 F.2d 266 (7th Cir. 1988).

The district court has not entered a final judgment under Rule 58 in this case, and for good reason. Plaintiff-appellant Fred Nance, Jr.'s case is not at an end. Specifically, in its order of June 8, 2021, the district court granted plaintiff-appellant "leave to file by July 9, 2021, an amended complaint against defendants Wash, EMAGES, Inc. and Bradley, should he so choose. Defendants' deadline to answer or otherwise plead is

-over-

No. 21-2161                                                          -Page 2-

August 6, 2021." Plaintiff-appellant Nance's deadline to file an amended complaint was
extended recently, and now is August 30, 2021.

      Further, as the governmental appellees point out, appellant has not requested
entry of a partial judgment under Fed. R. Civ. P. 54(b).  Plaintiff-appellant Nance must
wait until the district court's work is at an end to appeal.

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 6.3.3
### Eastern Division

Fred L Nance Jr

                                    Plaintiff,

v.                                                    Case No.: 1:20−cv−06316
                                                      Honorable Jorge L. Alonso

Department of Justice, et al.

                                    Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, December 10, 2021:

     MINUTE entry before the Honorable Jeffrey Cummings: The parties having filed their stipulation to dismiss with prejudice [41], this case is dismissed with prejudice. Each party to bear their own fees and costs. Case terminated. Mailed notice (cc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FRED L. NANCE, JR.,                    )
                                        )
        Plaintiff,                      )
                                        )        No. 20 C 6316
        v.                              )
                                        )        Judge Jorge L. Alonso
EMAGES, INC.,                           )
HATTIE WASH, and                        )
THOMAS BRADLEY,                         )
                                        )
        Defendants.                     )

## ORDER

The December 10, 2021 order [109] entered mistakenly by a judge who is not assigned to this case is vacated and the case reinstated. Plaintiff's motion [112] to reconsider that order is, thus, granted. The clerk is directed to reinstate defendants' motion [101] to dismiss as a pending motion. Plaintiff's motion [110] to reinstate his claim against the government is taken under advisement. The government is granted until January 22, 2022 to file a response. Plaintiff is granted until January 26, 2022 to file a reply brief.

## STATEMENT

On December 10, 2021, a judge who is not assigned to this case mistakenly entered an order [109] terminating this case on the grounds that the parties had filed a stipulation of dismissal. The parties to this case have not filed a stipulation of dismissal, and the order was obviously meant for a different case. Accordingly, the order [109] is vacated and this case is reinstated.

SO ORDERED.                         ENTERED:   December 13, 2021

                                    _____
                                    JORGE L. ALONSO
                                    United States District Judge

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1
### Eastern Division

Fred L Nance Jr

                              Plaintiff,

v.                                              Case No.: 1:22−cv−03861
                                                Honorable LaShonda A. Hunt

United States, et al.

                              Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, January 9, 2024:

        MINUTE entry before the Honorable LaShonda A. Hunt: Motion hearing held
telephonically. Pro Se Plaintiff and counsel for the United States appeared. For the reasons
stated on the record and in the accompanying order, the Government Defendants' second
motion to dismiss or alternatively for summary judgment [27] is granted. The amended
complaint is dismissed with prejudice. All pending motions are terminated as moot. Civil
case terminated. Emailed notice. (cdh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov***.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Fred L. Nance, Jr.,

                 Plaintiff,

United States, *et al.*,

                 Defendants.

Case No. 22 C 3861

Hon. LaShonda A. Hunt

## ORDER

Self-represented Plaintiff Fred L. Nance, Jr. sued the federal government and several agencies, officials, and employees (the "Government Defendants") for various claims arising from the termination of a grant. After the Court dismissed his first complaint for failure to state a claim, Nance filed an amended complaint [20]. Before the Court is the Government Defendants' second motion to dismiss or alternatively for summary judgment [27]. For the reasons stated below, the motion [27] is granted.

## STATEMENT

The Court presumes familiarity with its August 14, 2023 memorandum opinion and order [19] dismissing the claims in Nance's original complaint arising under the Federal Tort Claims Act without prejudice and all other claims with prejudice. That factual background and analysis is incorporated in this ruling.

Briefly, Nance essentially alleges that he worked for EMAGES, an organization that received a federal grant under the Second Chance Program, and in 2020, he reported perceived fraud and misappropriation of $880 paid to an employee not on the grant. According to Nance, EMAGES requested that the grant be terminated under the pretext of financial difficulties caused by, among other things, the pandemic, but the real reason for requesting grant termination was his "whistleblowing" activity. The grant was terminated, and thus Nance lost his job. Subsequently, Nance's application to serve as a peer reviewer of grant applications under the same program was denied. Nance filed an administrative claim with the Department of Justice in connection with these events, which was denied as not compensable. Nance believes that both the termination of the grant and the denial of his peer review application were actions taken in retaliation for his reporting of the perceived fraud and misappropriation.

In its prior order, the Court explained that Nance had not sufficiently alleged negligence to support an FTCA claim and also raised certain intentional torts that are barred by statute. The Court explained this in detail and gave Nance a final opportunity to try to amend his complaint, which he has done. Reading the amended complaint liberally, as the Court must for *pro se* litigants, Nance appears to be raising five "claims" under the FTCA: (1) intentional infliction of emotional distress (IIED); (2) conspiracy; (3) abuse of process; (4) defamation; (5) misrepresentation and deceit. In addition, the complaint lists claims for: (6) violation of the Whistleblower Protection

1

Act (WPA); and (7) retaliation. Finally, the complaint briefly refers to maintaining a First Amendment *Bivens* claim against federal employees involved with grant administration. FAC at 21. Nance seeks $500,000 in monetary damages; approval of a $750,000 grant for his organization; reprimand of employees involved; and letters of support and apology.

The Government Defendants filed a second Motion to Dismiss or Alternatively for Summary Judgment [27], along with a memorandum in support thereof [28] and statement of facts (SOF) [29]. Nance filed a response to the motion [35], which contains a response to the Government Defendants' SOF [35-1], a statement of additional material facts (SOAF) [35-2], a memorandum in opposition to the motion [35-3], an affidavit supporting the need for discovery [35-4], a motion for early discovery [35-5], and voluminous exhibits [35-6 to 35-8]. The Government Defendants filed a response to Nance's SOAF [36] and a reply in support of the motion [37]. After reviewing these materials and considering any arguments raised at the hearing, the Court concludes that the amended complaint fails to state an FTCA claim.

The FTCA operates as a waiver the government's sovereign immunity as to recognized tort causes of action. *Feres v. United States,* 340 U.S. 135 (1950). District courts have exclusive jurisdiction of civil actions on claims against the United States, for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1);*see also* 28 U.S.C. § 2674. However, there are express exceptions to the FTCA for:

> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

> \*\*\*

> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]

28 U.S.C. § 2680(a) (discretionary functions) & (h) (intentional torts).

First, Nance has not stated a negligence claim in the amended complaint. In Illinois, "[t]o recover damages based upon negligence, a plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injury." *Krywin v. Chicago Transit Auth*., 238 Ill.2d 215, 225 (2010). The amended complaint appears to abandon any theory of negligence to support the FTCA claim. Neither the complaint nor Nance's brief in opposition to the pending motion articulate a duty owed by the Government Defendants to Nance that is analogous to a duty owed by a private person in a similar

factual situation. In the prior ruling, the Court specifically explained to Nance that identifying a duty along with specific facts to support causation would be required to properly allege an actionable negligence claim. (Mem. Op. & Order, Dkt. No. 19 at 11). Once again, Nance has not satisfied that requirement. Because Nance has failed to articulate (let alone allege facts that give rise to) a duty that would support a negligence claim against a private person under like circumstances, negligence cannot serve as the basis for the FTCA claim.

Second, it is questionable whether IIED is even a tort recognized under the FTCA or excluded as an intentional tort under 28 U.S.C. § 2680(h). *Christopher v. Harbury*, 536 U.S. 403, 420 n.19 (2002) (expressing doubt whether an IIED claim could be maintained under the FTCA) (citing 28 U.S.C. § 2680(h)). If it is, the complaint would need to sufficiently allege a claim for IIED under Illinois law. *See Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010) (listing elements: "(1) the defendants' conduct was extreme and outrageous; (2) the defendants knew that there was a high probability that their conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress."); *McGrath v. Fahey*, 126 Ill. 2d 78, 86 (1988) (IIED "does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" ) (quoting Restatement (Second) of Torts § 46, cmt. d (1965)); *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (conduct must go beyond all bounds of decency and be considered intolerable in a civilized community).

Even if IIED is not excluded under 28 U.S.C. § 2680(h), Nance has not alleged facts to support the claim under Illinois law. There are no allegations of: "extreme and outrageous conduct"—rather, the allegations seem to reflect government bureaucrats doing their jobs as required; Defendant's knowledge of the consequences of their conduct on Nance; or of severe emotional distress—the only allegations remotely close on this point are the allegations concerning Nance's inability to find other work to pay for his house and car due to his age—that's not enough. Because Nance has failed to allege a plausible claim for IIED (and the tort is likely not even actionable under the FTCA), this too cannot serve as a basis for the FTCA claim.

Third, claims for abuse of process, defamation, and misrepresentation and deceit are expressly excluded from the FTCA under 28 U.S.C. § 2680(h). *See also Apampa v. Layng*, 157 F.3d 1103, 1104 (7th Cir. 1998) (FTCA barred suit for defamation); *see also McDonnell v. Cisneros*, 84 F.3d 256, 261 (7th Cir. 1996) ("The United States is not liable under the Tort Claims Act for defamation by its employees.").

Fourth, "[c]onspiracy is not an independent tort" under Illinois law, so where a complaint "fails to state an independent cause of action underlying [the] conspiracy allegations, the claim for conspiracy also fails." *Thomas v. Fuerst*, 345 Ill. App. 3d 929, 936 (1st Dist. 2004). Furthermore, "claims that have deceit or misrepresentation as one of their elements" cannot support an action under the FTCA. *Mendrala v. Crown Mortg. Co.*, No. 88 C 7386, 1990 WL 129602, at *2 (N.D. Ill. Aug. 28, 1990). Because none of the other claims asserted by Nance support an FTCA action, the conspiracy claim cannot stand alone.

Fifth, Nance's other claims under the Whistleblower Protection Act and for retaliation were previously dismissed with prejudice because they can only be asserted against an employer, which Nance has admitted the United States is not.

Finally, to the extent the amended complaint seeks to assert a First Amendment *Bivens* claim to support the FTCA cause of action, any such claim also must be dismissed with prejudice because constitutional tort claims are not cognizable under the FTCA. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (explaining state substantive law is the source of liability under the FTCA, so a federal constitutional claim cannot support it). In addition, because Nance claims that his constitutional rights have been violated through alleged retaliatory actions, the claim also fails on its own. *See Egbert v. Boule*, 596 U.S. 482, 499 (2022) (holding that there is no *Bivens* action for First Amendment retaliation).

Last, because the amended complaint fails to state a claim under the FTCA, the Court need not address whether the various categories of relief sought (e.g., increased monetary damages from the initial administrative claim; injunctive relief, etc.) would be permissible. Furthermore, Nance's request for discovery is moot.

Nance previously attempted, and failed, to state a proper claim under the FTCA. He was afforded a final opportunity to amend the complaint to include the necessary facts and failed to do so. Moreover, it appears that further attempts would be futile. Therefore, the dismissal is with prejudice. *See Jain v. Butler Sch. Dist. 53*, 303 F. Supp. 3d 672, 683 (N.D. Ill. 2018) (citing *Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012) (leave to amend need not be granted when a party has had multiple opportunities to state a claim); *Bogie v. Rosenberg*, 705 F.3d 603, 608, 616 (7th Cir. 2013) (dismissal with prejudice is appropriate when amendment would be futile)).

**DATED**: January 9, 2024                    **ENTERED**:

LaShonda A. Hunt
United States District Judge

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Fred L. Nance, Jr.,

Plaintiff(s),

v.

United States, *et al.*,

Defendant(s).

Case No.  22 C 3861
Hon. LaShonda A. Hunt

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐     in favor of plaintiff(s)
       and against defendant(s)
       in the amount of $     ,

           which ☐ includes     pre–judgment interest.
                ☐ does not include pre–judgment interest.

     Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

     Plaintiff(s) shall recover costs from defendant(s).

---

☐     in favor of defendant(s)
       and against plaintiff(s)

     Defendant(s) shall recover costs from plaintiff(s).

---

☒     other:   Judgment is entered in favor of defendants United States, *et al.,* and against plaintiff
             Fred L. Nance, Jr. Plaintiff's amended complaint was dismissed with prejudice.

---

This action was *(check one)*:

☐ tried by a jury with Judge     presiding, and the jury has rendered a verdict.
☐ tried by Judge     without a jury and the above decision was reached.
☒ decided by Judge LaShonda A. Hunt on a motion.

Date:   1/9/2024

Thomas G. Bruton, Clerk of Court

Carolyn Hoesly, Deputy Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Fred L Nance Jr

                                          Plaintiff,

v.                                                        Case No.: 1:20−cv−06316
                                                          Honorable LaShonda A. Hunt

Department of Justice, et al.

                                          Defendant.
_____

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, January 11, 2024:

     MINUTE entry before the Honorable Beth W. Jantz: Status hearing held on
1/11/2024 and continued to 3/14/2024 at 9:45 a.m. The parties report on settlement
discussions and positions. The Plaintiff expresses interest in working with a free attorney
through the Settlement Assistance Program, which is for settlement related matters only.
With the approval of both parties, this case is referred to the Settlement Assistance
Program for placement with volunteer counsel to assist Plaintiff in proceedings related to
settlement. To join the 3/14/2024 status conference by phone, dial 888−273−3658 and
enter access code 2217918. Members of the public and media will be able to call in to
listen to this hearing. Persons granted remote access to proceedings are reminded of the
general prohibition against photographing, recording, and rebroadcasting of court
proceedings. Violation of these prohibitions may result in sanctions, including removal of
court issued media credentials, restricted entry to future hearings, denial of entry to future
hearings, or any other sanctions deemed necessary by the Court. (rbf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at ***www.ilnd.uscourts.gov***.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Fred Nance, Jr.,

        **Plaintiff(s),**

        **v.**

EMAGES, Inc., et al.,

        **Defendant(s).**

**Case No.** 1:20-cv-06316

## LIMITED ASSIGNMENT OF
## SETTLEMENT ASSISTANCE PROGRAM COUNSEL

The Court hereby assigns the herein named attorney to represent the Plaintiff solely for the limited purpose of assisting Plaintiff in connection with settlement proceedings in this case. Assigned counsel shall not be obligated to conduct any discovery, to prepare or respond to any motions and shall not be responsible for the trial of this case. The assigned attorney may not enter into any fee agreement with the pro se party, or otherwise seek compensation from the pro se party, in connection with this assignment. On notice to the Court, assigned counsel may seek to end the representation of Plaintiff upon completion of the settlement conference.

| | |
|---|---|
| Name of Assigned Counsel: | Bradley Manewith |
| Law Firm: | Lichten & Liss-Riordan, P.C. |
| Street Address: | 729 Boylston St. |
| Suite Number: | Suite 2000 |
| City, State & Zip Code: | Boston, MA 02116 |
| Telephone Number: | 617-994-5831 |

I hereby acknowledge that I have read, understand and agree to the terms of this Limited Assignment of Settlement Assistance Program Counsel.

Dated: 18 January 2024      x     *Dr. Fred L Nance Jr*
                                5F33259F36DE4CF...
                                **Pro Se Plaintiff**

**ENTER:**

Dated: 1/24/2024                 *Bill W. Cantz*
                                   **Judge**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRED L NANCE JR | ) | |
| | ) | CASE # 20 CV 06316 |
| PLAINTIFF | ) | HONORABLE JUDGE |
| | ) | JORGE L. ALONSO |
| VS | ) | |
| | ) | CASE# 22 CV 3861 |
| DOJ, ET. AL, EXCEPT EMAGES, INC., | ) | HONORABLE JUDGE |
| UNITED STATES | ) | LASHONDA A. HUNT |
| DEFENDANTS. | ) | |

**NOTICE OF FILING**

Kurt N. Lindland
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4163
kurt.lindland@usdoj.gov

Derrick Thompson
Attorney EMAGES Inc.
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
312-527-4000
dthompson@taftlaw.com

PLEASE TAKE NOTICE THAT on January 27, 2024 Plaintiff filed his Notice of Appeal
and Attached Orders on appeal.

**CERTIFICATE OF SERVICE**

I, Fred L. Nance Jr. pro se plaintiff, certify I served the foregoing Notice of Appeal and
Attached Orders on appeal by causing a true and correct copy of the same to be sent by operation
of the court.

Respectfully submitted,

/s/Fred L. Nance Jr., Pro se plaintiff
17239 Evans Avenue
South Holland, Illinois 60473-3436
708-921-1395
frednance@clickservices.org

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**GENERAL ORDER 23-0023**

IT APPEARING THAT, the civil cases on the attached list have been selected for reassignment to form the initial calendar of the Honorable LaShonda A. Hunt; therefore

IT IS HEREBY ORDERED that the attached list of 282 cases be reassigned to the Honorable LaShonda A. Hunt; and

IT IS FURTHER ORDERED that all parties affected by this Order must review the Honorable LaShonda A. Hunt's webpage on the Court's website for the purpose of reviewing instructions regarding scheduling and case management procedures; and

IT IS FURTHER ORDERED that any civil case that has been reassigned pursuant to this Order will not be randomly reassigned to create the initial calendar of a new district judge for twelve months from the date of this Order; and

IT IS FURTHER ORDERED that the Clerk of Court is directed to add the Honorable LaShonda A. Hunt to the Court's civil case assignment system during the next business day, so that she shall receive a full share of such cases; and

IT IS FURTHER ORDERED that the Clerk of Court is directed to add the Honorable LaShonda A. Hunt to the Court's criminal case assignment system ninety (90) days so that Judge Hunt shall thereafter receive a full share of such cases.

**ENTER**:

**FOR THE EXECUTIVE COMMITTEE**

Hon. Rebecca R. Pallmeyer, Chief Judge

Dated at Chicago, Illinois this 2nd day of June, 2023

## Civil Cases Reassigned from Judge Alonso

| | |
|---|---|
| 1:19-cv-01082 | Allen v. City of Chicago et al |
| 1:19-cv-08183 | Hinkes v. Sunera Technologies, Inc. et al |
| 1:20-cv-00390 | Fluery v. Union Pacific Railroad Company |
| 1:20-cv-06189 | Weston v. City of Chicago et al |
| 1:20-cv-06316 | Nance, Jr. v. Department of Justice et al |
| 1:22-cv-03861 | Nance v. United States, et al. |
| 1:21-cv-02256 | Hanley v. XL Towing & Storage, Inc. et al |
| 1:21-cv-06378 | Bommisamy et al v. Poola et al |
| 1:22-cv-01579 | Cook v. Gomez et al |
| 1:22-cv-04892 | Williams et al v. Village of Alsip et al |
| 1:22-cv-05242 | Lynch v. Atlas Toyota Material Handling, LLC |
| 1:22-cv-06629 | Pugh v. Commissioner of Social Security |
| 1:22-cv-07321 | Arch Insurance Company v. Biometric Impressions Corp., et al |

## Civil Cases Reassigned from Judge Aspen

| | |
|---|---|
| 1:18-cv-06313 | Mendez v. City of Chicago et al |
| 1:20-cv-04858 | Hunter Technology Corporation v. Omega Global Technologies, Inc. |
| 1:20-cv-04247 | Sosa v. Onfido, Inc. |
| 1:21-cv-03032 | Simmons v. Gomez et al |
| 1:21-cv-06301 | Carr v. Mendrick et al |
| 1:22-cv-04202 | OEC Group (NY) Inc. v. China Cargo Airlines LTD |
| 1:22-cv-05436 | Davis v. City Of Chicago et al |

## Civil Cases Reassigned from Judge Blakey

| | |
|---|---|
| 1:18-cv-07790 | Holmes v. The three officer |
| 1:20-cv-04301 | Ortho-Tain, Inc. v. Colorado Vivos Therapeutics, Inc. et al |
| 1:21-cv-03495 | Roberts et al v. Kohl's, Inc. |
| 1:21-cv-06228 | Tower Crossing Condominium Association Inc. v. Affiliated FM Insurance Company |
| 1:22-cv-01852 | Sanchez v. El-Milagro, Inc. |
| 1:22-cv-03495 | Culvey et al v. Auto-Owners Insurance Company |
| 1:22-cv-04801 | Midwest Operating Engineers Welfare Fund et al v. Pyramid Prime, LLC |
| 1:22-cv-05859 | Anderson v. Gomez et al |
| 1:22-cv-06746 | Central States, Southeast and Southwest Areas Pension Fund et al v. Otis Minnesota Services, LLC |
| 1:23-cv-00344 | Jeremy J. Wilson v. Southern Illinois University Carbondale |
| 1:23-cv-00904 | Cohan v. F and F Realty Partners, LLC |
| 1:23-cv-01512 | Wiese v. Ethiopian Airline Enterprise |

## Civil Cases Reassigned from Judge Bucklo

| | |
|---|---|
| 1:17-cv-05589 | Stapleton v. Nestle |
| 1:19-cv-06322 | American Council of The Blind of Metropolitan Chicago et al v. City of Chicago et al |
| 1:21-cv-01379 | KTM AG v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto |

| 1:21-cv-02422 | Amarillo et al v. Artis Senior Living, LLC et al |
| 1:22-cv-01146 | Powell v. Board of Education of the City of Chicago |
| 1:22-cv-02099 | Shears v. American Public Defense, Inc. et al |
| 1:22-cv-03779 | Flores Juarez v. The Kenneth Company, et al. |
| 1:22-cv-04413 | Wilson v. Smith |
| 1:22-cv-07034 | HXI Logistics, Inc. v. Travelers Property Casualty Company of America |
| 1:23-cv-01003 | Cruz v. ClimateGuard Windows & Doors |
| 1:23-cv-01796 | Trustees of the Chicago Painters and Decorators Pension Fund et al v. Vertison Velocity Inc. |
| 1:23-cv-02402 | Lake County, Illinois v. Eli Lilly and Company et al |

## Civil Cases Reassigned from Judge Chang

| 1:19-cv-01084 | Glover v. City Of Chicago et al |
| 1:20-cv-03176 | Cincinnati Specialty Underwriter Insurance Company v. Ajax Construction Inc et al |
| 1:21-cv-02509 | Anthony v. The Federal Savings Bank et al |
| 1:21-cv-05040 | United States Securities and Exchange Commission v. Collins et al |
| 1:22-cv-00827 | Mendoza v Smith |
| 1:22-cv-02661 | Greco et al v. FMR LLC et al |
| 1:22-cv-04510 | Brown v. Future Motion, Inc. |
| 1:22-cv-05846 | Lyons v. Doe 1-18 et al |
| 1:22-cv-07288 | Brown v. AS Beauty Group LLC |
| 1:23-cv-00419 | Jaworski v. Zastava Arms USA |
| 1:23-cv-01136 | Bigfoot 4x4, Inc. v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto |
| 1:23-cv-01733 | Grocery Delivery E-Services USA, Inc. v. Transport Alliance, LLC et al |

## Civil Cases Reassigned from Judge Coleman

| 1:19-cv-03325 | Payne v. City of Chicago et al |
| 1:20-cv-04947 | Kessev Tov, LLC v. Doe |
| 1:20-cv-04948 | Pajoje Development, LLC v. Doe(s) |
| 1:21-cv-03079 | Swintek v. Dart et al |
| 1:22-cv-00168 | United States Securities and Exchange Commission v. Sargent et al |
| 1:22-cv-02958 | Allen v. DaVita, Inc. |
| 1:22-cv-05126 | Beko US, Inc. v. Haro |
| 1:22-cv-05970 | GS Holistic, LLC v. WR Investments Corp et al |
| 1:22-cv-07241 | Abu Sialeh v. Mayorkas et al |
| 1:23-cv-01066 | Clements v. Zip-Pak |
| 1:23-cv-01687 | Chicago & Vicinity Laborers' District Council Pension Fund et al v. Century Asphalt and Construction, Inc. et al |
| 1:23-cv-02059 | Powell v. PNC Bank et al |
| 1:23-cv-02603 | Shahwan v. MENARD, INC., |

**Civil Cases Reassigned from Judge Durkin**

| | |
|---|---|
| 1:18-cv-01880 | Schloss v. City of Chicago |
| 1:18-cv-01974 | Bresnahan v. City of Chicago |
| 1:19-cv-01257 | Tapia v. City of Chicago et al |
| 1:18-cv-07890 | Randle v. Nicholson et al |
| 1:19-cv-05921 | Chew v. Boler et al |
| 1:23-cv-02066 | Chew v. Illinois Department of Corrections et al |
| 1:20-cv-02829 | Knight v. Okieze, et al |
| 1:20-cv-06822 | Bharel v. Louis DeJoy, Postmaster General of the United States Postal Service |
| 1:21-cv-01409 | Hartman et al v. Thompson et al |
| 1:21-cv-03384 | Hjelmberg v. Comcast Cable Communications Management LLC |
| 1:21-cv-05651 | CNC Solutions & Engineering, Inc. v. Korloy America, Inc. |
| 1:22-cv-02800 | Curry v. The Dufresne Spencer Group LLC |
| 1:22-cv-04502 | Aharon v. Babu et al |
| 1:22-cv-05835 | Danxiao Information Technology Ltd., et al v. Shenzhen Aigan Technology Co. Ltd., et al |
| 1:22-cv-06932 | Pittsburgh Logistics Systems, Inc. v. The Certus Group |

**Civil Cases Reassigned from Judge Ellis**

| | |
|---|---|
| 1:19-cv-03279 | Peck v. Elgin Police Department et al |
| 1:20-cv-04079 | Brewer v. Officer White, et al. |
| 1:21-cv-01962 | Sharun v. CF Industries Employee Services, LLC |
| 1:21-cv-05938 | Span v. U.S. Bank , NA |
| 1:22-cv-01679 | Pierce v. Advocate Illinois Masonic Hospital |
| 1:22-cv-03378 | Holmes v. Diza Tacos Streeterville, LLC |
| 1:22-cv-04764 | Jeziorski v. Sam's West, Inc. |
| 1:23-cv-00224 | Lee v. Dart et al |
| 1:23-cv-00923 | Huang v. United States Citizenship and Immigration Services et al |
| 1:23-cv-01631 | Kakhiani v. Mayorkas et al |
| 1:23-cv-02076 | Cecilia Granata v. The Partnerships and Unincorporated Associations Identified on Schedule A |
| 1:23-cv-02718 | Merch Traffic, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule A |

**Civil Cases Reassigned from Judge Gettleman**

| | |
|---|---|
| 1:18-cv-07246 | CCC Intelligent Solutions Inc v. Tractable Inc. |
| 1:19-cv-03407 | Kia & Kat, LLC et al v. Barnhardt et al |
| 1:20-cv-07412 | Love v. A/O Huberts #9883 |
| 1:22-cv-02157 | Ledonne v. Schuster |
| 1:22-cv-04745 | A.S. v. Board of Education for DesPlaines School District # 62 et al |
| 1:22-cv-07242 | Jones v. Shapiro Developmental Center |
| 1:23-cv-01043 | Keeper Security, Inc. v. Keeper Tax Inc. |
| 1:23-cv-02695 | Consumers Concrete Corp. v. Central States, Southeast and Southwest Areas Pension Fund |
| 1:21-cv-03437 | Dietrich v. Gottlieb Memorial Hospital et al |
| 1:22-cv-02685 | Sterling v. Liberty Mutual Personal Insurance Company |
| 1:22-cv-05841 | Walker v. City Of Chicago et al |

1:23-cv-00110          Williams v. Baudino et al

## Civil Cases Reassigned from Judge Gottschall

1:20-cv-05002          Rust v. United States Of America(FTCA)
1:21-cv-01939          Johnson v. Ridge Tool Manufacturing Company, Inc.
1:22-cv-03220          Ramson v. Scotts Miracle Gro
1:22-cv-06478          Tran et al v. Doe
1:23-cv-01133          DeMonte et al v. Apple Inc. et al
1:23-cv-02793          MaiBo (shenzhen) ke ji you xian gong si v. WhaleCo, Inc et al

## Civil Cases Reassigned from Judge Jenkins

1:23-cv-01269          Bradley v. Meijer & Bill Brannon
1:23-cv-01291          Fox Valley & Vicinity Construction Workers Welfare Fund et al v. Ruane
                       Construction, Inc. et al
1:23-cv-01474          Nash v. Advocate Aurora Health, Inc.
1:23-cv-01496          Toyota Motor Sales, U.S.A., Inc. v. The Partnerships and Unincorporated
                       Associations Identified on Schedule A
1:23-cv-01349          Wells Fargo Bank, N.A. v. J P Management Corp. et al
1:23-cv-01962          United States Securities and Exchange Commission v. Beaxy Digital, Ltd.
                       et al
1:23-cv-01777          Chammo v. Kijakazi
1:23-cv-02348          Bank of America, N.A., as Trustee of the Residuary Trust created under
                       the Declaration of Trust of Walter F. Hurless dated as of February 1, 1985
                       v. Lancaster et al
1:23-cv-02374          Growmark Inc. v. CIL North America LLC
1:23-cv-02383          Meder v. Mayorkas et al
1:23-cv-02524          Cervantes Lugo v. TruVision, Inc. et al
1:23-cv-02615          CEG Group, Inc. v. Landrum

## Civil Cases Reassigned from Judge Kendall

1:20-cv-00420          Williams et al v. City of Chicago et al
1:20-cv-02928          Robinson v. City Of Chicago et al
1:21-cv-00917          Norwood v. Shippers Warehouse of Illinois, Inc.
1:21-cv-03676          OpenCommerce Group, Inc. v. JOHN DOES (1-10)
     1:21-cv-04887          OpenCommerce Group, Inc. et al v. DeYoung et al
1:22-cv-00570          Goodlet v. City of Chicago
1:22-cv-01004          Chunwood, Inc. v. Midvale Indemnity Company
1:22-cv-03743          Sims v. Midway Broadcasting Corporation
1:22-cv-05666          Steelcast Limited v. Official Committee of Unsecured Creditors of LB
                       Steel, LLC
1:22-cv-06567          G FALLON v. J. BEAN TECHNOLOGIES
1:23-cv-00241          Manuel v. Experian Information Solutions, Inc. et al
1:23-cv-01141          Uvaldo v. Great Lakes Coca-Cola Distribution, L.L.C.
1:23-cv-01721          Dyson Technology Limited v. The Partnerships and Unincorporated
                       Associations Identified on Schedule A

**Civil Cases Reassigned from Judge Kennelly**

| | |
|---|---|
| 1:19-cv-02426 | Polk v. Williams |
| 1:20-cv-06321 | Schroeder v. Board of Education for Community Consolidated School District #21 et al |
| 1:21-cv-05249 | Harleysville Preferred Insurance Company et al v. Dude Products, Inc. et al |
| 1:22-cv-01018 | Hirmer v. ESO Solutions, Inc. |
| 1:22-cv-03316 | Richardella et al v. Foremost Insurance Company Grand Rapids Michigan |
| 1:22-cv-04421 | Ornelas et al v. Abbott Laboratories, Inc. |
| 1:22-cv-05360 | Brust Funeral Home, Ltd. v. Federated Mutual Insurance Company |
| 1:22-cv-06189 | Salgado v. A-Alert Security Services, Inc., an Illinois corporation et al |
| 1:22-cv-06906 | Bowen v. Alpha Bedding LLC |
| 1:23-cv-00339 | Shannon v. Cadence Education, LLC |
| 1:23-cv-00796 | Overton Chicago Gear Corporation v. Golden Aluminum, Inc. |
| 1:23-cv-01343 | Moore, Jr. v. The Prudential Insurance Company of America |

**Civil Cases Reassigned from Judge Kness**

| | |
|---|---|
| 1:17-cv-06060 | Hatchett v. Wexford Health Services, Inc. et al |
| 1:19-cv-05240 | Huntington National Bank, The v. Stella's Real Estate, LLC et al |
| 1:20-cv-02207 | Sears Authorized Hometown Stores, LLC v. MG Management CO., LLC et al |
| 1:21-cv-00746 | MG Management CO., LLC et al v. Sears Authorized Hometown Stores, LLC |
| 1:21-cv-01503 | Davis v. Unitel Voice, LLC et al |
| 1:21-cv-04229 | Jordan v. KForce, Inc. et al |
| 1:22-cv-00061 | Isaca, Inc. v. DQS Certification India Pvt Ltd. et al |
| 1:21-cv-06939 | Morris v. White #2922 et al |
| 1:22-cv-02200 | Muthana et al v. Mayorkas et al |
| 1:22-cv-03400 | Lee v. Young et al |
| 1:22-cv-04842 | Fleming v. Dr. Squatch, LLC |
| 1:22-cv-06175 | Howard v. Waste Management of Illinois, Inc., et al |
| 1:22-cv-06960 | The Regents of the University of California v. Health Care Service Corporation |

**Civil Cases Reassigned from Judge Kocoras**

| | |
|---|---|
| 1:18-cv-07695 | TWD, LLC v. Grunt Style LLC |
| 1:18-cv-07865 | Yao v. Carillon Tower/Chicago LP et al |
| 1:20-cv-02074 | Putnam v. Caramelcrisp, LLC |
| 1:20-cv-02657 | Johnson v. Symon et al |
| 1:21-cv-01661 | Williford v. Brannon-Dortch |
| 1:21-cv-04544 | Diggs v. Lowe's Home Centers, LLC |
| 1:22-cv-05452 | Saucedo v. Carpenter et al |
| 1:22-cv-06604 | Central States, Southeast and Southwest Areas Health and Welfare Fund et al v. Town of Manitowish Waters |
| 1:23-cv-00578 | Saldana et al v. York Spring, Co. et al |
| 1:23-cv-01613 | Rovner v. Angels Grace Hospice, LLC |
| 1:23-cv-02361 | Guaranteed Rate, Inc. v. React LLC |

| 1:23-cv-02536 | Tobias Teixeira Da Fonseca v. The Partnerships and Unincorporated Associations Identified on Schedule A |

**Civil Cases Reassigned from Judge Lefkow**

| 1:20-cv-04513 | Waveum, Inc. v. K&D |
| 1:20-cv-05271 | Echevarria v. Jackson et al |
| 1:21-cv-05796 | Van Bergen v. Fastmore Logistics LLC et al |
| 1:21-cv-06667 | Kehoe v. Board of Trustees of the University of Illinois |
| 1:22-cv-04254 | Gosse v. Dover Corporation et al |
| 1:23-cv-02130 | 2 LeMoyne Parkway Condominium Association v. Travelers Casualty Insurance Company of America |

**Civil Cases Reassigned from Judge Leinenweber**

| 1:18-cv-01142 | Smith et al v. Sears Holdings Corp. |
| 1:19-cv-00156 | Chavez Moreno v. Aerovias de Mexico, S.A. de C.V., et al |
| 1:20-cv-06107 | Totten v. Benedictine University |
| 1:21-cv-06231 | Ailion v. Healthcare Solutions Team, LLC et al |
| 1:22-cv-04518 | Weibel v. Horizon Therapeutics USA, Inc. |
| 1:22-cv-06064 | Alba et al v. El Pollo Real, Inc. et al |

**Civil Cases Reassigned from Judge Maldonado**

| 1:22-cv-05549 | DeVry University, Inc. v. United States Department Of Education et al |
| 1:22-cv-06060 | Rojas v. Voters First Victory Fund |
| 1:22-cv-06486 | Cullen v. Spiriplex, Inc. |
| 1:22-cv-07036 | Haywood v City of Chicago et al |
| 1:23-cv-00213 | Line Construction Benefit Fund v. Rancho Tree Service |
| 1:23-cv-00801 | Earley v. City of Chicago et al |
| 1:23-cv-01009 | Wright v. Dearborn Wholesale Grocers, Inc. |
| 1:23-cv-01404 | Holman v. United Airlines, Inc., et al |
| 1:23-cv-01699 | Watson v. Dart et al |
|     1:23-cv-01702 | Watson v. Dart et al |
|     1:23-cv-01718 | Watson v. Sisk et al |
| 1:23-cv-01815 | Trustees of the Chicago Painters and Decorators Pension Fund et al v. Legend Construction Services, Inc. |
| 1:23-cv-02127 | Passamentt v. Ferrara Candy Company |
| 1:23-cv-02318 | Lee et al v. Dart Motors LLC et al |

**Civil Cases Reassigned from Judge Pacold**

| 1:17-cv-01099 | Brent-Bell v. City of Chicago et al |
| 1:19-cv-00649 | Ewing v. Wilkie |
| 1:19-cv-08316 | Burton v. Saul |
| 1:20-cv-05496 | Parker v. United States of America et al |
| 1:21-cv-02948 | Wesley v. McDonough et al |
| 1:21-cv-06575 | Hernandez v. C-Thru Window Film, Inc. |
| 1:22-cv-02037 | Reimer v. Endurance Warranty Services, LLC |
| 1:22-cv-03875 | Chicago Title Land Trust Company et al v. Possibility Place Nursery, Inc. et al |

| 1:22-cv-05069 | Davis et al v. e.l.f. Cosmetics, Inc. |
| 1:22-cv-06102 | Gerber v. Institutional Pharmacy Solutions, LLC et al |
| 1:22-cv-06966 | Moore v. Cajun Style Fast Food, Inc. |
| 1:23-cv-00593 | Walker v. Medline |

## Civil Cases Reassigned from Chief Judge Pallmeyer

| 1:19-cv-00131 | Ollie v. Watts et al |
| 1:21-cv-05072 | Small v. Dothan Security, Inc. |
| 1:22-cv-04207 | Taylor v. Skytech Enterprises Ltd. |
| 1:23-cv-00836 | Cordes v. United Specialty Insurance Company |
| 1:23-cv-01682 | Gonzalez Martinez v. Lakhani Hospitality, Inc. et al |
| 1:23-cv-01890 | Gresham v. Cook-Dupage Transportation Company, Inc. |

## Civil Cases Reassigned from Judge Rowland

| 1:18-cv-08182 | Jefferson v. Chicago et al |
| 1:20-cv-04919 | 360 Painting, LLC v. R Sterling Enterprises, Inc. et al |
| 1:21-cv-02624 | Anaya v. Birck et al |
| 1:21-cv-06248 | Abubakar v. Walmart Inc. |
| 1:22-cv-01296 | Laidig et al v. GreatBanc Trust Company et al |
| 1:22-cv-02886 | Franklin et al v. Godinez et al |
| 1:22-cv-03276 | Sambolin v. Ethos Veterinary Health LLC |
| 1:22-cv-05384 | Ramirez et al v. LexisNexis Risk Solutions |
| 1:22-cv-05477 | Patel v. United States Citizenship and Immigration Services et al |
| 1:22-cv-06184 | Hartford Underwriters Insurance Company v. EasyWorkforce Software, LLC f/k/a EasyWorkforce Software, Inc. et al |
| 1:22-cv-06737 | Hobbs v. Menard, Inc. |
| 1:23-cv-01075 | Avila v. Taste of Lebanon, Inc. et al |

## Civil Cases Reassigned from Judge Seeger

| 1:19-cv-03402 | Aylin & Ramtin, LLC et al v. Barnhardt et al |
| 1:21-cv-00998 | Cozzi et al v. Village of Melrose Park et al |
| 1:21-cv-01182 | Azuz v. Accucom Corporation |
| 1:22-cv-02161 | Giovannelli v. Amazon.Com, Inc. et al |
| 1:22-cv-02163 | Giovannelli v. Posterazzi Corp. |
| 1:22-cv-02656 | Murphy v. Health Care Service Corporation |
| 1:22-cv-04763 | Bell v. City of Chicago et al |
| 1:22-cv-05895 | Wright v. City Of Chicago et al |
| 1:22-cv-06378 | Ornelas v. Bank of America, N.A. |
| 1:22-cv-07237 | VS America, Inc. v. AmTab Manufacturing Corporation |
| 1:23-cv-00528 | Niemi v. AbbVie Inc, |
| 1:23-cv-01000 | Teleios Holdings V DE, LLC v. PHL Variable Insurance Company |
| 1:23-cv-01692 | Barton v. Village of Midlothian et al |

## Civil Cases Reassigned from Judge Shah

| 1:19-cv-08364 | Rodriguez v. Best Buy Stores, L.P. et al |
| 1:21-cv-01024 | Albarran v. Dart et al |
| 1:21-cv-05527 | Carnalla-Ruiz v. Brookhart |

| | |
|---|---|
| 1:22-cv-01988 | Kukovec v. The Estee Lauder Companies, Inc. |
| 1:22-cv-03736 | Gordon-Hay v. Barrios et al |
| 1:22-cv-04937 | Brown v. City of Evanston, Illinois |
| 1:22-cv-06025 | Fit Body Boot Camp, Inc. v. Clark et al |
| 1:22-cv-06908 | Chicago & Vicinity Laborers' District Council Pension Fund et al v. Robinette Demolition, Inc. |
| 1:23-cv-00512 | Art Ask Agency v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto |
| 1:23-cv-01140 | Allison v. Early Warning Services, LLC |
| 1:23-cv-01635 | Lewerentz v. The 1411 State Parkway Condominium Association |
| 1:23-cv-02547 | Abrams v. Kelly et al |

**Civil Cases Reassigned from Judge Tharp**

| | |
|---|---|
| 1:18-cv-02358 | Long v. Wexford Health Sources Inc et al |
| 1:19-cv-05291 | Kline v. United Airlines, Inc |
| 1:20-cv-05824 | Finlayson v. Armor Medical et al |
| 1:21-cv-02232 | Stevens v. US Department of Justice et al |
| 1:22-cv-01200 | Smith v. Kijakazi |
| 1:22-cv-02930 | Beausoleil et al v. Three Paws, Inc. et al |
| 1:22-cv-04675 | Burns v. Kevin Szabo Jr Plumbing Inc. et al |
| 1:22-cv-05797 | Fenton v. City of Chicago et al |
| 1:22-cv-06769 | Tokarz v. Kijakazi |
| 1:23-cv-00076 | Jackson v. Greene |
| 1:23-cv-00831 | Eicher Motors Limited v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto |
| 1:23-cv-01525 | Roblox Corporation v. The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto |

**Civil Cases Reassigned from Judge Valderrama**

| | |
|---|---|
| 1:18-cv-08281 | Sanchez et al v. City of Chicago, a municipal corporation et al |
| 1:20-cv-00073 | Williams v. Board of Education, City of Chicago |
| 1:20-cv-05940 | Holbrook MFg LLC et al v. Rhyno Manufacturing Inc. et al |
| 1:21-cv-01353 | Indeck Power Equipment Company v. Ashley Energy LLC |
| 1:21-cv-04075 | Robertson v. IBT Local 705 |
| 1:21-cv-06561 | Williams v. Dart |
| 1:22-cv-02160 | Giovannelli v. Pixels.com, LLC |
| 1:22-cv-03747 | Eagle Express Lines, Inc. v. United States of America et al |
| 1:22-cv-04656 | Badger Mutual Insurance Company v. Choi et al |
| 1:22-cv-05392 | Mckissick v. City Of Chicago et al |
| 1:22-cv-06322 | Mangum v. EYM Pizza of Illinois, LLC et al |
| 1:22-cv-07189 | Pech v. Sun Badger Solar, LLC et al |

## Civil Cases Reassigned from Judge Wood

| | |
|---|---|
| 1:17-cv-05405 | Walsh v. Santerelli et al |
| 1:19-cv-01490 | Krentkowski v. Lombardi et al |
| 1:23-cv-00379 | Krentkowski v. Dart et al |
| 1:20-cv-01717 | Roman v. Bogard et al |
| 1:21-cv-00430 | Leeder v. The National Association of Realtors et al |
| 1:21-cv-04148 | Costello v. ALPI USA (ORD) |
| 1:22-cv-00439 | Shaw v. Dart et al |
| 1:22-cv-02937 | Bruno v. American Textile Company, Incorporated |
| 1:22-cv-04393 | U.S. Bank National Association v. BG Voice, Inc et al |
| 1:22-cv-05760 | Hinton et al v. City Of Chicago et al |
| 1:22-cv-06666 | Oliver v. Kijakazi |
| 1:22-cv-07285 | Foster v. Planet Group, Inc. et al |
| 1:23-cv-02443 | Strike 3 Holdings, LLC v. Doe, subscriber assigned IP address 208.59.42.212, |

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1
### Eastern Division

Fred L Nance Jr

                      Plaintiff,

v.                                   Case No.: 1:22−cv−03861

                                    Honorable LaShonda A. Hunt

United States, et al.

                      Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, January 9, 2024:

      MINUTE entry before the Honorable LaShonda A. Hunt: Motion hearing held telephonically. Pro Se Plaintiff and counsel for the United States appeared. For the reasons stated on the record and in the accompanying order, the Government Defendants' second motion to dismiss or alternatively for summary judgment [27] is granted. The amended complaint is dismissed with prejudice. All pending motions are terminated as moot. Civil case terminated. Emailed notice. (cdh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Fred L. Nance, Jr.,

               Plaintiff,

United States, *et al.*,

               Defendants.

Case No. 22 C 3861

Hon. LaShonda A. Hunt

## ORDER

Self-represented Plaintiff Fred L. Nance, Jr. sued the federal government and several agencies, officials, and employees (the "Government Defendants") for various claims arising from the termination of a grant. After the Court dismissed his first complaint for failure to state a claim, Nance filed an amended complaint [20]. Before the Court is the Government Defendants' second motion to dismiss or alternatively for summary judgment [27]. For the reasons stated below, the motion [27] is granted.

## STATEMENT

The Court presumes familiarity with its August 14, 2023 memorandum opinion and order [19] dismissing the claims in Nance's original complaint arising under the Federal Tort Claims Act without prejudice and all other claims with prejudice. That factual background and analysis is incorporated in this ruling.

Briefly, Nance essentially alleges that he worked for EMAGES, an organization that received a federal grant under the Second Chance Program, and in 2020, he reported perceived fraud and misappropriation of $880 paid to an employee not on the grant. According to Nance, EMAGES requested that the grant be terminated under the pretext of financial difficulties caused by, among other things, the pandemic, but the real reason for requesting grant termination was his "whistleblowing" activity. The grant was terminated, and thus Nance lost his job. Subsequently, Nance's application to serve as a peer reviewer of grant applications under the same program was denied. Nance filed an administrative claim with the Department of Justice in connection with these events, which was denied as not compensable. Nance believes that both the termination of the grant and the denial of his peer review application were actions taken in retaliation for his reporting of the perceived fraud and misappropriation.

In its prior order, the Court explained that Nance had not sufficiently alleged negligence to support an FTCA claim and also raised certain intentional torts that are barred by statute. The Court explained this in detail and gave Nance a final opportunity to try to amend his complaint, which he has done. Reading the amended complaint liberally, as the Court must for *pro se* litigants, Nance appears to be raising five "claims" under the FTCA: (1) intentional infliction of emotional distress (IIED); (2) conspiracy; (3) abuse of process; (4) defamation; (5) misrepresentation and deceit. In addition, the complaint lists claims for: (6) violation of the Whistleblower Protection

Act (WPA); and (7) retaliation. Finally, the complaint briefly refers to maintaining a First Amendment *Bivens* claim against federal employees involved with grant administration. FAC at 21. Nance seeks $500,000 in monetary damages; approval of a $750,000 grant for his organization; reprimand of employees involved; and letters of support and apology.

The Government Defendants filed a second Motion to Dismiss or Alternatively for Summary Judgment [27], along with a memorandum in support thereof [28] and statement of facts (SOF) [29]. Nance filed a response to the motion [35], which contains a response to the Government Defendants' SOF [35-1], a statement of additional material facts (SOAF) [35-2], a memorandum in opposition to the motion [35-3], an affidavit supporting the need for discovery [35-4], a motion for early discovery [35-5], and voluminous exhibits [35-6 to 35-8]. The Government Defendants filed a response to Nance's SOAF [36] and a reply in support of the motion [37]. After reviewing these materials and considering any arguments raised at the hearing, the Court concludes that the amended complaint fails to state an FTCA claim.

The FTCA operates as a waiver the government's sovereign immunity as to recognized tort causes of action. *Feres v. United States,* 340 U.S. 135 (1950). District courts have exclusive jurisdiction of civil actions on claims against the United States, for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1);*see also* 28 U.S.C. § 2674. However, there are express exceptions to the FTCA for:

> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

> \*\*\*

> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights[.]

28 U.S.C. § 2680(a) (discretionary functions) & (h) (intentional torts).

First, Nance has not stated a negligence claim in the amended complaint. In Illinois, "[t]o recover damages based upon negligence, a plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injury." *Krywin v. Chicago Transit Auth*., 238 Ill.2d 215, 225 (2010). The amended complaint appears to abandon any theory of negligence to support the FTCA claim. Neither the complaint nor Nance's brief in opposition to the pending motion articulate a duty owed by the Government Defendants to Nance that is analogous to a duty owed by a private person in a similar

factual situation. In the prior ruling, the Court specifically explained to Nance that identifying a duty along with specific facts to support causation would be required to properly allege an actionable negligence claim. (Mem. Op. & Order, Dkt. No. 19 at 11). Once again, Nance has not satisfied that requirement. Because Nance has failed to articulate (let alone allege facts that give rise to) a duty that would support a negligence claim against a private person under like circumstances, negligence cannot serve as the basis for the FTCA claim.

Second, it is questionable whether IIED is even a tort recognized under the FTCA or excluded as an intentional tort under 28 U.S.C. § 2680(h). *Christopher v. Harbury*, 536 U.S. 403, 420 n.19 (2002) (expressing doubt whether an IIED claim could be maintained under the FTCA) (citing 28 U.S.C. § 2680(h)). If it is, the complaint would need to sufficiently allege a claim for IIED under Illinois law. *See Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010) (listing elements: "(1) the defendants' conduct was extreme and outrageous; (2) the defendants knew that there was a high probability that their conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress."); *McGrath v. Fahey*, 126 Ill. 2d 78, 86 (1988) (IIED "does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" ) (quoting Restatement (Second) of Torts § 46, cmt. d (1965)); *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (conduct must go beyond all bounds of decency and be considered intolerable in a civilized community).

Even if IIED is not excluded under 28 U.S.C. § 2680(h), Nance has not alleged facts to support the claim under Illinois law. There are no allegations of: "extreme and outrageous conduct"—rather, the allegations seem to reflect government bureaucrats doing their jobs as required; Defendant's knowledge of the consequences of their conduct on Nance; or of severe emotional distress—the only allegations remotely close on this point are the allegations concerning Nance's inability to find other work to pay for his house and car due to his age—that's not enough. Because Nance has failed to allege a plausible claim for IIED (and the tort is likely not even actionable under the FTCA), this too cannot serve as a basis for the FTCA claim.

Third, claims for abuse of process, defamation, and misrepresentation and deceit are expressly excluded from the FTCA under 28 U.S.C. § 2680(h). *See also Apampa v. Layng*, 157 F.3d 1103, 1104 (7th Cir. 1998) (FTCA barred suit for defamation); *see also McDonnell v. Cisneros*, 84 F.3d 256, 261 (7th Cir. 1996) ("The United States is not liable under the Tort Claims Act for defamation by its employees.").

Fourth, "[c]onspiracy is not an independent tort" under Illinois law, so where a complaint "fails to state an independent cause of action underlying [the] conspiracy allegations, the claim for conspiracy also fails." *Thomas v. Fuerst*, 345 Ill. App. 3d 929, 936 (1st Dist. 2004). Furthermore, "claims that have deceit or misrepresentation as one of their elements" cannot support an action under the FTCA. *Mendrala v. Crown Mortg. Co.*, No. 88 C 7386, 1990 WL 129602, at *2 (N.D. Ill. Aug. 28, 1990). Because none of the other claims asserted by Nance support an FTCA action, the conspiracy claim cannot stand alone.

Fifth, Nance's other claims under the Whistleblower Protection Act and for retaliation were previously dismissed with prejudice because they can only be asserted against an employer, which Nance has admitted the United States is not.

Finally, to the extent the amended complaint seeks to assert a First Amendment *Bivens* claim to support the FTCA cause of action, any such claim also must be dismissed with prejudice because constitutional tort claims are not cognizable under the FTCA. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994) (explaining state substantive law is the source of liability under the FTCA, so a federal constitutional claim cannot support it). In addition, because Nance claims that his constitutional rights have been violated through alleged retaliatory actions, the claim also fails on its own. *See Egbert v. Boule*, 596 U.S. 482, 499 (2022) (holding that there is no *Bivens* action for First Amendment retaliation).

Last, because the amended complaint fails to state a claim under the FTCA, the Court need not address whether the various categories of relief sought (e.g., increased monetary damages from the initial administrative claim; injunctive relief, etc.) would be permissible. Furthermore, Nance's request for discovery is moot.

Nance previously attempted, and failed, to state a proper claim under the FTCA. He was afforded a final opportunity to amend the complaint to include the necessary facts and failed to do so. Moreover, it appears that further attempts would be futile. Therefore, the dismissal is with prejudice. *See Jain v. Butler Sch. Dist. 53*, 303 F. Supp. 3d 672, 683 (N.D. Ill. 2018) (citing *Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012) (leave to amend need not be granted when a party has had multiple opportunities to state a claim); *Bogie v. Rosenberg*, 705 F.3d 603, 608, 616 (7th Cir. 2013) (dismissal with prejudice is appropriate when amendment would be futile)).

**DATED**: January 9, 2024            **ENTERED**:

LaShonda A. Hunt
United States District Judge

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Fred L. Nance, Jr.,

Plaintiff(s),

v.

United States, *et al.,*

Defendant(s).

Case No.  22 C 3861
Hon. LaShonda A. Hunt

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐      in favor of plaintiff(s)
and against defendant(s)
in the amount of $      ,

         which ☐ includes      pre–judgment interest.
                 ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐      in favor of defendant(s)
and against plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

---

☒      other:   Judgment is entered in favor of defendants United States, *et al.,* and against plaintiff Fred L. Nance, Jr. Plaintiff's amended complaint was dismissed with prejudice.

---

This action was *(check one)*:

☐ tried by a jury with Judge      presiding, and the jury has rendered a verdict.
☐ tried by Judge      without a jury and the above decision was reached.
☒ decided by Judge LaShonda A. Hunt on a motion.

Date:  1/9/2024

Thomas G. Bruton, Clerk of Court

Carolyn Hoesly, Deputy Clerk

APPEAL,CUMMINGS,TERMED

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.7.1.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:22-cv-03861
## Internal Use Only

Nance v. United States, et al.                         Date Filed: 07/26/2022
Assigned to: Honorable LaShonda A. Hunt               Date Terminated: 01/09/2024
Cause: 28:1331 Fed. Question: Employment Discrimination   Jury Demand: Plaintiff
                                                      Nature of Suit: 442 Civil Rights: Jobs
                                                      Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Fred L Nance, Jr**                    represented by   **Fred L Nance, Jr**
                                                        Pro Se
                                                        17239 Evans Avenue
                                                        South Holland, IL 60473
                                                        708-921-1395
                                                        Email: frednance@clickservices.org
                                                        PRO SE

V.

**Defendant**

**United States, et al.**               represented by   **AUSA - Chicago**
                                                        United States Attorney's Office (NDIL -
                                                        Chicago)
                                                        219 South Dearborn Street
                                                        Chicago, IL 60604
                                                        Email: USAILN.ECFAUSA@usdoj.gov
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Kurt N. Lindland**
                                                        United States Attorney's Office (NDIL -
                                                        Chicago)
                                                        219 South Dearborn Street
                                                        Chicago, IL 60604
                                                        (312) 353-5300
                                                        Email: kurt.lindland@usdoj.gov
                                                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/26/2022 | 1 | COMPLAINT filed by Fred L. Nance, Jr. (Exhibit) (daj, ) (Entered: 07/28/2022) |
| 07/26/2022 | 2 | CIVIL Cover Sheet (daj, ) (Entered: 07/28/2022) |
| 07/26/2022 | 3 | PRO SE Appearance by Plaintiff Fred L. Nance, Jr (daj, ) (Entered: 07/28/2022) |
| 07/26/2022 | | SUMMONS Issued as to Defendant USA. (daj, ) (Entered: 07/28/2022) |

| | | |
|---|---|---|
| 07/26/2022 | | CASE ASSIGNED to the Honorable Robert W. Gettleman. Designated as Magistrate Judge the Honorable Jeffrey Cummings. Case assignment: Random assignment. (daj, ) (Entered: 07/28/2022) |
| 07/28/2022 | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (daj, ) (Entered: 07/28/2022) |
| 07/29/2022 | 5 | EXECUTIVE COMMITTEE ORDER: IT APPEARING THAT, case 22cv3861, Nance, Jr. v. United States of America, was assigned to the Honorable Robert W. Gettleman, IT ALSO APPEARS THAT, case 22cv3861, Nance, Jr. v. United States of America, is a refiling of a previously dismissed case, 20cv6316, Nance, Jr. v. Department of Justice, et al., assigned to Honorable Jorge L. Alonso, therefore, IT IS HEREBY ORDERED that the assignment of case 22cv3861, Nance, Jr. v. United States of America, to the Honorable Robert W. Gettleman shall be vacated and the case shall be reassigned to Honorable Jorge L. Alonso. Honorable Robert W. Gettleman no longer assigned to the case. Signed by Executive Committee on 7/29/22.(gcy, ) (Entered: 07/29/2022) |
| 09/21/2022 | 6 | MOTION by Defendant United States, et al. to dismiss *Defendant's Motion to Dismiss or Alternatively for Summary Judgment* (Lindland, Kurt) (Entered: 09/21/2022) |
| 09/21/2022 | 7 | MEMORANDUM by United States, et al. in support of motion to dismiss 6 (Lindland, Kurt) (Entered: 09/21/2022) |
| 09/21/2022 | 8 | RULE 56.1 Statement by United States, et al. regarding motion to dismiss 6 (Attachments: # 1 A, # 2 B, # 3 C, # 4 D, # 5 E, # 6 F, # 7 G, # 8 H, # 9 I, # 10 J) (Lindland, Kurt) (Entered: 09/21/2022) |
| 09/21/2022 | 9 | Notice to Unrepresented Litigants Opposing Summary Judgment by United States, et al. (Lindland, Kurt) (Entered: 09/21/2022) |
| 10/14/2022 | 10 | MINUTE entry before the Honorable Jorge L. Alonso: Plaintiff's response to Defendant's motion to dismiss or alternatively for summary judgment 6 shall be filed by 11/14/22; Defendant's reply shall be filed by 11/28/22. Notice mailed by Judge's staff (lf, ) (Entered: 10/14/2022) |
| 11/14/2022 | 11 | RESPONSE by Fred L Nance, Jrin Opposition to MOTION by Defendant United States, et al. to dismiss *Defendant's Motion to Dismiss or Alternatively for Summary Judgment* 6 *Plaintiff Memorandum of Law Opposing Defendants Motion to Dismiss or in the Alternative Summary Judgment* (Attachments: # 1 Exhibit Plaintiff Response to Defendants Material Facts, # 2 Exhibit Plaintiff Additional Material Facts, # 3 Exhibit Plaintiff Memorandum of Law, # 4 Exhibit Plaintiff Motion for Rule 26 and 56(d), # 5 Affidavit Plaintiff Affidavit for LR 56(d) and Response, # 6 Notice of Filing Plaintiff Memorandum of Law Response to Defendants Motion to Dismiss or in the Alternative Summary Judgment, # 7 Exhibit Plaintiff Table of Exhibits, # 8 Exhibit Bradley Whistleblower Complaint, # 9 Exhibit Dr. Wash Reporting Covid 19 Services Good, # 10 Exhibit USDOJ Certified Letter, # 11 Exhibit JustGrants Glitches, # 12 Exhibit Bethea Appeal Denied, # 13 Exhibit Judge Alonso DOJ Motion to Dismiss Granted, # 14 Exhibit Misappropriation of Funds, # |

| | | |
|---|---|---|
| | | 15 Exhibit Plaintiff Email Correction, # 16 Exhibit January June 2020 PMT, # 17 Exhibit Dr. Witherspoon Email Covid 19 Plan, # 18 Exhibit Cook County Jail Email to Staff, # 19 Exhibit Accountant Email and Contractual Fees, # 20 Exhibit Cook County Jail Reopening, # 21 Exhibit Dr. Wash False Report, # 22 Exhibit EMAGES Program Closing, # 23 Exhibit Email to OCS, # 24 Exhibit Email to Congressman Davis and DOJ employees, # 25 Exhibit DOJ Dever Explains Grant Manager, # 26 Exhibit Whistleblower Emails and Handwritten Notes, # 27 Exhibit Plaintiff Facilitated Letters of Support, # 28 Exhibit EMAGES Emails re False Termination Report, # 29 Exhibit Jan to March Dorothy Collins, # 30 Exhibit July thru Sept DOJ PMT Report, # 31 Exhibit Student Loan Forgiveness Program Application, # 32 Exhibit Public Service Loan Forgiveness, # 33 Exhibit 11.14.22 Peer Review Denial, # 34 Exhibit OSC Letter, # 35 Exhibit OIG Sean O'Neal Letter)(Nance, Fred) (Entered: 11/14/2022) |
| 11/28/2022 | 12 | RESPONSE by Defendant United States, et al. to response in opposition to motion,,,,,,,, 11 (Lindland, Kurt) (Entered: 11/28/2022) |
| 11/28/2022 | 13 | REPLY by Defendant United States, et al. (Lindland, Kurt) (Entered: 11/28/2022) |
| 11/28/2022 | 14 | CERTIFICATE of Service by Kurt N. Lindland on behalf of United States, et al. regarding Response 12 , reply 13 (Lindland, Kurt) (Entered: 11/28/2022) |
| 12/29/2022 | 15 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/29/2022: Mailed notice. (tg, ) (Entered: 12/30/2022) |
| 06/02/2023 | 16 | EXECUTIVE COMMITTEE ORDER: GENERAL ORDER 23-0023: IT APPEARING THAT, the civil cases on the attached list have been selected for reassignment to form the initial calendar of the Honorable LaShonda A Hunt; therefore IT IS HEREBY ORDERED that the attached list of 282 cases be reassigned to the Honorable Lashonda A Hunt; and IT IS FURTHER ORDERED that all parties affected by this Order must review the Honorable LaShonda A Hunt's webpage on the Court's website for the purpose of reviewing instructions regarding scheduling and case management procedures; and IT IS FURTHER ORDERED that any civil case that has been reassigned pursuant to this Order will not be randomly reassigned to create the initial calendar of a new district judge for twelve months from the date of this Order; and IT IS FURTHER ORDERED that the Clerk of Court is directed to add the Honorable LaShonda A Hunt to the Court's civil case assignment system during the next business day, so that she shall receive a full share of such cases; and IT IS FURTHER ORDERED that the Clerk of Court is directed to add the Honorable Lashonda A Hunt to the Court's criminal case assignment system ninety (90) days so that Judge Hunt shall thereafter receive a full share of such cases. Case reassigned to the Honorable LaShonda A. Hunt for all further proceedings. Honorable Jorge L. Alonso no longer assigned to the case. Signed by Honorable Rebecca R. Pallmeyer on 6/02/2023.(tg, ) (Entered: 06/02/2023) |

| 06/30/2023 | 17 | MINUTE entry before the Honorable LaShonda A. Hunt: This case has been reassigned to the calendar of Judge Hunt. Defendant's Motion to Dismiss or Alternatively for Summary Judgment 6 is fully briefed and taken under advisement. The Court will rule by mail. Mailed notice (sxw) (Entered: 06/30/2023) |
|---|---|---|
| 08/14/2023 | 18 | MINUTE entry before the Honorable LaShonda A. Hunt: For the reasons set forth in the Memorandum Opinion and Order, the Government Defendants' motion to dismiss is granted without prejudice as to the FTCA claim and with prejudice as to the remaining claims. If Nance is capable of realleging the FTCA claim consistent with this order and Federal Rule of Civil Procedure 11(b), he may do so by filing an amended complaint by September 11, 2023. If no amended complaint is filed by that date, the case will be terminated without further notice. Emailed and mailed out notice to Plaintiff. (cdh, ) (Entered: 08/14/2023) |
| 08/14/2023 | 19 | MEMORANDUM OPINION AND ORDER Signed by the Honorable LaShonda A. Hunt on August 14, 2023. Emailed notice and mailed out notice to Plaintiff. (cdh, ) (Entered: 08/14/2023) |
| 09/09/2023 | 20 | AMENDED *Plaintiff Amended Complaint* (Attachments: # 1 Notice of Filing Plaintiff Amended Complaint, # 2 Exhibit Amended Complaint Exhibits)(Nance, Fred) (Entered: 09/09/2023) |
| 09/11/2023 | 21 | NOTICE by Fred L Nance, Jr re amended document 20 *Notice of Filing Amended Complaint and Exhibits* (Nance, Fred) (Entered: 09/11/2023) |
| 09/15/2023 | 22 | MOTION by Defendant United States, et al. for extension of time *Motion to Extend Time to Answer or Otherwise Plead*<br><br>(Lindland, Kurt) (Entered: 09/15/2023) |
| 09/19/2023 | 23 | MINUTE entry before the Honorable LaShonda A. Hunt: United States' Motion to Extend Time to Answer of Otherwise Plead 22 is granted. United States must answer or otherwise respond to Plaintiff Fred L. Nance, Jr.'s amended complaint 20 by 10/25/23. Emailed notice. (cdh, ) (Entered: 09/19/2023) |
| 09/26/2023 | 24 | MOTION by Plaintiff Fred L Nance, Jr for extension of time to file response/reply *Plaintiff Motion for Leave to Reply to Defendants Motion to Extend Time to Answer or Otherwise Plead*<br><br>(Attachments: # 1 Notice of Filing Motion for Leave to Reply)(Nance, Fred) (Entered: 09/26/2023) |
| 09/26/2023 | 25 | NOTICE by Fred L Nance, Jr re MOTION by Plaintiff Fred L Nance, Jr for extension of time to file response/reply *Plaintiff Motion for Leave to Reply to Defendants Motion to Extend Time to Answer or Otherwise Plead*<br><br>24 *Notice of Filing Motion for Leave* (Nance, Fred) (Entered: 09/26/2023) |
| 09/27/2023 | 26 | MINUTE entry before the Honorable LaShonda A. Hunt: Plaintiff's Motion for Leave to Reply to Defendant's Motion to Answer or Otherwise Plead 24 is denied. The Court has set a deadline of 10/25/23 for the United States to file a response to Plaintiff's Amended Complaint. If the United States does file a motion to dismiss, Plaintiff will be given ample opportunity to respond to the arguments raised. Emailed notice. (cdh, ) (Entered: 09/27/2023) |
| 10/25/2023 | 27 | MOTION by Defendant United States, et al. to dismiss *or Alternatively for Summary Judgment* |

| | | (Lindland, Kurt) (Entered: 10/25/2023) |
|---|---|---|
| 10/25/2023 | 28 | MEMORANDUM by United States, et al. in support of motion to dismiss 27 (Lindland, Kurt) (Entered: 10/25/2023) |
| 10/25/2023 | 29 | RULE 56.1 Statement by United States, et al. regarding motion to dismiss 27 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M)(Lindland, Kurt) (Entered: 10/25/2023) |
| 10/25/2023 | 30 | Notice to Unrepresented Litigants Opposing Summary Judgment by United States, et al. (Lindland, Kurt) (Entered: 10/25/2023) |
| 10/26/2023 | 31 | MINUTE entry before the Honorable LaShonda A. Hunt: Upon review of Defendants' motion to dismiss or alternatively for summary judgment 27 and accompanying filings 28 29 30 , the Court enters the following schedule: Plaintiff's response is due by 12/1/23; Defendants' reply is due by 12/15/23. This matter is set for hearing on 1/18/24, at 10:30 AM, in Courtroom 1425. Emailed and mailed notice. (cdh, ) (Entered: 10/26/2023) |
| 10/26/2023 | 32 | MOTION by Defendant United States, et al. to reset January 18, 2024 Hearing Date (Lindland, Kurt) (Entered: 10/26/2023) |
| 10/27/2023 | 33 | MINUTE entry before the Honorable LaShonda A. Hunt: Defendants' Motion to Reset Hearing Date 32 is granted. The 1/18/24 hearing on Defendants' motion to dismiss or alternatively for summary judgment 27 is stricken and rescheduled to 1/11/24, at 10:30 AM, in Courtroom 1425. Emailed notice. (cdh, ) (Entered: 10/27/2023) |
| 10/27/2023 | 34 | MINUTE entry before the Honorable LaShonda A. Hunt: The in-person hearing on Defendants' motion to dismiss or alternatively for summary judgment set for 1/11/24 is stricken and rescheduled as a telephonic hearing on 1/9/24, at 10:30 AM. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: 877-336-1828, Access Code: 4082461. Members of the public and media may call in to listen to the hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Emailed notice. (cdh, ) (Entered: 10/27/2023) |
| 11/29/2023 | 35 | RESPONSE by Fred L Nance, Jr to MOTION by Defendant United States, et al. to dismiss *or Alternatively for Summary Judgment* 27 *Plaintiff Response to Defendant's Motion to Dismiss or Alternatively for Summary Judgment* (Attachments: # 1 Exhibit Plaintiff FRCP 56 and LR 56.1(b)(1) (2), # 2 Exhibit Plaintiff Statement of Additional Material Facts, # 3 Exhibit Plaintiff Memorandum of Law, # 4 Exhibit Plaintiff Affidavit 56(d), # 5 Exhibit Plaintiff Motion Pursuant Rule 26 and 56(d), # 6 Exhibit Table of Exhibits, # 7 Exhibit Exhibits, # 8 Notice of Filing Plaintiff Response to Defendant's Motion to Dismiss or Alternatively for Summary Judgment)(Nance, Fred) (Entered: 11/29/2023) |
| 12/14/2023 | 36 | RESPONSE by Defendant United States, et al. *Defendant's Rule 56.1 Response to Plaintiff's Statement of Additional Material Facts* (Lindland, Kurt) (Entered: 12/14/2023) |
| 12/14/2023 | 37 | REPLY by Defendant United States, et al. *Reply in Support of Defendant's Motion to Dismiss or Alternatively for Summary Judgment* (Lindland, Kurt) (Entered: |

| | | | |
|---|---|---|---|
| | | | 12/14/2023) |
| 12/28/2023 | | 38 | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/28/2023) |
| 01/09/2024 | | 39 | MINUTE entry before the Honorable LaShonda A. Hunt: Motion hearing held telephonically. Pro Se Plaintiff and counsel for the United States appeared. For the reasons stated on the record and in the accompanying order, the Government Defendants' second motion to dismiss or alternatively for summary judgment 27 is granted. The amended complaint is dismissed with prejudice. All pending motions are terminated as moot. Civil case terminated. Emailed notice. (cdh, ) (Entered: 01/09/2024) |
| 01/09/2024 | | 40 | ORDER Signed by the Honorable LaShonda A. Hunt on 1/9/2024. Self-represented Plaintiff Fred L. Nance, Jr. sued the federal government and several agencies, officials, and employees (the "Government Defendants") for various claims arising from the termination of a grant. After the Court dismissed his first complaint for failure to state a claim, Nance filed an amended complaint 20 . Before the Court is the Government Defendants' second motion to dismiss or alternatively for summary judgment 27 . For the reasons stated below, the motion 27 is granted. Emailed notice. (cdh, ) (Entered: 01/09/2024) |
| 01/09/2024 | | 41 | JUDGMENT IN A CIVIL CASE. Emailed notice. (cdh, ) (Entered: 01/09/2024) |
| 01/09/2024 | | | Civil Case Terminated on 1/9/24. (cdh, ) (Entered: 01/09/2024) |
| 01/27/2024 | | 42 | NOTICE of appeal by Fred L Nance, Jr regarding orders 41 , 40 , 16 , 39 Filing fee $ 605, receipt number AILNDC-21574368. (Attachments: # 1 Notice of Filing Notice of Appeal and Orders)(Nance, Fred) (Entered: 01/27/2024) |
| 01/31/2024 | 🔒 | 43 | TRANSCRIPT OF PROCEEDINGS held on 1/9/24 before the Honorable LaShonda A. Hunt. Order Number: 47816. Court Reporter Contact Information: Charles R. Zandi, 312/435-5387, charles_zandi@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 2/21/2024. Redacted Transcript Deadline set for 3/4/2024. Release of Transcript Restriction set for 4/30/2024. (Zandi, Charles) (Entered: 01/31/2024) |